UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                                    Plaintiff,<br><br>—*against*—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN";<br><br>THEIA AVIATION, LLC; and<br><br>THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                                    Defendants. | 21 Civ. 6995 |

**[PROPOSED] ORDER TO SHOW CAUSE**

Upon the accompanying memorandum of law and declarations of Manuel Colon and of Charles Michael (in each case with exhibits), it is hereby

**ORDERED** that Defendants show cause before this Court, 500 Pearl Street, New York, New York 10007 on _____ at _____, why an Order should not be issued, under Fed. R. Civ. P. 66, appointing a Temporary Receiver pending the remainder of this litigation, with the authority set forth in Exhibit A to this Order; and it is further

**ORDERED** that opposition papers, if any, shall be filed by _____, and reply papers by _____; and it is further

**ORDERED** that pending the show cause hearing, Defendants are immediately enjoined from transferring any assets; and it is further

**ORDERED** that Defendants are directed to comply within 10 days in full with the discovery requests attached as Exhibit G to the Declaration of Charles Michael; and it is further

**ORDERED** that Plaintiff shall submit to the Court, no later than the date of the show cause hearing, the name and Curriculum Vitae of a proposed Temporary Receiver for Defendants to be appointed by this Court and any affiliates or subsidiaries of Defendants, with the full powers of an equity receiver and as an agent of this Court; and it is further

**ORDERED** that, because there is no reasonable likelihood of monetary harm to Defendants, no security under Rule 65 is necessary; and it is finally

**ORDERED** that service of these papers on the Defendants shall be sufficient if completed by _____ via an email and to their counsel Martin J. Bienenstock, (mbienenstock@proskauer.com), Timothy Q. Karcher (tkarcher@proskauer.com), and Andrew Bettwy (abettwy@proskauer.com).

Dated: New York, New York
        August __, 2021

_____
U.S.D.J.

**EXHIBIT A – POWERS OF TEMPORARY RECEIVER**

Upon appointment, a Temporary Receiver shall have the full powers of an equity receiver and be authorized to undertake the following:

1. Assume full control of Defendants and any affiliates or subsidiaries of Defendants, by removing any officer, independent contractor, employee, or agent of Defendants from control and management of the affairs of the same;

2. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the Defendants, wherever situated. The Temporary Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendants, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody or control of the Defendants. The Temporary Receiver shall have discretion to determine that certain property or other assets of the Defendants shall be under the Temporary Receiver's control, but shall remain in the possession or custody of the Defendants;

3. Seek a bona fide purchaser of Defendants' FCC License Assets, as defined in the parties' Secured Note Purchase and Security Agreement, as well as to seek from the Federal Communications Commission and every other applicable government authority an involuntary transfer of control of such FCC License Assets;

4. Take all steps necessary to secure the business premises of the Defendants and any and all other premises under the control of the Defendants;

-A-2-

5. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

6. Prevent the withdrawal or misapplication of funds entrusted to the Defendants;

7. Manage and administer the Defendants by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

8. Collect all money owed to the Plaintiff;

9. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendants or to carry out his or her duties pursuant to this Order;

10. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

11. Open one or more bank accounts as designated depositories for funds of the Defendants. The Temporary Receiver shall deposit all funds of the Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

12. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants prior to the date of entry of this Order, except for

-A-3-

payments that the Temporary Receiver deems necessary or advisable to secure assets of the Defendants; and

      13.      Such other powers as the Court may grant upon request from the Temporary Receiver.