# EXHIBIT 8

Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

Stephen Buscher
Chief Financial Officer
Theia

April 10, 2021

Dear Mr. Buscher:

      Thank you for your March 19, 2021 and April 9, 2021 letters to Mark Callahan.  In each, you responded to a number of concerns raised in our client's letter of March 15 and in numerous communications with your counsel since then.  In truth, there has been virtually no progress in recent weeks and there remain many unresolved issues.

      The Third Amendment and general practice are both clear on the role of a proper Chief Restructuring Officer ("CRO").  As detailed in our prior letter, consistent with accepted practice, the Third Amendment requires that the CRO exercise "full authority" to "implement the Liquidity Plan, or to otherwise raise capital for the Grantors."  Third Amendment § 3(f).  Theia's attempt to invent, without any foundation, a new meaning for a CRO's responsibilities simply reflects its unwillingness to deal with its current circumstances and is in clear violation of the Third Amendment.

      As for Mr. Reiter, we respectfully do not think his unavailability is of concern.  We reiterate that his selection was misguided, as was the process Theia followed in selecting him.  No matter how qualified a candidate might be, given Theia's re-definition of a CRO's authority, the incumbent would not be the CRO envisioned in the Third Amendment.  And, as we have noted, Mr. Reiter did not have an adequate background.  It is not a prudent use of Theia's resources to hire a mere observer – whether Mr. Reiter or someone else – for Brevet.  We can observe without assistance.

      Theia has not complied with its obligation to develop a liquidity plan for the CRO to implement.  The Third Amendment requires the Liquidity Plan to "outline in detail the Grantors' plan for obtaining increased liquidity to enable repayment of the Notes and the other payment obligations owing by the Issuer under the Transaction Documents at or prior to the Maturity Date."  Third Amendment § 3(c).  Instead of a liquidity plan, however, Theia has pointed to its retention of an investment bank and a list of goals on a slide deck and its hope that a liquidity event will occur before the Third Amendment maturity date.  These dilatory tactics are detrimental to Theia and to Brevet.

Theia has even failed to comply with its basic administrative obligations. The Secured Note Purchase and Security Agreement requires Theia to provide Brevet with quarterly and monthly balance sheets and other financial information. *See* SNPSA § 6(e). Theia is now months behind on this obligation, as Brevet has not received these documents for Quarter 4 of 2020. You have repeatedly assured us these will be provided, but there is no explanation for why there has been repeated delays on what should be a simple matter. Indeed, recently, your counsel do not even respond to our calls and emails seeking explanations for your continued inexplicable failures to provide copies of standard corporate documents.

Finally, Theia has flagrantly violated the anti-lien provision of the Secured Note Purchase and Security Agreement. Theia was not to grant any liens except for those specifically granted in the Transaction Documents, *see* SNPSA § 6(a), which the Bulltick loan breaches. It is not relevant, as you have said, that the Bulltick note holders' interests are secondary to Brevet's. The liens themselves violate the agreement, and Theia has yet to give any adequate justification for this.

I could go on. Through these and other occurrences Theia has unambiguously violated the Third Amendment, doggedly insists on continuing its violations, and Brevet has thus every right to declare multiple Events of Default under the Transaction Documents. And, of course, Brevet completely reserves its rights to so declare them. Brevet has refrained from doing so only because Theia repeatedly assured that it would rectify the matters. Brevet is still prepared to make a last effort to forbear from acting to enforce its rights, and allow Theia to work to a liquidity event in its own way – albeit completely inconsistent with its Third Amendment commitments.

In essence, Brevet is willing to consider forbearance from declaring an Event of Default and pursuing remedies now, allowing Theia the time and flexibility it says will ensure a liquidity event, but only on certain conditions. Brevet will consider including the following terms in a proposed forbearance agreement:

- Brevet will forbear from issuing a Notice of Default on any of Theia's defaults under the Transaction Documents prior to June 29, 2021, the Maturity Date, provided Theia complies with the forbearance agreement (including no further defaults):

- Theia will, on or before April 15, 2021:

    o Engage PWC as a Selected Advisor pursuant to Section 3(c)(ii) of the Third Amendment;

    o Deliver to Brevet copies, certified to be accurate, of all documents setting forth the terms of any loan or other advances of credit to Theia from any other entity. These documents shall include, but not be limited to, loan agreements, amendments, payment schedules, and any evidence of payments on those loans.

    o Deliver to Brevet an unaudited consolidated balance sheet and all other financial statements and information required under Section 6(e) of the SNPSA for all reporting periods up to and including Quarter 4 of 2020.

Steptoe

- o   Theia will instruct Barclays to provide Brevet with weekly updates prepared by Barclays in writing on the status of Theia's takeout financing.

- Theia will, on or before June 29, 2021, complete preparation for an auction of the Secured Spectrum, as defined in the SNPSA, in order to enable potential completion of auction as soon as practicable following June 29, 2021.

- If Theia pays Brevet in full in accordance with the terms of the Transaction Documents on or before the Maturity Date, Brevet will consider Theia's obligations satisfied in full.

- If Theia does not pay Brevet in full on or before the Maturity Date, (a) such nonpayment will constitute an immediate Event of Default under the Transaction Documents and Theia hereby expressly waives any theory, counterclaim, or defense to the effect that such nonpayment is not an Event of Default or that Theia is entitled to compensation or additional time to cure said Event of Default; and (b) Brevet will immediately, without having to await the expiration of any cure or grace period in the Transaction Documents, have the right to avail itself of any remedy in the Transaction Documents for an Event of Default, including, without limitation, the following:

  - o   Theia will, without any additional consideration, cooperate with Brevet's foreclosure on the shares of Theia Holdings A, Inc., including by cooperating with any application of Brevet or a Brevet affiliate to obtain any appropriate Federal Communications Commission (FCC) approval to hold or own the shares of Theia Holdings A, Inc., and executing and delivering any further legal instruments and performing any acts which are or may become reasonably necessary to effectuate the FCC approval and otherwise facilitating the transfer of the shares to Brevet or its designee.

  - o   Theia will, without any additional consideration, cooperate with and transfer to Brevet all Aircraft Collateral, as defined in the Second Amendment to the SNPSA, including executing and delivering any further legal instruments and performing any acts which are or may become reasonably necessary to effectuate any FAA requirements and otherwise facilitating the exercise of Brevet's secured creditor rights with respect to the Aircraft Collateral.

  - o   Theia will, without any additional consideration, cooperate with all steps necessary for Brevet to value, monitor, and realize full possession of all collateral. Such steps shall include but not be limited to granting physical access to all aircraft and equipment comprising all Aircraft Collateral, as defined in the Second Amendment to the SNPSA, facilitating independent valuation of Theia's spectrum license, and providing Brevet with all documents in Theia's possession, custody, or control relevant to such valuation.

  - o   Theia will, before June 29, 2021, appoint a CRO, from three candidates submitted by Brevet, subject to Brevet's approval, that must meet the following requirements:

# Steptoe

- The CRO must be a member of the Turnaround Managers' Association;

- The CRO must have personally run at least 20 company reorganizations as CRO or comparable position; and

- The CRO will have the following authority, not subject to limitation by Theia management:

    - Implement a Liquidity Plan acceptable to Brevet in its sole discretion;

    - Make personnel decisions, including full hiring and termination authority;

    - Overrule incumbent Theia management on any decision; and

    - Manage cash flow and financial reporting and decisions of Theia.

- Theia would waive any and all defenses as a condition of the forbearance agreement. Nothing in the forbearance agreement shall limit in any way Brevet's ability to declare the Maturity Date nonpayment an Event of Default and/or take any steps authorized in the forbearance agreement and/or under the Transaction Documents.

- Brevet's forbearance will cease if Theia commits any further defaults under its loan commitments.

The foregoing terms have no legal substance unless and until Theia and Brevet enter into an acceptable forbearance agreement including them, and such other terms as they deem acceptable.

This Letter is not an offer, and shall not be construed as binding on Brevet in any fashion, nor does it constitute a forbearance agreement. Rather, Brevet proposes the foregoing parameters for a forbearance agreement to assist in amicably resolving the current impasse.

This Letter, as well as our prior communications, are statements made during compromise negotiations to resolve Brevet's claims against Theia, its affiliates, and its principals and are thus inadmissible to the fullest extent at law. Brevet does not waive any rights or remedies by with this Letter, and expressly preserves all such rights and remedies.

You have suggested that Brevet has gotten in the way of Theia's progress toward its goals. Through its response to this proposal, Theia can prove its seriousness in meeting its current challenges without wasteful conflict. Please respond to this Letter by April 15, 2021 your willingness to negotiate such an agreement.

Sincerely yours,

[signature]