Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

August 20, 2021

**By ECF and Fax**

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl St.
New York, New York 10007
Fax: (212) 805-7949

Re:   *FCS Advisors, LLC v. Theia Group, Inc., et al.*, 21 Civ. 6995 (S.D.N.Y.)

Dear Judge Castel:

  We represent the plaintiff FCS Advisors, LLC ("FCS") in the above case. We filed the case yesterday, along with a proposed order to show cause (ECF 12) to appoint temporary receiver over the defendants (collectively, "Theia"). (*See* ECF 15-17 (supporting papers).) We have conferred with Theia's counsel, and write to provide certain updates that arose from those discussions and that the Court may find pertinent to the pending order to show case.

  By way of brief background, FCS is a secured lender to the Theia, which operates a satellite business. Two $100 million face value notes came due in late June, and Theia failed to pay a penny towards either one. With interest and fees, Theia owes over $289 million, and appears to have no prospect of repayment. Theia's primary asset, an FCC license to build a network of satellites, is valuable only if Theia (or a subsequent buyer) moves swiftly to meet the FCC's conditions for maintaining the license. The parties' written agreements explicitly authorize the appointment of a temporary receiver, and we believe it is essential to appoint one swiftly, so that FCS's collateral is protected, and so that the FCC license can be transferred to a new buyer in time for its value to be realized.

  Theia is represented by attorneys at Proskauer Rose firm (who are copied on this letter), and we emailed those attorneys yesterday a full set of the as-filed papers. After conferring by phone this morning, we can report the following.

  First, subject to the Court's approval, the parties have agreed to the following briefing schedule:  September 1, 2021 for Theia's opposition, and September 13, 2021 for FCS's reply.

Hon. P. Kevin Castel
August 20, 2021
Page 2

Steptoe

      Second, the parties are generally available in the two weeks following the briefs for a hearing at the Court's convenience.

      Third, FCS's proposed order includes two items of interim relief: (i) a restraint on transferring assets pending the hearing and (ii) expedited document requests and interrogatories (ECF 15-7.) FCS believes these items of limited interim relief are appropriate for the reasons set forth in the motion papers. Theia has informed us that it will write separately on these subjects, but we summarize the parties' positions below.

      Theia reported to us that it is not opposed to a restraint on transferring assets, because Theia represents that it does not plan to transfer assets. However, Theia prefers to revise the language in manner that would not imply prior wrongdoing, and has stated it can propose language to us along those lines either today or over the weekend. Theia also prefers that any restraint be embodied in a so-ordered stipulation. In our view, the proposed order does not imply anything about past conduct, and there is no material difference between an order and so-ordered stipulation. Our preference would be for the Court to sign the proposed order as drafted.

      Theia also does not oppose the concept or our proposed timing of the expedited discovery, but reports that it may have some scope objections as it examines the requests further, and has expressed concerns about confidentiality. FCS believes the requests (which are few in number) are narrowly tailored, but we can represent to the Court that we will confer in good faith with Theia concerning any objections. We are also willing to agree to a standard protective order to address any confidentiality concerns. Here, too, our preference is that the order be signed as drafted.

      Finally, while FCS respectfully submits that the Court should issue the order to show cause forthwith, if the Court prefers to speak with the parties before making any decisions concerning the proposed order, we are of course happy to do so—in which case all counsel can be available anytime on Monday, at the Court's convenience.

      Respectfully,

      */s/ Charles Michael*

      Charles Michael

cc:    Michael T. Mervis, Counsel to Theia (by email to mmervis@proskauer.com)
       Timothy Q. Karcher, Counsel to Theia (by email to tkarcher@proskauer.com)