Fernando Menendez
(305) 372-8282 ext. 299
Fmenendez@sequorlaw.com



1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
www.sequorlaw.com

September 3, 2021

**Via ECF**

Hon. P. Kevin Castel
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  *FCS Advisors, LLC v. Theia Group, Inc., et al.*, 21 Civ. 6995 (S.D.N.Y.) – Pre-Motion Letter Request to File Motion to Intervene for the Limited Purpose of Addressing the Request for a Temporary Receiver

Dear Judge Castel:

We represent Aithre Capital Partners, LLC ("ACP") and submit this pre-motion letter to respectfully request that this Court allow ACP to file a motion to intervene in the above case for the limited purpose of addressing the request for a temporary receiver—a request that ACP supports and believes is appropriate under the circumstances. There are no conferences currently scheduled before the Court.

### I. FACTUAL BACKGROUND

On January 5, 2021, ACP closed on a secured loan in the principal amount of approximately $25 million issued by and due from Theia Group, Inc. and Theia Holdings A, Inc. (collectively, "Theia")—two defendants in the above case (the "ACP Loan to Theia"). *See* Loan Documents, attached hereto as **Exhibit 1**.

At closing, ACP received representations within the Loan Documents, including written correspondence from Theia's general counsel, James Hickey, representing that the ACP Loan to Theia (1) did not violate any written agreements, contracts, indentures, licenses, or other documents to which Theia was bound, and (2) did not require any approval of a third party. *See* No-Conflict Letter, attached hereto as **Exhibit 2**.

The plaintiff in the above case, FCS Advisors, LLC ("FCS"), is an investment firm that is affiliated with the SEC-registered investment advisory firm Brevet Capital Management, LLC ("Brevet").

On August 2, 2021, ACP received written correspondence from Brevet, informing ACP that the ACP Loan to Theia violated FCS' loan agreement with Theia. *See* Brevet's letter to ACP, attached hereto as **Exhibit 3**.



That same day, Erlend Olson, an executive of Theia Group, Inc., sent an e-mail maintaining that Theia had "permission in writing" for the ACP loan and that there was "no question about it." *See* Olson's e-mail, attached hereto as **Exhibit 4**.

Theia's primary asset is a spectrum license, which supports the ACP Loan to Theia as collateral. The spectrum license, issued by the Federal Communications Commission ("FCC"), grants Theia the right to build a network of 112 satellites that would be used to image the entire surface of the Earth.

On August 19, 2021, FCS filed the above lawsuit against Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc., seeking: (1) recovery of $289 million in debt due by the defendants, and (2) appointment of a temporary receiver to monetize Theia's FCC license in favor of FCS to protect FCS's collateral and ability to be repaid.

ACP seeks permissive intervention solely to be heard on the second issue—the request for a temporary receiver.

## II. LEGAL BASIS FOR ACP'S ANTICIPATED MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(b) provides for permissive intervention upon timely motion when an applicant's claim or defense and the main action have a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). The words "claim or defense" are not to be read technically, but only require "some interest on the part of the applicant." *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011) (quotation mark omitted).

Here, ACP is a secured lender whose interest in the recovery of its loan proceeds is directly affected by the appointment of a temporary receivership. *See Sears Roebuck and Co. v IPofA Salina Cent. Mall, LLC*, 08-4125-SAC, 2008 WL 11383297, at *1-2 (D. Kan Dec. 31, 2008) (granting intervention where existing plaintiff sought appointment of a receiver, which "directly affect[ed] the property that secure[ed] the debt owed to [putative intervenor]" and thus could "impair [putative intervenor's] interest" if intervention was denied).

"A district court's discretion under Rule 24(b) is broad." *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984) (citation omitted). Accordingly, "[c]ourts in this district have consistently held that Rule 24(b) 'is to be liberally construed.'" *Yang v. Kellner*, No. 20 CIV. 3325 (AT), 2020 WL 2115412, at *1, (S.D.N.Y. May 3, 2020) (citation omitted).

"The principal consideration for permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*; *see also* Fed. R. Civ. P. 24(b)(3). However, other considerations include whether the putative intervenor will benefit from the application, whether its interests are represented by the existing parties, and whether the putative intervenor will contribute to the development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978). Permissive intervention "does not require a finding



that party representation be inadequate." *New York v. U.S. Dep't of Health & Human Servs.*, No. 19 CIV. 4676 (PAE), 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019).

Intervention may be limited to certain issues. See, e.g., *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (granting intervention "for the limited purpose" of opposing a proposed consent decree where limited intervention "[struck] an appropriate balance between the [p]roposed [i]ntervenor's interests and the parties' interest in the expeditious determination of whether the . . . [d]ecree should be approved"); *Elisa v. City of New York*, No. 15CV5273-LTS-HBP, 2016 WL 3960558, at *1 (S.D.N.Y. July 12, 2016) (granting intervention "for the limited purpose of objecting to the proposed settlement agreement between the [existing parties]"); *Chance v. Bd. of Examiners*, No. 70 CIV. 4141, 1973 WL 285, at *5 (S.D.N.Y. Dec. 27, 1973) (granting intervention "for the limited purpose of contesting the issue raised by plaintiffs with respect to the transfer provisions of [an] agreement).

Here, ACP seeks to intervene at an early stage of the litigation, for the limited purpose of addressing only one issue—the request for a temporary receivership.[1] Accordingly, intervention will not unduly delay the litigation or prejudice the existing parties. Moreover, intervention will provide the Court with a fuller picture to evaluate the reasonableness of appointing a receiver.

For the foregoing reasons, we respectfully request that this Court allow ACP to file a motion to intervene in the above case for the limited purpose of addressing the request for a temporary receiver—a request that ACP supports and believes is appropriate under the circumstances. We thank the Court for its consideration of this request.

Respectfully,

/s/ *Fernando Menendez*

Fernando Menendez

Cc:            Charles Anthony Michael (cmichael@steptoe.com)
(via ECF)      *Counsel for Plaintiff FCS Advisors, LLC*

               Motty Shulman (motty.shulman@friedfrank.com)
               Robin Henry (robin.henry@friedfrank.com)
               *Counsel for Defendants Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.*

---

[1] To the extent the Court seeks alignment, ACP aligns itself with the plaintiff, FCS, in this proceeding.