*EXHIBIT 3*

Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

August 2, 2021

**By FEDEX Overnight Delivery and Electronic Mail**

Mr. Adolfo Del Cueto, CEO
Aithre Capital Partners LLC
c/o Bulltick Financial Advisory Services, LLC
333 SE 2nd Avenue, Suite 3950
Miami, Florida 33131
adelcueto@emprentacapital.com

> **Re:    Bulltick's Relationship with Theia Group, Incorporated ("TGI"), Theia Aviation LLC ("Theia Aviation"), and Theia Holdings A, Inc. ("Theia Holdings" and collectively with TGI & Theia Aviation, "Theia Group")**

Dear Mr. Del Cueto:

We represent FCS Advisors, LLC d/b/a Brevet Capital Advisors ("FCS"), senior secured lender to TGI.

We are writing to you about the Note Purchase Agreement, dated as of January 5, 2021, by and between Aithre Capital Partners LLC ("Bulltick" and sometimes referred to herein as "you") and TGI, the Guarantee and Collateral Agreement between Bulltick, TGI, and Theia Holdings A, Inc., and other related documents (collectively, the "Bulltick Loan Agreement"), pursuant to which you issued one or more notes to TGI (the "Bulltick Loans").  Pursuant to the Bulltick Loan Agreement, we understand that Theia Group incurred indebtedness and purported to grant you security interests in certain collateral.

We understand that you were provided with a copy of the Amended and Restated Note Purchase and Security Agreement dated June 29, 2020, by and between FCS and the Theia Group as amended, (the "SNPSA") prior to entering into the Bulltick Loan Agreement.  As you know, pursuant to Section 6(a) of the SNPSA, Theia Group is prohibited from "incur[ring], assum[ing] or suffer[ing] any Indebtedness, other than (1) the Obligations under the Transaction Documents, (2) the Existing Indebtedness and (3) Permitted New Indebtedness" or "grant[ing] or permit[ting] to exist any Lien with respect to any of its property, except for Permitted Liens."  Moreover, any "Permitted New Indebtedness," among other things, must be "expressly agreed to be subordinated in all respects to the obligations of the Issuer, Theia Holdings, and Theia Aviation under the Transaction Documents on terms and conditions acceptable to the [FCS] (which acceptance shall not be unreasonably withheld or delayed)." SNPSA § 6(a).  In addition to the foregoing, the SNPSA requires any waiver of FCS's rights must be in writing and signed by an officer. SNPSA § 18.

**Steptoe**

Bulltick's execution of the Bulltick Loan Agreement with Theia Group is in violation of the SNPSA's prohibition on such new indebtedness. FCS does not and did not consent to such new indebtedness. Moreover, Theia Group's purported agreement with Bulltick to grant liens to Bulltick on Theia Group's assets also violated the SNPSA's prohibition on Theia Group granting liens on assets. FCS does not and did not consent to the grant of liens to Bulltick.

Bulltick's actions induced the Theia Group to breach its contracts with FCS and has interfered and continues to interfere with the business relationship between FCS and the Theia Group. We also understand that TGI has been and may continue to approach Bulltick for further loans. If Bulltick intends to loan additional funds to TGI, you must let FCS know and obtain approval from FCS.

To be crystal clear, all of Brevet's rights and remedies at law, in equity, or otherwise against Bulltick and all other persons and entities are hereby reserved and preserved. Any additional actions that violate FCS's legal rights, will be met with FCS's pursuit of all legal and equitable remedies against Bulltick, including, but not limited to, pursuing claims against Bulltick for injunctive relief and for damages which Bulltick's actions cause FCS.

Sincerely,

Filiberto Agusti

cc:     William A. Herrera, CFO (bherrera@bulltick.com)
        Marcos Silva, COO (marcos@bulltick.com)