# EXHIBIT 21

**FIRST AMENDMENT TO SECURED NOTE PURCHASE AGREEMENT
AND RELATED TRANSACTION DOCUMENTS**

This is a first amendment and ratification (the "**Amendment**") to the Secured Note Purchase And Security Agreement dated as of August 7, 2019 (the "**SNPSA**") and related "**Transaction Documents**" (defined therein) made by and among Theia Group, Incorporated, a Delaware corporation (the "**Issuer**"), as issuer and a Grantor of the "**NPA Security Interest**" (as defined therein), Theia Aviation, LLC, a Delaware limited liability company, as a Grantor of the NPA Security Interest ("**Theia Aviation**"), Theia Holdings A, Inc., a Delaware corporation, as a Grantor of the NPA Security Interest ("**Theia Holdings**," and together with the Issuer in its capacity as a grantor and Theia Aviation, the "**Grantors**") and FCS Advisors, LLC d/b/a Brevet Capital Advisors or its designee as purchaser (including any assignee thereunder, the "**Purchaser**"). This Amendment is also consented to by Erlend Olson ("**Olson**") as "**Guarantor**" under the "**Guaranty**" (as defined in the SNPA), John Gallagher ("**Gallagher**") as Guarantor under the Guaranty, and Hon. Eugene Sullivan ("**Sullivan**") as Guarantor under the Guaranty.

W I T N E S S E T H:

WHEREAS, Grantors and Purchaser desire to amend the SNPSA and Transaction Documents to correct scrivener errors, as set forth more fully herein;

WHEREAS, Grantors and Purchaser have agreed to so amend the SNPSA and Transaction Documents as set forth herein; and

WHEREAS, in their capacities as Guarantors under the Guaranty, Olson, Gallagher, and Sullivan (collectively, "**Guarantors**") each consent to the amendments to the SNPSA and Transaction Documents set forth herein;

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements contained herein (the receipt and sufficiency of which are hereby acknowledged and affirmed), effective as of August 7, 2019, Grantors and Purchaser hereby agree and Guarantors hereby consent to the following:

**SECTION 1. Terms Defined in SNPSA.** As used in this First Amendment, except as otherwise provided herein, all capitalized terms defined in the SNPSA shall have the same meaning herein as in the SNPSA and other Transaction Documents, all of such terms and their definitions being incorporated herein by reference.

**SECTION 2. Amendments to SNPSA and Other Transaction Documents.** The SNPSA and other Transaction Documents are hereby modified and amended as follows:

(a) In paragraph 1(a) of the SNPSA, the number $5,750,000.00 is struck and is replaced with the number $5,650,000.00.

(b) In paragraph 1(c) of the SNPSA, the number $750,000.00 is struck and replaced with the number $650,000.00 and the number $200,000.00 is struck and replaced with the

number $100,000.00 as follows:

> "At the Closing, the Issuer shall deliver to the Purchaser the Note against the Purchaser' payment of $5,000,000.00 of the purchase price therefor by wire transfer of immediately available funds to the bank and account designated the Issuer, it being acknowledged and agreed that the remaining ~~$750,000.00~~ $650,000.00 of the purchase price has already been paid to the Issuer by way of wire transfers from and after June 27, 2019 from Strongbow Holdings, LLC (for an aggregate amount of $550,000.00) and from Leeds Holdings, LLC (for an aggregate amount of ~~$200,000.00~~ $100,000.00)."

(c) In the Secured Promissory Note, the number $5,750,000.00 is struck and replaced with the number $5,650,000.00 and the words "FIVE MILLION SEVEN HUNDRED THOUSAND DOLLARS" are struck and replaced with the words "FIVE MILLION SIX HUNDRED AND FIFTY THOUSAND DOLLARS" such that the "Principal Amount" for the purposes of the Secured Promissory Note and all other Transaction Documents shall be $5,650,000.00.

(d) In the Secured Promissory Note, the phrase "THIRTEEN MILLION TWO HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($13,225,000.00)" is struck and replaced with the phrase "TWELVE MILLION NINE HUNDRED NINETY-FIVE THOUSAND DOLLARS ($12,995,000.00)" such that "Repayment Amount" for the purposes of the Secured Promissory Note and all other Transaction Documents shall be $12,995,000.00.

(e) In paragraph 24 of the SNPSA, the sentence "The Issuer shall pay to the Purchaser monthly, in advance, a monthly administrative fee of $3,000" is struck and replaced with the following:

> The Issuer shall pay to the Purchaser the following administrative fees ("**Administrative Fees**"): (a) $3,000, paid monthly in advance; plus (b) $27,000.00, accrued monthly in advance until all Secured Obligations are paid in full and payable in whole or in part from time to time out of any monies collected from or on account of Issuer, out of cash received by Purchaser under paragraph 2(b) of the SNPSA, out of monies from the Collateral or the Mortgage, or in any other manner as any other Indebtedness of Issuer or Guarantors under the Transaction Documents. For clarity, notwithstanding anything to the contrary in the Secured Note Purchase Agreement and this First Amendment, Administrative Fees and Closing Expenses shall be part of the Secured Obligations but shall not be part of or added to the Principal Amount under the Transaction Documents and shall not increase the Repayment Amount due under the Transaction Documents and are limited to dollar for dollar payment and are not subject to any repayment multiples.

**SECTION 3. Reference to and Effect on the SNPSA and Other Transaction Documents.**

(a) Upon the effectiveness hereof, on and after the date hereof, each reference in the SNPSA or other Transactions to "this Agreement," "hereunder," "hereof," "herein," or words of like import, shall mean and be a reference to the SNPSA or other Transaction Document as amended hereby.

(b) Except as specifically amended by this First Amendment, the SNPSA, Secured Promissory Note, and all other Transaction Documents shall remain in full force and effect and are hereby ratified and confirmed.

**SECTION 4. Extent of Amendment.** Except as otherwise expressly provided herein, neither the SNPSA nor other Transaction Documents are amended, modified or affected by this First Amendment.

**SECTION 5. Consent and Agreement of Guarantors.** Each Guarantor: (a) consents to the modification of the SNPSA and other Transaction Documents and all other matters in this First Amendment; (b) reaffirms the Guaranty and any other agreements, documents and instruments securing or otherwise relating to the Secured Obligations executed by Guarantor (the "**Guarantor Documents**"); (c) acknowledges that the Guarantor Documents continue in full force and effect, remain unchanged, except as specifically modified hereby, and are valid, binding and enforceable in accordance with their respective terms; (d) agrees that all references, if any, in the Guarantor Documents to any of the Transaction Documents are modified to refer to those documents as modified hereby; and (e) agrees that it has no offset, defense or counterclaim to the enforcement against it of the provisions of the Guarantor Documents.

**SECTION 6. Headings.** Section headings in this First Amendment are included herein for convenience and reference only and shall not constitute a part of this First Amendment for any other purpose.

**SECTION 7. Governing Law.** This First Amendment shall be governed by and construed in accordance with the laws of the State of New York without reference to choice of law provisions, except to the extent that federal laws of the United States of America apply. All provisions in the Transaction Documents concerning selection of forum and waiver of jury trial are incorporated in this First Amendment and made a part hereof.

**SECTION 8. Execution and Counterparts.** This First Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument. Delivery of an executed counterpart of this First Amendment by facsimile or other electronic transmission (such as Portable Document Format) shall be equally as effective as delivery of a manually executed counterpart of this First Amendment.

IN WITNESS WHEREOF, the parties have duly executed this First Amendment as of the day and year first set forth above.

**THEIA GROUP, INCORPORATED**
a Delaware corporation

By: _____
Name: Paul Carroll
Title: Controller

**THEIA HOLDINGS A, INC.**
a Delaware corporation

By: _____
Name: Paul Carroll
Title: Controller

**THEIA AVIATION, LLC**
a Delaware limited liability corporation

By: _____
Name: Paul Carroll
Title: Controller

_____
Erlend Olsen

_____
John Gallagher

*Eugene Sullivan*
Hon. Eugene Sullivan


**FCS ADVISORS, LLC d/b/a/**
**BREVET CAPITAL ADVISORS**
a Delaware limited liability corporation

By: _____
Name: Mark Callahan
Title: Managing Director

Page **4** of **4**