**Courtney R. Rockett**
212 692 6714
crockett@mintz.com



Chrysler Center
666 Third Avenue
New York, NY
212 935 3000
mintz.com

September 23, 2021

<u>Via ECF</u>

Hon. P. Kevin Castel
United States Courthouse
500 Pearl St.
New York, NY 10007

    Re:    *FSC Advisors, LLC v. Theia Group, Inc., et al.*, 21 Civ. 6995 (S.D.N.Y.)
            Pre-Motion Letter Request to File Motion to Intervene for the
            Limited Purpose of Addressing the Request for a Temporary Receiver

Dear Judge Castel:

    We represent Kevin C. Griffin ("KCG"), Triple9 LLC ("Triple9"), and 19NinetyEight LLC ("19NinetyEight") (collectively, the "KCG Clients"), and submit this pre-motion letter to request that this Court allow the KCG Clients to file a motion to intervene in the above case for the limited purpose of addressing Plaintiff's request for a temporary receiver—a request that the KCG Clients oppose and believe is inappropriate under the circumstances. There are no conferences currently scheduled before the Court.

## I.    FACTUAL BACKGROUND

    On August 19, 2021, FCS Advisors, LLC ("FCS" or "Plaintiff") filed the above lawsuit against Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc. (collectively, "Theia" or "Defendants"), seeking: (i) recovery of a purported $289 million debt due from Defendants, and (ii) appointment of a temporary receiver to take control of Theia and commence an involuntary transfer of Theia's FCC license, one of the company's most valuable assets. The KCG Clients seek permissive intervention solely to be heard on the second issue—the request for a temporary receiver.

    The KCG Clients have been investing in Theia since early 2018, long before Plaintiff (or Aithre Capital Partners, LLC ("Aithre")) came into the picture, and prior to the issuance of the FCC license. Since 2018, the KCG Clients have made several investments totaling $2,140,000.

    KCG purchased a Secured Convertible Promissory Note dated as of March 2, 2018, in the principal sum of $175,000, with a Repayment Amount of $525,000, and an amended maturity date of March 2, 2022. KCG also acquired 5,000,000 common unrestricted shares valued at $575,000 on March 19, 2020.

---

BOSTON    LONDON    LOS ANGELES    NEW YORK    SAN DIEGO    SAN FRANCISCO    WASHINGTON

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Triple9 purchased a Secured Convertible Promissory Note dated as of August 7, 2019, in the principal sum of $1,080,000, with a Repayment Amount of $2,160,000, and a maturity date of November 14, 2021.

19NinetyEight purchased a Secured Convertible Promissory Note dated as of August 7, 2019, in the principal sum of $360,000, with a Repayment Amount of $720,000, and a maturity date of November 14, 2021.

The KCG Clients' loans are secured by collateral consisting of Theia's assets and, upon information and belief, are not subordinate to the interests of Brevet, Aithre, or any other stakeholder.

The KCG Clients' investments in Theia were not made solely on the expectation of quick profit but are rather a reflection of their confidence in Theia's management and their vision to implement transformative and highly valuable technology. Theia is working to build the world's first satellite constellation system (the Thorian Satellite Network, or the "TSN") designed to create a continuously-updated, real-time, digital representation of every physical activity, process, and object on earth. This technology will be game-changing for numerous industries and business sectors, including agriculture, first responder and emergency services, infrastructure, insurance, national security, transportation, and resource mapping. The KCG Clients continue to believe in Theia's ability to carry out this vision.

The KCG Clients are shareholders and secured noteholders with a substantial sum of capital invested in Theia, and they have a vested interest in the company's success. In light of the company's demonstrated track record, which we will be addressed more fully in this matter, and its superior potential to develop and utilize its transformational technology, the KCG Clients believe that the best guarantee of a return on their investment is the company's continued operation.

FCS' motion to appoint a temporary receiver to take control of Theia would jeopardize the significant progress that Theia has achieved to date—and in turn, the KCG Clients' investments in the company. By its motion, FCS seeks to appoint a temporary receiver to essentially seize control of Theia away from its founders (who have *decades* of industry experience and know-how), and sell one of Theia's most valuable assets (an FCC license)— actions that would inure to the detriment of the Company and stakeholders like the KCG Clients. Moreover, Theia's filings indicate that Brevet Capital Management, LLC, the manager of Plaintiff, was involved in self-dealing, and actively interfered with Theia's operations, which may give rise to claims by Theia and the KCG Clients against Plaintiff. Under these circumstances, the KCG Clients believe appointment of a receiver is unwarranted.

## II.    LEGAL BASIS FOR THE KCG CLIENTS' ANTICIPATED MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(b) provides for permissive intervention upon timely motion when an applicant's claim or defense and the main action have a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). The KCG Clients should be heard on their application

for permissive intervention on the limited issue of whether FCS' motion for appointment of a temporary receiver should be granted because the KCG Clients have a valid claim for permissive intervention under Rule 24(b).

The KCG Clients' motion is timely and this Court recently granted Aithre's pre-motion letter request to intervene. Finally, there are no conferences currently scheduled before the Court. In these circumstances, [the KCG Clients'] motion should be deemed timely. *See, e.g., Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87-88 (S.D.N.Y. 2018).

This Court has a broad discretion in considering an application for permissive joinder under Rule 24(b). *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984) (citation omitted). As a result, Courts in this district have consistently held that "[t]he rule is to be liberally construed." *See, e.g., Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006). The KCG Clients are shareholders and secured lenders whose interest in Theia's continued operation by its founders is directly affected by the appointment of a temporary receiver. The principal consideration for the Court on an application for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978); *also* Fed. R. Civ. P. 24(b)(3).

For the foregoing reasons, we respectfully request that this Court allow the KCG Clients to file a motion to intervene in the above case for the limited purpose of addressing the request for a temporary receiver—a request that the KCG Clients oppose and believe is inappropriate under the circumstances.

We thank the Court for its consideration of this request.

Respectfully,

*Courtney P. Rockett*

Courtney Rockett

cc:            Charles Anthony Michael (cmichael@steptoe.com)
(via ECF)      *Counsel for Plaintiff FCS Advisors, LLC*

                  Motty Shulman (motty.shulman@friedfrank.com)
                  Robin Henry (robin.henry@friedfrank.com)
                  *Counsel for Defendants Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.*