

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

November 3, 2021

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

      Re:    ***FCS Advisors, LLC v. Theia Group, Inc., et al.***
              **Case No. 21 Civ. 6995 (PKC)**

Dear Judge Castel:

      I represent Robert Leeds, Leeds Holdings, LLC, and Strongbow Holdings, LLC (the "Leeds Parties") in the above-referenced case. I write to respectfully request a 60-day adjournment of the Leeds Parties' time to respond to the counterclaims asserted by Theia Group, Inc. and its affiliates, to January 10, 2022. Although my clients have not been involved in prior proceedings in this case, from my review of the docket, I do not believe there is currently a date for the next conference scheduled before the Court.

      Theia's counterclaims include a variety of fraud and other allegations against the Leeds Parties, all based on the premise that Mr. Leeds was some sort of covert double agent, secretly pursuing Brevet's agenda to foist unwanted money on Theia and its principals while at the same time siphoning off some of that money for himself. As the Court has already held, this argument is dubious in light of, among other things, the evidence "that (1) Leeds repeatedly emphasized to Theia that he could not speak for Brevet, and (2) the challenged payments made to Leeds or his firm were made by and through the law firm owned by John Gallagher, Theia's own controlling shareholder." (ECF No. 105 at 4).

      The Leeds Parties look forward to thoroughly and completely disproving Theia's false claims of wrongdoing, to the extent they are not dismissed at the outset. But in light of the appointment of a receiver who will have complete authority to investigate and pursue on behalf of Theia all claims against "any individual or entity against whom there exists a valid cause of action," *id.*, the Leeds Parties respectfully submit that the better forum for doing so would be in discussions with the receiver, rather than through litigation. While Theia's incumbent management has a vested interest in pursuing meritless claims against the Leeds Parties to try to distract from their own mismanagement and wrongdoing, the Leeds Parties are confident that when an independent receiver "who would report to this Court" evaluates the evidence, *id.*, he or she will determine that there are no legitimate claims to pursue against the Leeds Parties. To the contrary, the Leeds Parties, at a minimum, are owed money by Theia (albeit a subordinate participation of the Brevet debt).

      BSF

The Leeds Parties therefore respectfully request a 60-day adjournment of their time to respond to the counterclaims, until January 10, 2022,[1] in order to allow sufficient time for the receiver to be formally appointed, take control over Theia's operations, and to investigate its former management's bogus claims against the Leeds Parties. If for some reason the Court does not believe an adjournment of this duration is appropriate, the Leeds Parties respectfully request a shorter adjournment to allow sufficient time to formulate their answer and to accommodate my work schedule. Among other things, I am lead trial counsel for certain of the defendants in *Federal Trade Commission v. On Point Global LLC*, No. 19-25046, and *Federal Trade Commission v. Acquinity Interactive, LLC*, No. 14-60166, which are being jointly tried in the United States District Court for the Southern District of Florida. Trial began this week and is anticipated to continue at least through next week.

This is the Leeds Parties' first request for an adjournment of their time to respond to the counterclaims. Pursuant to Your Honor's Individual Practices, I contacted both counsel for Theia's current management and the presumptive receiver (Mr. Fuqua) to get their position on this request. Current counsel for Theia takes no position on this request, and noted generally that all of the company's "rights and positions, whatever they are, are preserved and not waived." Mr. Fuqua likewise takes no position on this request.

Thank you for your consideration.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[1] The docket reflects affidavits of service claiming that Mr. Leeds was served on October 22, 2021, and that the other Leeds Parties were served on October 21, 2021. Without conceding that service was proper, this would make the earliest answer due on November 11, 2021 – twenty-one days after October 21. January 10, 2022, is 60 days after that.