**Fried, Frank, Harris, Shriver & Jacobson LLP**

# FRIED FRANK

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

Direct Line: 212.859.8839
Email: motty.shulman@friedfrank.com

November 4, 2021

<u>Via ECF</u>

Hon. P. Kevin Castel
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:    ***FCS Advisors, LLC v. Theia Group, Inc., et al.,*** **21 Civ. 6995 (S.D.N.Y.)**

Dear Judge Castel:

We write on behalf of Theia to object to certain provisions of Brevet's proposed Receiver order (ECF No. 106) and to propose an alternative order that we believe is more consistent with this Court's Opinion dated October 29, 2021 (the "Opinion"). Theia's proposed Receiver order is attached as Exhibit A. A redline showing Theia's proposed changes is attached as Exhibit B. There are no currently scheduled Court conferences in this matter.

Theia's objections and edits to Brevet's proposed Receiver order generally relate to the following issues:

1.  <u>Consistency with this Court's October 29, 2021 Opinion</u>.  Brevet's proposed Receiver order departs from this Court's Opinion in several respects. To avoid inconsistencies, Theia proposes to incorporate Appendix A of the Opinion directly into the Receiver order as well as some additional conforming changes.  *See Exhibit B* ¶ 1 (incorporating Appendix A of the Opinion into the Receiver Order), striking Brevet's ¶¶ 2, 4, 5 and 8 (which are either duplicative of or different from Appendix A to the Court's opinion), ¶ 3 (removing terms not found in the Opinion).

2.  <u>Funding of the Receiver</u>.  Theia has presented Brevet with a potential buyer who is willing to purchase the FCC License Assets for $275 million.  Accordingly, Theia proposes that the Receiver not receive a success fee on the first $275 million of any sale of the FCC License Assets.  To the extent the Receiver sells the FCC License Assets for more than $275 million on a transaction not originated by Theia, Theia has no objection to his receipt of a success fee on those incremental funds.

3.  <u>Monitoring of the Receivership</u>.  Theia believes it is appropriate for the Receiver to provide regular reports to the Court and the parties and to seek permission from the Court

if it is necessary for the Receiver to borrow more than $5 million for the administration of the Receivership.

4. <u>Bankruptcy</u>.  Consistent with this Court's observation at the October 20 hearing, Theia believes it is appropriate to include a provision making clear that "the appointment of a receiver would not preclude the filing of a bankruptcy petition."  Transcript of Oct. 20 Hearing at 29:15-17.

Respectfully,

Motty Shulman