UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                                        Plaintiff,


            —against—

THEIA GROUP, INC., d/b/a "THORIAN
GROUP" and/or "CYPHERIAN"; THEIA
AVIATION, LLC; and THEIA HOLDINGS
A, INC., d/b/a "THORIAN HOLDINGS,"


                                        Defendants.

21 Civ. 6995 (PKC)


**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RECEIVER
FOR AN ORDER REJECTING CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES EFFECTIVE IMMEDIATELY
<u>PRIOR TO ENTRY OF THE RECEIVERSHIP ORDER</u>**


**REED SMITH LLP**
Kurt F. Gwynne (N.Y. Bar No. 5605206)
Christopher A. Lynch (N.Y. Bar No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

- and -

Jason D. Angelo, Esq.*
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575

*Counsel for Michael Fuqua, in his capacity as
Receiver of Theia Group, Inc., Theia Aviation LLC,
and Theia Holdings A, Inc.*


*Motion for Admission *pro hac vice* forthcoming

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ............................................................................. 1

II.    RELIEF REQUESTED ................................................................................... 3

III.   BASIS FOR RELIEF REQUESTED .............................................................. 4

IV.   RESERVATION OF RIGHTS ........................................................................ 5

V.    CONCLUSION .............................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*FTC v. Metropolitan Comm'cns Corp.*,
  1995 U.S. Dist. LEXIS 14083 (S.D.N.Y. Sept. 27, 1995)....................................................4, 5

*Menke v. Willcox*,
  275 F. 57 (S.D.N.Y. 1921)..........................................................................................................4

*Model Dairy Co. v. Foltis-Fischer, Inc.*,
  67 F.2d 704 (2d Cir. 1933)..........................................................................................................1

*Pennsylvania Steel Co. v. New York City R. Co.*,
  198 F. 721 (2d Cir. 1912) ...........................................................................................................5

*Resolution Trust Corp. v. CedarMinn Bldg. Ltd. P'ship*,
  956 F.2d 1446 (8th Cir. 1992) .....................................................................................................4

*Samuels v. E.F. Drew & Co.*,
  292 F. 734 (2d Cir. 1923) ............................................................................................................4

*United States Trust Co. v. Wabash W. R. Co.*,
  150 U.S. 287 (1893)......................................................................................................................4

Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc. ("TGI"), Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), hereby files this memorandum of law in support (this "Memorandum of Law") of the *Motion of Receiver for an Order Rejecting Certain Executory Contracts and Unexpired Leases Effective Immediately Prior to Entry of the Receivership Order* (the "Motion to Reject," which was filed contemporaneously with this Memorandum of Law) and respectfully asserts as follows:

## I.  FACTUAL BACKGROUND

1.  On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. No. 117) (the "Receivership Order") in the above-captioned case.

2.  Pursuant to the Receivership Order, this Court appointed the Receiver as a federal receiver for the assets of the Receivership Entities.

3.  The Receiver has "exclusive custody, control, and possession of all . . . assets of, in the possession of, or under the control of the Receivership Entities, wherever situated." Receivership Order, ¶ 3.  In addition, the Receiver "may . . . manage all receivership assets." Receivership Order, ¶ 7.  The "assets" of the Receivership Entities that are subject to the control and management of the Receiver include executory contracts and unexpired leases.  *See Model Dairy Co. v. Foltis-Fischer, Inc.*, 67 F.2d 704, 705 (2d Cir. 1933) (stating that, among "the assets in receivership was a term for years of lease of property").

4.  The Receiver has discovered certain contracts and leases that are burdensome to the Receivership Entities.  As indicated in the attached *Declaration of Michael Fuqua, as Receiver, in Support of the Motion to Reject* (the "Fuqua Declaration," which was filed contemporaneously with this Memorandum of Law), the Receiver has determined that those contracts and leases are

burdensome and/or unnecessary to, or inconsistent with, the Receiver's goal of maximizing the value of the receivership assets.

5.     For example, the Receiver has determined that the real property leases listed in Exhibit A to the Fuqua Declaration (the "Leases") are burdensome and unnecessary to the Receivership Entities as they are no longer operating in the ordinary course and have no further need for the leased premises.  *See* Fuqua Declaration, ¶¶ 5-10.  Accordingly, the Receiver seeks (to the extent unexpired) to reject the Leases.

6.     In addition, the Receiver seeks to interview and, pursuant to a separate motion, will propose to retain an investment banker or other financial advisory firm on terms and conditions acceptable to him and in the best interests of the creditors and other constituents of the Receivership Entities.  The Receiver also seeks to retain such banker or other advisor with significant experience in the sale of Federal Communications Commission licenses or similar assets.  The Receiver also has determined that the investment banking and financial advisory agreements, as further detailed in the Fuqua Declaration (collectively, the "Advisory Agreements"), are overlapping, duplicative (with respect to information sharing, negotiation, and fees and expenses), and otherwise burdensome and unnecessary to his efforts to maximize the value of the Receivership Entities.  *See* Fuqua Declaration, ¶¶ 11-18.  Thus, the Receiver seeks to reject the Advisory Agreements.

7.     To date, based on his review of the Receivership Entities' books and records, the Receiver has located written employment, consulting, or other contracts, or references to such contracts, which are listed on Exhibit A to the Fuqua Declaration.[1]  The Receiver seeks to reject

---

[1] By letter dated November 30, 2021, and in violation of the stay imposed by the Receivership Order, Joseph D. Fargnoli, Chief Technology Officer of TGI, purportedly provided notice of termination of his employment agreement with TGI, effective immediately, and demanded payment of a $720,000 severance payment, along with $300,000 in base salary for the months of July through November 2021, and over $300,000 with respect to benefits and accrued

(to the extent executory) any and all executory employment, consulting, or other agreements (whether oral or written) with the individuals or entities listed on <u>Exhibit A</u> to the Fuqua Declaration effective immediately prior to the entry of the Receivership Order because the Receivership Entities are no longer operating and do not need the full-time services of employees or the broad array of services provided by independent contractors or other consultants.[2]  Rather, the Receiver is seeking to sell the Receivership Entities' assets to maximize the value of the receivership assets for the benefit of creditors and other constituents.  To the extent that the Receiver requires services from such counterparties, he will arrange for the provisions of those services directly with any person or entity listed on <u>Exhibit A</u>.  *See* Fuqua Declaration, ¶¶ 19-20.

## II.      RELIEF REQUESTED

8.      For the reasons set forth in this Memorandum of Law and the Fuqua Declaration, the Receiver requests that the Court enter an Order (i) authorizing the rejection (to the extent executory or unexpired), effective immediately prior to entry of the Receivership Order on November 8, 2021 (the commencement of the receivership), of the Leases and Advisory Agreements listed in <u>Exhibit A</u> to the Fuqua Declaration, and (to the extent executory) all employment, consulting, or other agreements (whether oral or written) with the persons or entities listed thereon; (ii) providing that no financial advisor or investment banker shall be entitled to any fees or expenses under any rejected contract from the proceeds of the Receiver's sale of any assets of the Receivership Entities; and (iii) granting such further relief to the Receiver as is appropriate.

---

vacation.  *See* Receivership Order, at ¶ 5 ("No person . . . shall take any action to interfere with the taking control, possession, or management of the assets.").

[2] For the avoidance of doubt, the Receiver is not seeking to reject contracts or agreements relating to the provision of legal services.

### III.   BASIS FOR RELIEF REQUESTED

9.     For the reasons set forth above, the Receiver seeks to reject certain contracts and leases as of the time immediately before the appointment of the Receiver.

10.     The Second Circuit has held that a "receiver is under no obligation to renounce an executory contract." *Samuels v. E.F. Drew & Co.*, 292 F. 734, 739 (2d Cir. 1923) (collecting cases).  Instead, "[t]here is a presumption that the receiver will not adopt a contract. If he does, it is a voluntary act of his own, to be performed with promptness . . . ." *Id.*; *see also Menke v. Willcox*, 275 F. 57, 58-59 (S.D.N.Y. 1921) (Learned Hand, J.) ("[T]he mere inaction of receivers, where they do not enjoy any benefits from assets cum onere, is never of itself an adoption, though it may endanger their right to adopt.  In order to be bound, they must positively indicate their intention to take it over.").  "The contract is terminated, even though the receiver never renounces" the contract.  *Samuels*, 292 F. at 739.

11.     Notwithstanding that the Receiver is not *required* affirmatively to reject contracts or leases, the Receiver has the authority to do so.  It "is undisputed that [a] receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of his assignor, if in his opinion it would be unprofitable or undesirable to do so." *United States Trust Co. v. Wabash W. R. Co.*, 150 U.S. 287, 299-300 (1893); *Resolution Trust Corp. v. CedarMinn Bldg. Ltd. P'ship*, 956 F.2d 1446, 1453 (8th Cir. 1992) ("It has been recognized for at least a century that receivers may repudiate contracts and leases.").  Thus, "[e]quity receivers appointed under federal law have the power to reject executory contracts." *FTC v. Metropolitan Comm'cns Corp.*, 1995 U.S. Dist. LEXIS 14083, *11 (S.D.N.Y. Sept. 27, 1995).  "[I]n order to reject the agreement, it must be established to be executory--that is," that the contract has not been "fully performed."

*Id.*; *see also id.* at *13 (granting receiver's motion to reject contract and holding that counterparty was "not entitled to any commissions from the Receiver's deals with either" potential purchaser).

12.     In an abundance of caution, and to provide notice to counterparties of the rejection of their contracts and/or leases, the Receiver seeks entry of an Order rejecting (to the extent executory or unexpired) the contracts and leases listed in <u>Exhibit A</u> to the Fuqua Declaration.

13.     Where a receiver decides to reject a contract or lease, "it necessarily follows that . . . rejection relates back to the beginning of the receivership and the breach of the contract takes place as of that time.  Any other rule would be altogether inequitable and one-sided." *Pennsylvania Steel Co. v. New York City R. Co.*, 198 F. 721, 744 (2d Cir. 1912).   Therefore, the Receiver respectfully requests that rejection of the leases and contracts be effective immediately before the appointment of the Receiver.

14.     In addition, no financial advisor or investment banker is entitled to the payment of any fees or expenses under any rejected contract from the proceeds of the Receiver's sale of any assets of the Receivership Entities.   *See FTC v. Metropolitan Comm'cns Corp.*, 1995 U.S. Dist. LEXIS 14083, at *11 ("NexStar [broker] is not entitled to any commissions from the Receiver's deals with either CenCall or Dial Call," which were rejected by the receiver).

## IV.     RESERVATION OF RIGHTS

15.     The Receiver filed the Motion to Reject to provide notice to counterparties of contracts and leases that he already has identified for rejection at this early stage of the receivership.  The fact that an executory contract or unexpired lease is not included in <u>Exhibit A</u> does not mean that the Receiver intends to assume such contract or lease.  The Receiver plans to file a motion seeking Court approval of the assumption of any contract or lease (if any) that he

intends to assume.  Therefore, no contract or lease counterparty should assume that its contract or lease is, or will be, assumed because it is not listed in Exhibit A.

## V.      CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court enter an Order (i) granting the Motion to Reject; (ii) authorizing the Receiver to reject the Leases and Advisory Agreements listed on Exhibit A to the Fuqua Declaration and (to the extent executory) all employment, consulting or other agreements (whether oral or written) with the persons or entities, listed thereon, effective immediately prior to entry of the Receivership Order; (iii) providing that no financial advisor or investment banker is entitled to the payment of any fees or expenses under any rejected contract from the proceeds of the Receiver's sale of any assets of the Receivership Entities; and (iv) granting such further relief to the Receiver as is appropriate.

Dated:  December 10, 2021
       New York, New York

                        Respectfully submitted:

                        REED SMITH LLP

By: */s/ Kurt F. Gwynne*              
          Kurt F. Gwynne (N.Y. Bar No. 5605206)
          Christopher A. Lynch (N.Y. Bar No. 4243655)
          599 Lexington Avenue
          New York, New York 10022
          Telephone:  (212) 521-5400
          Facsimile:  (212) 521-5450
          E-mail:  kgwynne@reedsmith.com
                  calynch@reedsmith.com

               - and -

          Jason D. Angelo, Esq.*
          1201 N. Market Street, Suite 1500
          Wilmington, Delaware 19801
          Telephone:  (302) 778-7500
          Facsimile:  (302) 778-7575
          E-mail:  jangelo@reedsmith.com

          *Counsel for Michael Fuqua, in his capacity as*
          *Receiver of Theia Group, Inc., Theia Aviation LLC,*
          *and Theia Holdings A, Inc.*

          *Motion for Admission *pro hac vice* forthcoming