**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| FCS ADVISORS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Docket No. 21-cv-6995 (PKC) |
| —against— | : | |
| | : | |
| THEIA GROUP, INC., d/b/a "THORIAN | : | |
| GROUP" and/or "CYPHERIAN"; THEIA | : | |
| AVIATION, LLC; and THEIA HOLDINGS | : | |
| A, INC., d/b/a "THORIAN HOLDINGS," | : | |
| | : | |
| Defendants. | : | |

**STEPHEN BUSCHER'S LIMITED OBJECTION AND**
**RESERVATION OF RIGHTS TO MOTION OF RECEIVER FOR AN ORDER**
**REJECTING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**EFFECTIVE IMMEDIATELY PRIOR TO ENTRY OF THE RECEIVERSHIP ORDER**

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
Michael J. Barrie (N.Y. Bar No. 5057450)
William M. Alleman, Jr.
        (*pro hac vice* application forthcoming)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Tel: (302) 442-7010
Fax: (302) 442-7012
mbarrie@beneschlaw.com
walleman@beneschlaw.com

*Attorneys for Stephen Buscher*

15297090 v4

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ................................................................................................................... 1

OBJECTION AND RESERVATION OF RIGHTS........................................................................ 2

CONCLUSION ................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*F.T.C. v. Metro. Commc'ns Corp.*,
1995 WL 571461 (S.D.N.Y. Sept. 27, 1995)........................................................................3

*Holzer v. Barnard*,
2016 WL 4046767 (E.D.N.Y. July 27, 2016)......................................................................3

*Matter of Howard Indus., Inc.*,
56 B.R. 5 (Bankr. D.N.J. 1985) ...........................................................................................4

*In re Hughes*,
166 B.R. 103 (Bankr. S.D. Ohio 1994)................................................................................4

*Sav. Bank of Rockland Cty. v. Fed. Deposit Ins. Corp.*,
668 F. Supp. 799 (S.D.N.Y. 1987)...................................................................................3, 4

*In re Spectrum Info. Techs., Inc.*,
190 B.R. 741 (Bankr. E.D.N.Y. 1996).................................................................................4

**Other Authorities**

3 COLLIER ON BANKRUPTCY ¶ 365.02 (16th ed. 2021) ...................................................................3

Non-Party Stephen Buscher ("Mr. Buscher") submits this limited objection and reservation of rights in response to the motion of Michael Fuqua, as receiver, for an order rejecting certain executory contracts (D.I. 127), the Receiver's memorandum of law in support thereof (D.I. 128) (the "Receiver Brief"), and the Receiver's declaration in support thereof (D.I. 129) (the "Receiver Declaration," and collectively, the "Motion to Reject"),[1] and respectfully states as follows.

## PRELIMINARY STATEMENT

Mr. Bushcer does not oppose the Receiver's attempt to maximize the value of the Receivership Entities. Mr. Buscher submits this limited objection because the Motion to Reject appears to purport to reject Mr. Buscher's consulting agreement with TGI, but that agreement cannot be rejected because it is not executory. Further, Mr. Buscher submits this response to reserve and preserve any and all rights and claims that Mr. Buscher may have related to his consulting agreement with TGI and his relationship with the Receivership Entities. Any order that the Court may enter regarding the Motion to Reject should omit any reference to any agreement with Mr. Buscher and be without prejudice to Mr. Buscher's rights and claims.

## BACKGROUND

Plaintiff commenced this action on August 19, 2021. D.I. 1. The Court granted the Plaintiff's motion for appointment of a receiver on October 29, 2021 and appointed the Receiver on November 8, 2021. *See* D.I. 105, D.I. 117.

The Receiver then filed the Motion to Reject, seeking to reject, "***to the extent executory***," all "written or oral employment, consulting or other contracts" of the Receivership Entities with the counterparties listed on Exhibit A to the Receiver Declaration. Receiver Brief ¶ 7 (emphasis

---

[1]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Receiver Brief.

added).  The Receiver delivered a copy of the Motion to Reject to Mr. Buscher by email on December 10, 2021.  Exhibit A to the Receiver Declaration lists an "Employment Agreement" with "Steven Buscher" with no agreement date provided.  Receiver Declaration, Exhibit A at p.iii.

Mr. Buscher and TGI were parties to that certain amended consulting agreement entered into as of December 31, 2020, which further amended the parties' agreement dated October 3, 2019, as amended on July 13, 2020 (the "Buscher Consulting Agreement").  A true and correct copy of the Buscher Consulting Agreement, and the exhibits thereto, is attached as **Exhibit A** to the Declaration of Stephen Buscher submitted herewith (the "Buscher Declaration").

The Buscher Consulting Agreement provides, among other things, that  Buscher Consulting Agreement § 3.3.  The Buscher Consulting Agreement further provides *Id.* § 7.2

Mr. Buscher tendered his resignation, in writing, to TGI on August 8, 2021, the facts and circumstances surrounding which will be the subject of separate proceedings and Mr. Buscher reserves all rights.  *See* Buscher Declaration ¶ 5.[2]

## OBJECTION AND RESERVATION OF RIGHTS

Mr. Buscher objects to the Motion to Reject to the extent it seeks to reject the Buscher Consulting Agreement.  The Buscher Consulting Agreement cannot be rejected because it is not an executory contract as recognized by this Court in the *F.T.C. v. Metro. Communications Corp.*

---

[2]    For further context, the Receivership Entities submitted a declaration of Reid Gorman in opposition to the plaintiff's motion to appoint the receiver (D.I. 45) (the "Gorman Declaration") stating that, "[i]n June of 2021 [Mr. Gorman] was offered and accepted the role of Chief Financial Officer …."  Gorman Declaration ¶ 18.  Mr. Buscher reserves all rights regarding the accuracy of the statement in the Gorman Declaration.

decision cited in the Receiver's Brief.  *See F.T.C. v. Metro. Commc'ns Corp.*, 1995 WL 571461, at *4 (S.D.N.Y. Sept. 27, 1995) ("[I]n order to reject the agreement, it must be established to be executory."); *see also* Receiver Brief ¶ 7 (seeking to reject contracts only "to the extent executory"); *Sav. Bank of Rockland Cty. v. Fed. Deposit Ins. Corp.*, 668 F. Supp. 799, 809 (S.D.N.Y. 1987), *vacated pursuant to settlement*, 703 F. Supp. 1054 (S.D.N.Y. 1988) (holding that although a receiver could "disaffirm" an executory contract, that contract at issue could not be disaffirmed "where the [non-receiver] party had fully executed its obligations and only the receiver had yet to perform under the contract").[3]

There are two tests for whether a contract is "executory".  *See, e.g.*, *Holzer v. Barnard*, 2016 WL 4046767, at * 12 (E.D.N.Y. July 27, 2016).  First, under the "Countryman" test, a contract may be executory if the obligations of both parties to the contract "are so far unperformed that the failure of either to complete performance would constitute a material breach."  *Id.*  Second, under the "functional" test, "a contract is not executory if the bargained for benefits were received by the debtor pre-petition."  *Id.* (internal quotation marks omitted).[4]  Although the Buscher Consulting Agreement cannot be rejected by the Receiver under either test, the Court need not consider the "functional" test, if it is even applicable outside of bankruptcy, because the Receiver admits that a contract that has been "fully performed" is not executory and cannot be rejected. Receiver Brief ¶ 11.

---

[3]   *Cf. F.T.C. v. Metro. Commc'ns Corp.*, 1995 WL 571461, at *4 (recognizing vacatur by settlement of *Sav. Bank of Rockland Cty.*).

[4]   *Accord* 3 COLLIER ON BANKRUPTCY ¶ 365.02[2][a] (16th ed. 2021) (describing the "functional" test applied by some courts and noting that "'[i]f there is nothing remaining under the contract except obligations owed by the debtor, almost always this is what we think of as a "mere claim" against the estate—that is, the only obligation left is the estate's payment of money. … These "mere claims" do not require treatment under section 365 [for assuming or rejecting executory contracts] because there is nothing left to do except for payment and discharge through the bankruptcy process ….'") (citation omitted).

The Buscher Consulting Agreement is not an executory contract because Mr. Buscher tendered his resignation to TGI on August 8, 2021, well before the Court entered an order placing the defendants into receivership on October 29, 2021.  Buscher Declaration ¶ 5.  Numerous courts have held that agreements such as the Buscher Consulting Agreement are not executory where the employment/consulting relationship ended before the debtor commenced the proceeding in which it seeks to reject the agreement.  *See, e.g.*, *In re Spectrum Info. Techs., Inc.*, 190 B.R. 741, 747-48 (Bankr. E.D.N.Y. 1996) (holding that former CEO's employment was not an executory contract where contract was terminated and a new CEO was hired prepetition); *In re Hughes*, 166 B.R. 103, 105 (Bankr. S.D. Ohio 1994) ("Debtor terminated his employment relationship with Movant prior to filing bankruptcy.  As a result, the contract is not executory in the sense of Professor Countryman's definition …."); *Matter of Howard Indus., Inc.*, 56 B.R. 5, 6 (Bankr. D.N.J. 1985) (holding that employment agreement was not executory and could not be rejected because employee had resigned and "[t]here remains only [employee's] filed claim for wages under the former agreement").  The Court should therefore deny the Motion to Reject with respect to the Buscher Consulting Agreement because it is not an executory contract.

In the event that the Court determines that the Buscher Consulting Agreement is an executory contract subject to rejection, such rejection must be without prejudice to Mr. Buscher's rights and claims related to the Buscher Consulting Agreement or against the Receivership Entities, including to pursue any and all claims and damages related to any breach of the Buscher Consulting Agreement or otherwise.  *See Sav. Bank of Rockland Cty.*, 668 F. Supp. at 809 (holding that non-receiver, contract counterparty's contract claims would "be allowed, to be paid *pro rata* from the assets of the receivership estate.").

Mr. Buscher further reserves all rights and claims regarding or relating to the Buscher Consulting Agreement and for the Receivership Entities' breach thereof.

[*Remainder of Page Intentionally Blank*]

**CONCLUSION**

WHEREFORE, for the reasons stated above, Mr. Buscher respectfully requests that the

Court (i) deny the Motion to Reject as it pertains to the Buscher Consulting Agreement; and (ii)

grant such other relief as may be just and proper.


Respectfully submitted,


December 27, 2021                                   **BENESCH, FRIEDLANDER,
                                                       COPLAN & ARONOFF LLP**

                                                   By:  */s/ Michael J. Barrie*
                                                   Michael J. Barrie (N.Y. Bar No. 5057450)
                                                   William M. Alleman, Jr.
                                                         (*pro hac vice* application forthcoming)
                                                   1313 N. Market Street, Suite 1201
                                                   Wilmington, Delaware 19801
                                                   Tel: (302) 442-7010
                                                   Fax: (302) 442-7012
                                                   mbarrie@beneschlaw.com
                                                   walleman@beneschlaw.com

                                                   *Attorneys for Stephen Buscher*