# Benesch

Michael J. Barrie
39 Broadway, 25th Floor
New York, New York 10006-3039
Direct Dial: 302.442.7068
Fax: 302.442.7012
mbarrie@beneschlaw.com

December 27, 2021

*Handwritten annotation:* Application to redact Mr. Buscher's email address from the Consulting Agreement and any references to the email address is GRANTED. SO ORDERED. USDJ 1-5-22

**Via ECF**

The Honorable P. Kevin Castel
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *FCS Advisors, LLC v. Theia Group, Inc., et al.*, 1:21-cv-06995-PKC (S.D.N.Y.)
      **Request to Provisionally Seal Information in Objection to Receiver's Motion to Reject Executory Contracts (D.I. 127, 128, 129)**

Dear Judge Castel:

   We represent non-party Stephen Buscher ("Mr. Buscher"). The court-appointed receiver, Michael Fuqua (the "Receiver"), has filed the *Motion of Receiver for an Order Rejecting Certain Executory Contracts and Unexpired Leases Effective Immediately Prior to Entry of the Receivership Order* (D.I. 127, 128, 129) (collectively, the "Motion to Reject"). Mr. Buscher is among the individuals and entities with contract(s) that the Receiver seeks to reject through the Motion to Reject.

   We write to respectfully request permission to seal certain limited information in connection with Mr. Buscher's limited objection to the Motion to Reject (the "Objection"). The Objection will attach and reference Mr. Buscher's consulting agreement with Theia Group, Inc. (the "Consulting Agreement"). The Consulting Agreement provides that it is "proprietary information," and prohibits Mr. Buscher from disclosing the Consulting Agreement and its terms. Mr. Buscher wishes only to seal and redact his personal email address from the Consulting Agreement as personal identifying and private information, but otherwise does not oppose the public filing of the Consulting Agreement or the Objection.

   Mr. Buscher provided notice to Receiver's counsel on Thursday, December 23, 2021, that Mr. Buscher intended to file the Consulting Agreement, and include quotations thereto in the Objection. Receiver's counsel responded the same day, but has not yet advised of whether he would consent to the filing of the Consulting Agreement with only Mr. Buscher's email address redacted.

   The sealing of Mr. Buscher's personal email address in the Consulting Agreement is in accord with the Second Circuit's opinion in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although there is a presumption of public access to judicial documents, the Court "must determine the weight of that presumption," and "'balance competing considerations against

The Honorable P. Kevin Castel
December 27, 2021
Page 2

it.'" *Id.* at 119-20 (citation omitted). "Such countervailing factors include but are not limited to … '"the privacy interests of those resisting disclosure."' *Id.* at 120 (citation omitted). Further, "'[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (citation omitted).

The sealing of Mr. Busher's personal email address is narrowly tailored to preserve his privacy interests and is not relevant to the Court's adjudication of the Motion to Reject. Indeed, the Second Circuit has noted that similar information may be redacted. *See Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) ("We have implemented minimal redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers.").

With the Court's permission, provisionally sealing the Consulting Agreement, and the Objection that contains quotations thereto, will allow the Receiver an opportunity, if he wishes, to take the position that material other than Mr. Buscher's personal email address should be shielded from the public dockets, without delaying matters on the Motion to Reject.

However, for the avoidance of doubt, Mr. Buscher requests that the Court allow Mr. Buscher to redact and seal his personal email address for the reasons discussed above, regardless of the Receiver's position on sealing other material.

\* \* \*

We thank the Court for its consideration of this request.

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

*/s/ Michael J. Barrie*

Michael J. Barrie

cc: All Counsel of Record (via ECF)