UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

          Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

          Defendants.

21 Civ. 6995 (PKC)

**EU-RAY INVESTMENTS' RESPONSE TO MOTION OF RECEIVER FOR AN ORDER REJECTING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE IMMEDIATELY PRIOR TO ENTRY OF THE RECEIVERSHIP ORDER**

      Eu-Ray Investments, LLC ("Eu-Ray"), by counsel, requests that the Court deny Michael Fuqua's, as receiver (the "Receiver's") Motion for an Order Rejecting Certain Executory Contracts and Unexpired Leases Effective Immediately Prior to Entry of the Receivership Order (Docket No. 127) ("Motion") as proposed. Neither the Motion nor the Proposed Order attached thereto, provide sufficient certainty regarding what "rejection" means for that Lease dated October 21, 2020 as amended by that First Amendment of Lease dated December 2, 2020 ("Lease")[1] between Eu-Ray and Theia Group, Inc. for 1300 Eubank SE and 10421 Development Rd. SE, Albuquerque NM 87123 ("Premises"). Attached hereto as **Exhibit C** is a redlined form of order, showing changes that would resolve these issues as to Eu-Ray.

---

[1] True and accurate copies of the Lease dated October 21, 2020, and that First Amendment of Lease dated December 2, 2020 are attached as **Exhibits A** and **B,** respectively.

Even if such request was certain, the Receiver and this Court lacks jurisdiction to take action relating to the Lease without the consent of Eu-Ray because Eu-Ray has not and does not waive the exclusive venue and choice of law provisions in the Lease.

The Receiver succeeded to the rights of Theia Group, Inc. under the Lease, no more and no less. While the Lease is in default because of Theia Group, Inc.'s acts and omissions, which default remains uncured, and Theia Group, Inc.'s possession of the Premises has been terminated, the provisions of the Lease—including the provisions relating to the Security Deposit—remain in effect and cannot be modified by the Receiver, or this Court, unilaterally. This Court did not grant the Receiver such power in the Order Appointing Receiver (Doc. No. 117) and none of the law cited in the Memorandum of Law in Support of the Motion (Doc. No. 128) ("Brief") supports the Receiver having such power in light of the exclusive choice of law and venue provisions in the Lease.

Despite the objection to the Motion as proposed, Eu-Ray is amenable to the entry of an order by the appropriate court declaring the Receiver's rights under the Lease, as shown in the proposed order. The Lease provides "The parties agree that exclusive venue for any dispute under this Lease or with respect to the Property shall lie in the state or federal courts located in Albuquerque, New Mexico." Lease at § 21.16. The Receiver has the right to enforce the Lease under its terms but cannot change those terms, and that includes this exclusive venue provision. Eu-Ray has not, and expressly does not, waive that provision of the Lease and none of the law cited in the Brief provides this Court with the authority to "reject" the Lease as requested by the Receiver.

**Lease Provisions**

Prior to addressing the legal flaws in the Motion and Brief, practical considerations should be addressed. First, Theia Group, Inc. defaulted under the Lease and Eu-Ray, without terminating the Lease, did terminate Theia Group, Inc.'s right to possession of the Premises. As of December 9, 2021, the amount owed and unpaid under the Lease was $1,316,217.50. Second, Eu-Ray holds the remainder of a Security Deposit ("Security Deposit") which was specifically addressed in the First Amendment of Lease. *See generally* **Exhibit B**. Because of Theia Group, Inc.'s default, the Lease provides that Eu-Ray may use the Security Deposit "at its option and without prejudice to any other remedy . . . appropriate and apply the entire Security Deposit or so much thereof as may be necessary to compensate Landlord toward the payment of Rent or other sums or loss or damage sustained by Landlord . . . ." **Exhibit B** at ¶ 1(b). Finally, Theia Group, Inc. is liable for all sums due under the Lease through its initial term of 146 months.

The Receiver's proposal to "reject" the Lease makes no provision for these practical considerations. Eu-Ray stridently objects to any return of the Security Deposit or any effort to reduce the liability for the initial term of the Lease. While Eu-Ray is actively seeking a new tenant for the Premises and hopes that such new tenant will fully compensate Eu-Ray for all damages cause by Theia Group, Inc.'s default under the Lease, it is presently unknown whether (1) a portion of the Security Deposit would be delivered to the Receiver; (2) all of the Security Deposit will be applied by Eu-Ray with no additional damages; or (3) all of the Security Deposit will be applied by Eu-Ray with significant additional damages. As proposed, the Motion should be denied.

**Receiver's Authority**

The Receiver has no more or less authority under the Lease than did Theia Group, Inc. The Receiver states: "The 'assets' of the Receivership Entities that are subject to the control and

management of the Receiver include executory contracts and unexpired leases." Brief at ¶ 3. This is reflected in the Receivership Order (Doc. No. 117) which provides: "The Receiver shall have full power to sue for, collect, receive, and take possession of all . . . leases . . . The Receiver may determine that certain property or other assets of the Receivership Entities shall be under the Receiver's control, but remain in the possession or custody of the Receivership Entities." *Id.* at ¶ 3. What is wholly absence from the Receivership Order is any provision allowing the Receiver to unilaterally modify the terms of the Lease (or any contract).

The issues in *Samuels v. E.F. Drew & Co.*, 292 F. 734 (2d Cir. 1923) and *Menke v. Willcox*, 275 F. 57 (S.D.N.Y 1921), are very different from what is at issue here. Both of those cases deal with executory contracts and whether the breaches of those contracts constitute damages against the Receiver. These cases (along with the other cases cited by the Receiver) address whether the Receiver is liable for damages, not whether the underlying entities are liable and for which the damages may be recovered from the Security Deposit or which may be recovered *pari passu* with other creditors of Theia Group, Inc. Eu-Ray terminated Theia Group, Inc's right to possession of the Premises long before the Receiver was appointed and unless the Receiver seeks to occupy the Premises Eu-Ray is not seeking payment from the Receiver as an administrative cost of operating the Receivership Estate; however, the Receiver's decision not to adopt the Lease does not revoke Eu-Ray's rights under the Lease, including the application of the Security Deposit and damages against Theia Group, Inc.

### Exclusive Venue

As set forth above the "exclusive venue for any dispute under this Lease or with respect to the Property shall lie in the state or federal courts located in Albuquerque, New Mexico." Lease at

§ 21.16.  Additionally, the "Lease shall be governed by and construed pursuant to the laws of the State of New Mexico." This forum-selection clause must be enforced.

"When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 (2013).  There are no unusual circumstances present here that require the Court to disregard this contractual provision.  The Receiver has authority to "initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions of proceedings in state, federal or foreign court necessary to preserve or increase the value of the receivership assets or to carry of the Receiver's duties pursuant to this Order." Receivership Order at ¶ 9.  However, Eu-Ray has never consented to the jurisdiction of this Court nor has it waived any provisions of the Lease regarding venue.  Accordingly, the Lease's forum selection charge should be upheld and the consideration of this Motion should not be handled by this Court.

WHEREFORE, Eu-Ray requests that the Motion be denied, unless granted as shown in the proposed redlined form of Order attached hereto, and for such other relief as is just and proper.

Dated: January 14, 2022                        Respectfully submitted,

                                                 NIXON PEABODY LLP

                                                 By: /s/ Christopher Desiderio
                                                       Christopher Desiderio
                                                       55 West 46th Street
                                                       New York, NY 10036-4120
                                                       Telephone: (212) 940-3000
                                                       E-mail: cdesiderio@nixonpeabody.com

                                               -and-

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: /s/ Spencer L. Edelman
Spencer L. Edelman *
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico  87103-2168
Telephone: (505) 848-1800
Facsimile: (505) 449-2058
E-mail: spencer.edelman@modrall.com

*Counsel for Eu-Ray Investments, LLC*

*Motion for Admission pro hac vice forthcoming

W4249293.DOCX