UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>               Plaintiff,<br><br> —against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN";<br><br>THEIA AVIATION, LLC; and<br><br>THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>               Defendants. | 21 Civ. 6995 (KPC) |

**PLAINTIFF FCS ADVISORS, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE [ECF NO. 178]**

Plaintiff FCS Advisors, LLC ("FCS"), the largest creditor, responds to this Court's Order [ECF No. 178] requesting that "all interested parties show cause why the receivership not be terminated by March 9, 2022, if no bankruptcy proceeding is instituted on or before that date." Order at p. 4. FCS respectfully requests that this Court not terminate the receivership and permit the Receiver, Mr. Michael Fuqua, and the receivership to continue through a sale of the assets of the receivership. Termination of the receivership prior to a sale will negatively impact recoveries for creditors and generate uncertainty and delay, and all of the concerns raised by the Court can be addressed so as to minimize any negative impact upon the Court and the receivership process.

## BACKGROUND

On November 8, 2021, this Court appointed Michael Fuqua, as receiver ("Receiver") to oversee the defendants, Theia Group Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, "Theia" or the "Receivership Entities"). The Receiver was appointed because of

the manner in which the pre-receivership companies were operated and the Court's conclusion that "whatever the best course of action may be for preserving the value of the satellite license at issue, the Court believes that it should not be charted by Theia's present management." (Order and Opinion [ECF No. 105] pp. 4-5).

In May 2019, prior to the receivership, Theia secured a license from the Federal Communication Commission ("FCC") to build a network of 112 satellites for imaging the entire surface of the Earth. The license requires Theia to launch 56 of the satellites by May 9, 2025. That license is Theia's largest asset. That license is valuable only if Theia (or a subsequent buyer) moves swiftly to meet the FCC's conditions for maintaining the license. With the cooperation of the FCC, the license was transferred to, and is now held by, the Receiver. (First Interim Status Report of Receiver [ECF No. 135] ¶ 3).

FCS is Theia's largest creditor, is owed over $289 million and has a first priority lien on the entity that possesses the license. In June 2020, the parties entered into a Secured Note Purchase and Security Agreement (the "SNPSA") that refinanced certain prior debt owed to FCS with two $100 million promissory notes, one due on December 29, 2020, and the other on June 29, 2021. The parties agreed to an amendment of the SNPSA (the "Third Amendment") that extended the due date on the first note to June 29, 2021, the same date the second note was due. Theia did not make payment on either note.

After Theia failed to make payment on the SNPSA (or comply with its other obligations), FCS commenced the above-captioned proceeding on August 19, 2021 and requested the appointment of a receiver for Theia. As Theia acknowledged, there was no operating company. (Transcript of Oct. 20, 2021 Hearing at 29.) As explained by FCS, and as still remains true, retention of the FCC license requires a long lead time – the launching of 56 satellites

successfully into orbit – no later than three years from May. The value of that license requires a sale in the short term as the value will decrease as the deadlines get closer and less feasible for a purchaser to achieve.

As set forth in FCS's pleadings in support of a Receiver, incumbent management has a history of malfeasance and mismanagement. Following a hearing on October 20, 2021, this Court appointed the Receiver. The Receiver was granted the authority to take control of the assets of the Receivership Entities (Order ¶ 3), sell the assets of the Receivership Entities (Order ¶ 6), hire professionals (Order ¶ 11), and borrow funds to operate the receivership (Order ¶ 13). In appointing the Receiver, the Court found that "whatever the best course of action may be for preserving the value of the satellite license at issue, the Court believes that it should not be charted by Theia's present management." (Order and Opinion [ECF No. 105] pp. 4-5).

## **RESPONSE**

The Court's principal concerns appear to be centered upon not becoming a claims tribunal, whether the sale process is progressing for the benefit of creditors in the Receivership and the efficiency of the Receivership process generally. The responses to the foregoing concerns all militate in favor of maintaining the status quo for at least 120 days.

In August 2020, FCS requested this Court appoint a receiver for Theia because Theia was unable to pay its debts, failed to comply with its obligations under the SNPSA and Third Amendment, and its current management had a history of malfeasance and mismanagement. Theia's management had engaged in fraud to obtain financing from FCS and others. Theia's management was unable to preserve the value of its primary asset, the FCC license. The Receiver was needed to preserve the value of Theia's assets and to effect a sale as quickly as possible taking into account the complexity of the asset and necessary marketing process.

Preserving the value of the FCC license requires a sale of the Receivership Entities' assets, including the FCC license. If certain requirements are not satisfied by May 2025, the FCC license will disappear. Although extensions or modifications from the FCC might be possible, there is no guaranty they could be obtained and obtaining them may take considerable time. As a result, an expeditious sale of the FCC license is critical to obtaining maximum value. The less time that a prospective purchaser has to satisfy the conditions to the license, or obtain appropriate modifications from the FCC, the less the license is worth to a purchaser as the risk of failing to satisfy the conditions increases. Delays in a sale will negatively impact the recovery to FCS and other creditors.

FCS believed, and continues to believe, that sale of Theia's assets, including the FCC license, is the only way to provide any meaningful recovery to creditors. In November 2020, this Court agreed that Theia's management should not remain in control. The Court appointed the Receiver and authorized him to engage professionals and sell the FCC license. Nothing has changed since then except the Receiver's execution of these directives. The Receiver should remain in place and be permitted to sell the assets of the Receivership Entities.

FCS understands that the Receiver has taken numerous steps towards a sale, including marshalling, securing, and insuring all of Theia's assets, speaking with potential buyers and preparing a data room for the sale. Subject to this Court's approval, the Receiver engaged PJT Partners LP ("PJT") as Investment Banker to conduct the sale and has obtained financing from FCS to finance the receivership during the sale.[1] FCS understands that upon approval of PJT and the loan, the sale process will accelerate and will be completed in an efficient manner to preserve maximum value.

---

[1] The receiver has retained new counsel to address issues with FCS.

In contrast, a bankruptcy proceeding at this time would likely delay and create increased uncertainty around the sale of the FCC license, which would likely result in a lower price when and if a sale is concluded. Notwithstanding the language in the Order appointing the Receiver that the Receiver shall remain in possession (Order ¶ 9), it is likely that challenges to the Receiver remaining in control would be made in a bankruptcy case in an effort to undermine the Receiver's control. Such challenges will delay a sale process as that process likely will not move forward until such challenge is resolved. Moreover, the sale process would be delayed because approval of PJT's employment and debtor-in-possession financing will require new notice and objection periods. Such delays would be detrimental to ultimate recoveries by creditors.

FCS is confident that the current sale process under the Receiver is well-conceived and fair and believes that the Receiver should be given the opportunity to complete that process. The Receiver's proposed sale process is the best course forward to achieve maximum value for Theia's assets and the FCC license.

It also is worth noting that, depending on the sale price obtained for Theia's assets, there may be very few claims. If the sale process is sufficiently robust, there may be assets sufficient to pay claims in full. In any event, there certainly can be a bankruptcy filing to adjudicate any claims (including contract rejection issues) if there is such a need after the sale of assets.

In short, the Court should not terminate the Receivership. Rather, the Court should approve the employment of PJT and loan so that the sale process can proceed expeditiously to maximize value. If, after a sale of the FCC license and other assets is completed, the Court or Receiver believes that a bankruptcy proceeding is necessary to resolve claims and distributions, a bankruptcy can be commenced at that time. But, a bankruptcy proceeding at this time is counter-productive and would only result in a value destructive delay in any sale.

## **CONCLUSION**

For the stated reasons, FCS respectfully requests that the Court (i) continue the receivership and keep the Receiver in place with the authority granted under the Order, (ii) grant the Receiver's requests to retain PJT, (iii) authorize the Receiver's loan so that the Receiver can continue to liquidate the Receivership Entities assets, and (iv) extend the prohibition on a bankruptcy filing by any party against the Receivership Entities absent approval of this Court.

Dated: Washington, D.C.
February 9, 2022

Respectfully Submitted,

STEPTOE & JOHNSON LLP

*/s/ Charles Michael*
Charles Michael
1114 Avenue of the Americas
New York, NY
(212) 506-3900
cmichael@steptoe.com

Jeffrey M. Reisner
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9452
E-mail: jreisner@steptoe.com

Filiberto Agusti
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
fagusti@steptoe.com

*Counsel for Plaintiff FCS Advisors, LLC*