# ReedSmith

**Driving progress through partnership**

**Kurt F. Gwynne**
Direct Phone: +1 212 549 0230
Email: kgwynne@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 10, 2022

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007-1312

*Application GRANTED. SO ORDERED. /s/ 2-10-22*

Re: *FCS Advisors, LLC v. Theia Group, Inc., et al.*; Case No. 21 cv 6995 (PKC)
<u>**Request to Provisionally Redact and Seal Certain Limited Information**</u>

Dear Judge Castel:



Pursuant to Rule 5(B) of Your Honor's Individual Practices, we write on behalf of Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. to respectfully request permission to redact or seal, at least provisionally, certain personally identifiable information contained in Exhibit D to the Receiver's response (the "Response") to the Court's *Order* dated January 26, 2022 (Doc. 178) (the "Order to Show Cause"), which we will be filing imminently, along with the corresponding information contained in the Response. Specifically, the Receiver seeks permission to redact the names and personal e-mail addresses of certain individual holders of "friends and family" notes who have sent the Noteholder Emails (as defined in the Response), copies of which comprise Exhibit D to the Response.

The names and personal e-mail addresses of the individual "friends and family" noteholders implicate these individuals' legitimate expectations of privacy and are of the utmost personal nature, and therefore, the sealing of such information is in accord with the Second Circuit's opinion in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although there is a presumption of public access to judicial documents, the Court "must determine the weight of that presumption," and "balance competing considerations against it." *Id.* at 119-20 (citation omitted). The sealing of the names and personal e-mail addresses of the individual "friends and family" noteholders is narrowly tailored to preserve their privacy interests and is not relevant to the Court's adjudication of the Order to Show Cause. Indeed, the Second Circuit has noted that similar information may be redacted. *Id.* ("[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (citation omitted); *see also Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) ("We have implemented minimal redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers.").

Accordingly, we respectfully request the Court's permission to provisionally redact or seal the items referenced above, along with references to those material in the Response.

Hon. P. Kevin Castel
February 10, 2022
Page 2

ReedSmith

We thank the Court for its consideration of this request.

Respectfully,

REED SMITH LLP


By: */s/ Kurt F. Gwynne*
    Kurt F. Gwynne

KFG:gl


cc:    Michael Fuqua, Receiver
        All Counsel of Record (via ECF)