UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                        Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                        Defendants.

21 Civ. 6995 (PKC)

### [PROPOSED] ORDER GRANTING MOTION OF RECEIVER FOR AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SALE, TRANSFER, OR ABANDONMENT OF DE MINIMIS ASSETS

Upon consideration of the *Motion of Receiver for an Order Authorizing and Approving Procedures for Sale, Transfer, or Abandonment of De Minimis Assets* (the "Motion") and the accompanying *Memorandum of Law in Support of the Motion* (the "Memorandum"),[1] and the Court finding that good cause exists for the relief required in the Motion,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED**;

2.     Pursuant to 28 U.S.C. § 2004, the Receiver is authorized to sell or transfer De Minimis Assets with a gross selling price less than or equal to $100,000 in the aggregate in a transaction, or in a series of related transactions, to a single buyer or group of related buyers without further order of the Court in accordance with the following De Minimis Asset Sale Procedures:

---

[1] Capitalized terms not defined herein shall have the meaning given such terms in the Memorandum.

a. <u>Business Judgment Standard</u>. The Receiver is authorized to consummate the sale of a De Minimis Asset(s) without further order of the Court, subject to the procedures set forth herein, if the Receiver determines in a good faith exercise of his business judgment that such a sale is in the best interest of the Receivership Entities and their creditors.

b. <u>Sale Free and Clear</u>. Any such sale of a De Minimis Asset(s) shall be free and clear of all validly and properly perfected Liens, with such Liens attaching to the sale proceeds with the same validity, force and effect, and priority as immediately prior to the transaction.

c. <u>Good Faith Purchaser</u>. In the absence of objection, each purchaser of property pursuant to such a sale will be deemed a good faith purchaser for value.

d. <u>Notice</u>. The Receiver shall, at least seven (7) business days prior to closing such sale or effectuating such transfer, file on the Court's docket and serve a written notice of such sale by e-mail, facsimile, or overnight delivery service (each notice, a "<u>Sale Notice</u>") on (a) Steptoe & Johnson US LLP, as counsel to FCS Advisors, LLC and (b) any known affected creditor(s) asserting a Lien on the relevant De Minimis Asset(s) (the "<u>Sale Notice Parties</u>"), which Sale Notice shall set forth the identification of the De Minimis Asset(s) being sold and its location; the identification of the purchaser of the De Minimis Asset(s) and any relationship such party has with the Receivership Entities; the identification of any parties known to the Receiver as holding Liens on the De Minimis Asset(s) being sold and a statement indicating whether the holders of such Liens have consented to the sale; the purchase price for such De Minimis Asset(s); and any other significant terms of the sale; and date and time within which objections must be filed and served on the Receiver (as set forth below). The notice of filings generated by the Court's electronic filing system is hereby deemed to be sufficient service of the Sale Notice as to parties in interest who have entered their appearance in this case.

e. <u>Objection Procedures</u>. Parties objecting to a Sale Notice must file and serve a written objection so that such objection is filed with the Court and is actually received by counsel to the Receiver no later than seven (7) business days after the date on which the Receiver serves the relevant Sale Notice.

f. <u>No Objection</u>. If no objection to a Sale Notice is timely filed by any of the Sale Notice Parties within seven (7) business days of service of such Sale Notice, the Receiver is authorized to consummate such transaction immediately.

g. <u>Unresolved Objections</u>. If a timely objection is filed and not withdrawn or resolved, the Receiver shall request a hearing to consider the unresolved objection. If such objection is overruled or withdrawn, or if the sale of De

Minimis Asset(s) is specifically approved by further order of the Court, the Receiver is authorized to consummate such transaction immediately.

20. To the extent that De Minimis Assets cannot be sold at a price greater than the cost of liquidating such asset, the Receiver is authorized to abandon De Minimis Assets without further order of the Court in accordance with the following De Minimis Asset Abandonment Procedures:

a. For De Minimis Assets that the Receiver believes, as calculated within the Receiver's good faith discretion, have a value of less than or equal to $50,000, the Receiver is authorized to abandon such De Minimis Assets if the Receiver determines in the good faith exercise of his business judgment that such abandonment is in the best interest of the Receivership Entities, without further order of the Court or notice to any party.

b. For De Minimis Assets that the Receiver believes, as calculated within the Receiver's good faith discretion, have a value greater than $50,000 but less than or equal to $100,000:

   i. Notice. The Receiver shall, at least seven (7) business days prior to such proposed abandonment, file on the Court's docket and serve a written notice of such abandonment by e-mail, facsimile, or overnight delivery service (each notice, an "Abandonment Notice") on (a) Steptoe & Johnson US LLP, as counsel to FCS Advisors, LLC and (b) any known affected creditor(s) asserting a Lien on the relevant De Minimis Asset(s) (the "Abandonment Notice Parties"), which Abandonment Notice shall set forth the identification of the De Minimis Asset(s) being abandoned and its location; the identification of any parties known to the Receiver as holding Liens on the De Minimis Asset(s) being abandoned and a statement indicating whether the holders of such Liens have consented to the abandonment; the Receiver's reasons for such abandonment; and date and time within which objections must be filed and served on the Receiver. The notice of filings generated by the Court's electronic filing system is hereby deemed to be sufficient service of the Abandonment Notice as to parties in interest who have entered their appearance in this case.

   ii. Objection Procedures: Parties objecting to an Abandonment Notice must file and serve a written objection so that such objection is filed with the Court and is actually received by counsel to the Receiver no later than seven (7) business days after the date on which the Receiver serves the relevant Abandonment Notice.

   iii. No Objection: If no objection to as Abandonment Notice is timely filed by any of the Abandonment Notice Parties within seven (7) business

    days of service of such Abandonment Notice, the Receiver is authorized to proceed with the abandonment immediately.

   iv. <u>Unresolved Objection</u>: If a timely objection is filed by an Abandonment Notice Party and not withdrawn or resolved, the Receiver shall request a hearing to consider the unresolved objection. If such objection is overruled or withdrawn, or if the abandonment of De Minimis Asset(s) is specifically approved by further order of the Court, the Receiver is authorized to proceed with the abandonment immediately.

3. No objection to the relief requested in the Motion combined with no timely objection to the sale, transfer, or abandonment of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such sale, transfer, or abandonment;

4. Sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale or transfer. The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Receiver;

5. Purchasers and transferees of De Minimis Assets are deemed to be good-faith purchasers for value;

6. With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale

transactions consummated pursuant to this Order shall be binding upon and shall govern the acts to all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby;

7. The Receiver is are authorized to pay those reasonable and necessary fees and expenses incurred in the sale, transfer, or abandonment of De Minimis Assets;

8. The Receiver is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; and

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 16, 2022
New York, New York

P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE