UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br> Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br> Defendants. | 21 Civ. 6995 (PKC) |

### [PROPOSED] ORDER AUTHORIZING RECEIVER TO OBTAIN RECEIVERSHIP FINANCING FROM FCS ADVISORS, LLC

Upon consideration of the *Motion for an Order Authorizing Receiver to Obtain Receivership Financing from FCS Advisors, LLC* (the "Motion"), the accompanying *Memorandum of Law in Support of the Motion* (the "Memorandum"),[1] and after notice and an opportunity for a hearing,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A.  On November 8, 2021, the Court entered the Receivership Order, appointing Michael Fuqua as Receiver for all assets of, in the possession of, under the control of, or held in the name of the Receivership Entities and authorizing him to (i) "take exclusive custody, control, and possession of all the funds, property, mail, and other assets of, in the possession of, or under the control of the Receivership Entities," wherever located (collectively, the "Receivership Property"); (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications

---

[1] Capitalized terms not defined herein shall have the meaning given such terms in the Memorandum or the Loan Documents, as applicable.

Commission . . . License Assets . . . and to take all steps necessary to effectuate a transfer or sale of the assets, except any transfer of control of such FCC License shall be submitted to the Court for approval;" and (iii) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets, in order to prevent any loss, damage or injury."

B.      The Receivership Entities' borrowing of funds pursuant to the Loan Documents is in the best interests of the Receivership Entities' respective estates and their creditors because such funding is necessary to preserve the value of the Receivership Property pending sale or other appropriate disposition.

C.      FCS has indicated a willingness to provide the Receivership Entities with a Loan of up to $5,000,000, solely on the terms and conditions set forth in this Order and the Loan Documents.

D.      The terms of the financing are fair and reasonable under the circumstances, reflect the Receiver's exercise of prudent business judgment consistent with his fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

E.      The Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is necessary to preserve the value of the Receivership Property in the best interests of the creditors of the Receivership Entities. Among other things, entry of this Order will allow the Receiver to pursue a sale process with respect to the FCC License and other Receivership Property.

F.      The Receiver and FCS have negotiated the terms and conditions of this Order and the Loan Documents in good faith and at arm's length, and any credit extended by FCS to the

Receivership Entities in connection with this Order hereafter shall be and hereby is deemed to have been extended in "good faith."

G.  All of the Obligations (as defined below) incurred and transfers made pursuant to this Order and the Loan Documents are made for fair consideration and reasonably equivalent value, as such phrases are used in section 548 of the Bankruptcy Code or any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act or similar statute or common law.

H.  The Receiver has provided adequate and sufficient notice of the Motion by providing written notice to all creditors with a known interest in the Collateral and such other creditors as are identified on the Receiver's declaration of service filed in connection with the Motion. Such notice is appropriate, adequate, and proper under the circumstances involved in this case.

**BASED ON THE FOREGOING, IT IS HEREBY ADJUDGED, ORDERED AND DECREED:**

1.  The Motion is granted subject to the terms and conditions set forth in this Order. Any objections that have not previously been withdrawn are hereby overruled. This Order shall become effective immediately upon its entry.

2.  Subject to the express terms and conditions contained in this Order, the Receiver is hereby authorized to execute and deliver to FCS the executed Loan Documents (in form and content consistent with the Term Sheet) and such additional documents, instruments, and agreements as may be reasonably required to effectuate the purposes of this Order. The Receiver is authorized to comply with and perform all of the express terms and conditions contained in the Loan Documents and such additional documents, instruments, and agreements.

3.  Without limiting the foregoing, subject to the express terms of the Loan Documents, the Receivership Order and this Order, the Receiver shall be authorized to borrow money immediately under and pursuant to the terms of the Term Sheet and the Loan Documents, *provided* that the aggregate principal amount outstanding at any time shall not exceed $5,000,000 (such amounts borrowed are the "Post-Receivership Advances").

4.  Subject to the express terms and conditions contained in the Loan Documents, the Receivership Order and this Order, the Receiver may use Post-Receivership Advances for any purposes permitted under the Loan Documents.

5.  All Post-Receivership Advances, all interest thereon, and all fees, costs, expenses, indebtedness, obligations and other liabilities arising or incurred on or after the date of the entry of this Order and owing by the Receiver to FCS under the Term Sheet or the Loan Documents and this Order shall hereinafter be referred to as the "Obligations."

6.  As security for the full and timely payment of all the Obligations, FCS is hereby granted a valid, perfected and enforceable first priority security interest, ahead of all other liens, encumbrances, security interests, or similar encumbrance (the "Post-Receivership FCS Lien") in all of the Receivership Property, as well as collateral granted to FCS under the NPA and related agreements; and intellectual property, know-how, trade-secrets, software programs, data, and any electronic representation of information, including, without limitation, (i) the rights to receive any payment of money in respect of any of the foregoing (including, without limitation, general intangibles for money due or to become due); (ii) any proceeds, rents, profits, income or benefits or other products thereof; (iii) all other economic rights therein and relating thereto; and (iv) to the maximum extent provided by law, the rights incident or appurtenant thereto; *provided* however that to the extent that, any law, regulation, permit, order, policy, decision or decree of the United

States Government or any other competent Governmental Authority prohibits the creation of a security interest therein, a security interest shall not be granted in such limited asset (collectively, the "Collateral"). For the avoidance of doubt, the Post-Receivership FCS Lien shall prime any and all properly perfected, valid, nonavoidable and enforceable liens that were a matter of public record and permitted to exist under the terms of the SNPSA as of the date of entry of the Receivership Order.

7. The liens and security interests granted herein for the benefit of FCS are and shall be valid, perfected, enforceable, nonavoidable and effective by operation of law as of the date of this Order without any further action by the Receiver, the Receivership Entities, FCS or any other party, and without the execution, filing, or recordation of any financing statements, security agreements, mortgages, or other documents. If FCS hereafter requests that the Receiver execute and deliver to FCS financing statements, security agreements, collateral assignments, mortgages, or other instruments or documents considered by FCS to be reasonably necessary or desirable to further evidence the perfection of the liens and security interests granted in this Order, the Receiver is hereby authorized to execute and deliver all such financing statements, security agreements, mortgages, collateral assignments, instruments, and documents, and FCS is hereby authorized to file or record, in its sole discretion, such documents and the Loan Documents; *provided* that all such documents shall be deemed to have been filed or recorded as of the date of this Order.

8. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed: (a) such modification, vacation, or stay, shall not affect the validity of any obligation, indebtedness, liability, security interests or liens granted or incurred by the Receiver to FCS on or after the date of this Order and prior to the effective date of such stay, modification or vacation, or

the validity and enforceability of any security interests, liens, priority or right authorized or created hereby; and (b) any indebtedness, obligation or liability incurred by the Receiver to FCS on or after the date of this Order and prior to the effective date of such stay, modification or vacation shall be governed in all respects by the provisions of this Order, and FCS shall be entitled to all the rights, remedies, privileges and benefits, including the priority, security interests and liens granted herein and pursuant to the Loan Documents, with respect to any such indebtedness, obligation or liability.

9. Nothing set forth or otherwise contemplated by in this Order shall constitute or be deemed to constitute a waiver of the Receiver's right to seek any charge, lien, assessment or claim against any of Collateral or its proceeds.

10. The Receiver and FCS are hereby authorized to implement any non-material modifications to the Loan Documents without further order of this Court.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

12. Motion 149 is terminated.

Dated: February 16, 2022
       New York, New York

P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE