UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>          Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>          Defendants. | 21 Civ. 6995 (PKC) |

**ORDER GRANTING MOTION OF RECEIVER FOR
AN ORDER AUTHORIZING THE RETENTION OF
<u>PJT PARTNERS LP AS INVESTMENT BANKER</u>**

  Upon consideration of the *Motion of Receiver for an Order Authorizing the Retention of PJT Partners LP as Investment Banker* (the "<u>Motion</u>"), the accompanying *Memorandum of Law in Support of the Motion* (the "<u>Memorandum</u>"), the *Declaration of Michael Fuqua*, and the *Declaration of Michael Schlappig*, a Managing Director at PJT Partners LP ("<u>PJT</u>"), and for the reasons set forth in the foregoing, and the Court finding that good cause exists for the relief required in the Motion,

  IT IS HEREBY ORDERED THAT:

  1.  The Motion is GRANTED;

  2.  The Receiver is authorized to employ PJT to serve as investment banker pursuant to the terms set forth in the Engagement Letter annexed hereto as **Exhibit 1**;[1]

  3.  The Engagement Letter (together with the Indemnity Agreement attached thereto), as modified by this Order, is approved, and the Receiver, on behalf of the Receivership Entities,

---

[1] Capitalized terms not defined herein shall have the meaning given such terms in the Engagement Letter.

is authorized to perform the payment, reimbursement, contribution, and indemnification and other obligations in accordance with the terms and conditions of the Engagement Letter and the Indemnity Letter;

4.   Subject to Paragraph 5 of this Order, the Receiver is authorized to pay PJT's fees and to reimburse PJT for its reasonable costs and expenses as provided in the Engagement Letter. For the avoidance of doubt, upon entry of this Order, the Receiver is authorized to pay PJT (a) the Work Fee of $500,000 in the installments described in the Engagement Letter, which Work Fee is deemed fully earned; provided that, one-hundred percent (100%) of the Work Fee shall be credited, only once and without duplication, against any Transaction Fee; and (b) a Transaction Fee upon consummation of a Transaction;

5.   Notwithstanding anything to the contrary in the Motion or this Order, the Work Fee and the Transaction Fee shall be subject to review such that, upon objection by the Receiver, any creditor or other party in interest, the Court may subsequently allow compensation different from the compensation provided in the Engagement Letter only if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the approval of the Engagement Letter (and not subject to a reasonableness standard of review);

6.   The final paragraph of page 5 of the Engagement Letter (concluding on page 6) is revised to provide as follows:

> PJT Partners agrees that, for a period of two (2) years from the termination of this Agreement, PJT Partners shall keep confidential, using means at least as restrictive as those used to protect its own information of similar import but it any event, no less than reasonable means, all material non-public information concerning the Receivership Entities provided to it by or at the request of the Receiver or the Receivership Entities in connection with PJT Partners' engagement hereunder (the "**Confidential Information**"); *provided, however*, that with respect to Confidential Information that relates to technology in respect of the development of the Receivership Entities' satellites, PJT Partners agrees that it shall keep such information

confidential for a period of four (4) years from the termination of this Agreement; *provided further*, that the foregoing requirements shall not apply ~~except~~ to the extent that such disclosure (a) has been consented to by the Receiver, (b) is required by law, rule, regulation, supervisory authority or other applicable judicial or governmental order or other judicial or legal process or (c) is reasonably necessary in connection with PJT Partners' engagement hereunder, including disclosures to those of PJT Partners' employees, affiliates, members, partners, agents, attorneys and other representatives (those that receive or review Information, collectively, "**Representatives**") who need to know such Confidential Information for the purpose of assisting PJT Partners with PJT Partners' engagement hereunder (it being understood that such Representatives will be informed of the confidential nature of the Information and instructed by PJT Partners to comply with this paragraph). The Confidential Information shall not include Confidential Information that: (a) is or becomes generally available to the public (other than as a result of disclosure by PJT Partners or any of its Representatives in violation of this Agreement); (b) was available to PJT Partners or its Representatives on a non-confidential basis prior to its disclosure by or on behalf of the Receiver or the Receivership Entities; (c) becomes available to PJT Partners or any of its Representatives from a person other than the Receiver, the Receivership Entities or their respective Representatives who is not, to PJT Partners' knowledge or that of such Representative, bound by a duty of confidentiality to the Receiver or the Receivership Entities with respect to such Confidential Information; or (d) is independently developed by or on behalf of PJT Partners without violating any of PJT Partners' obligations hereunder. For the avoidance of doubt, PJT Partners may provide nonpublic Information (as defined below) to prospective transaction parties as contemplated by this Agreement, subject to such parties executing appropriate confidentiality agreements with the Receiver and/or Receivership Entities.

7. To the extent there is any inconsistency between the terms of the Engagement Letter, Indemnity Agreement, and the Motion, on one hand, and this Order, on the other hand, the terms of this Order shall govern;

8. The Receiver is authorized to take all actions necessary to effectuate the relief granted in this Order; and

9.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Feb 16, 2022
New York, New York

P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE