UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                                Plaintiff,

              —against—

THEIA GROUP, INC., d/b/a "THORIAN
GROUP" and/or "CYPHERIAN"; THEIA
AVIATION, LLC; and THEIA HOLDINGS
A, INC., d/b/a "THORIAN HOLDINGS,"

                            Defendants.

21 Civ. 6995 (PKC)

## NOTICE OF SUBPOENA *DUCES TECUM*

**PLEASE TAKE NOTICE** of the attached Subpoena *Duces Tecum* issued to Wells Fargo

Bank, National Association by Michael Fuqua, as Receiver for the above-captioned defendants,

Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc., by his counsel, Reed Smith

LLP.  The items requested, entity served, and time and place for production are set forth in the

attached Subpoena *Duces Tecum*.

Dated:  February 18, 2022
        New York, New York

                           Respectfully submitted:

                           REED SMITH LLP

          By:    */s/ Kurt F. Gwynne*
                    Kurt F. Gwynne (#5605206)
                    599 Lexington Avenue
                    New York, New York 10022
                    Telephone:  (212) 521-5400
                    Facsimile:  (212) 521-5450
                    E-mail:  kgwynne@reedsmith.com

                    *Counsel for Michael Fuqua, in his capacity as*
                    *Receiver of Theia Group, Inc., Theia Aviation LLC,*
                    *and Theia Holdings A, Inc.*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 1)

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Application of | ) | |
| | ) | |
| MICHAEL FUQUA, | ) | |
| | ) | Civil Action No. 1:21-civ-6995 (PKC) |
| as Receiver for THEIA GROUP, INC., d/b/a | ) | |
| "THORIAN GROUP" and/or "CYPHERIAN"; | ) | |
| THEIA AVIATION, LLC; and THEIA HOLDINGS, | ) | |
| A INC., d/b/a "THORIAN HOLDINGS," | ) | |
| | ) | |
| For an Order Directing Discovery from | ) | |
| Wells Fargo Bank, National Association | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wells Fargo Bank, National Association; 100 W. 10th Street; Wilmington, DE 19801

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit A**.

| Place: | Date and Time: |
|---|---|
| **REED SMITH LLP** | March 7, 2022, 10:00 a.m. (Eastern) |
| 1201 N. Market Street, Suite 1500 | |
| Wilmington, DE 19801 | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/18/2022

           *CLERK OF COURT*

                  OR

_____       */s/ Kurt F. Gwynne* (#5605206)
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Michael Fuqua, as Receiver, who issues or requests this subpoena, are:  Kurt F. Gwynne, Esq., 599 Lexington Avenue, 22nd Floor, New York, NY 10022; tel: (212) 521-5400; email: kgwynne@reedsmith.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-civ-6995 (PKC)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (name of individual and title, if any) _____ on (date) _____.

❒        I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____

_____ ; or

❒        I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                                                    *Server's signature*

                                                                                 _____
                                                                                                    *Printed name and title*


                                                                                 _____
                                                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A TO SUBPOENA REQUESTING DOCUMENTS**
**FROM WELLS FARGO BANK, NATIONAL ASSOCIATION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, demand is hereby made on Wells Fargo Bank, National Association, by Michael Fuqua, as Receiver for Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc. for the production of Documents and electronically stored information.  Response to this subpoena shall be made in accordance with the definitions and instructions below by producing Documents responsive to the Requests.  Such Documents shall be produced at the offices of Reed Smith LLP; 1201 North Market Street, Suite 1500; Wilmington, DE 19801 no later than **March 7, 2022, at 10:00 a.m. (Eastern)** or as otherwise agreed to by the parties.

## DEFINITIONS

Throughout these requests for production, the following terms (whether or not capitalized) shall have the meanings set forth below:

1.      "**And**" and "**or**" shall be construed conjunctively when such construction would bring within the Request Documents, Things, or information that would otherwise be outside of its scope, and shall be construed disjunctively when such construction would bring within the Request Documents, Things, or information that would otherwise be outside of its scope.

2.      "**Any**" shall be construed to include the word "**all**," and "**all**" shall be construed to include the word "**any**."

3.      The terms "**discuss**," "**concern**," "**concerning**," "**refer to**," "**relate to**," or "**relating to**" shall mean, directly or indirectly, and in whole or in part, alluding to, analyzing, commenting on, comprising, connected with, consisting of, constituting, containing, dealing with, describing, discussing, embodying, evaluating, explaining, identifying, mentioning, pertaining to,

recording, referring to, reflecting, representing, resulting from, setting forth, showing, summarizing, transmitting, or in any way relevant to, the subject matter of any Request.

4.      "**Document**" is used in the most comprehensive and inclusive sense permitted by Rule 34 of the *Federal Rules of Civil Procedure*, as recently amended, and Rule 26.3 of the *Local Rules of the United States District Courts for the Southern and Eastern Districts of New York*, and shall include, without limitation, all of the following matter in Your actual or constructive possession, custody, or control:  all written, handwritten, typewritten, drawn, graphic, printed, recorded, magnetic, optical, electronic, or otherwise produced or reproduced matter or medium of any kind on which any intelligence or information is recorded or stored, or from which any intelligence or information can be obtained, translated, if necessary, by the Receiver through detection devices into reasonably usable form.  "**Document**" includes, without limitation, the original and any non-identical copy, whether different from the original because of any notes, marks, alterations, writings, or other changes made on said copy or otherwise.

5.      "**Each**" shall be construed to include the word "**every**," and "**every**" shall be construed to include the word "**each**."

6.      "**Include**" and "**including**" means "**including but not limited to**."  The use of the term "**include**" in any Request shall not be used to limit the generality or scope of any Request. Nor shall the generality of any Request be limited by the fact that another Request touches on the same topic with a greater or lesser degree of specificity.

7.      "**Person**" shall mean:  (a) natural persons (also referred to as "**individuals**"); (b) business or legal entities, including, without limitation, corporations, partnerships, joint ventures, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

8.      "**Receiver**" shall mean Michael Fuqua, in his capacity as the court-appointed federal receiver for Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.

9.      "**Requests**" means the enumerated requests set forth herein.

5.      "**You**" or "**Your**" or "**Yours**" shall mean Wells Fargo Bank, National Association and any of its present or former agents, parents, subsidiaries, attorneys, authorized representatives, and other persons acting or purporting to act on its behalf.

## <u>INSTRUCTIONS</u>

1.      The terms defined above and the individual Requests for production and inspection are to be construed broadly and to the fullest extent of their meaning in a good faith effort to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Courts for the Southern and Eastern Districts of New York*.

2.      The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

3.      As used in these Requests, the singular shall also be treated as plural and *vice versa*.

4.      The Receiver seeks production of the Documents set forth in the numbered Requests below in Your possession, custody, and/or control, including non-privileged, non-work-product Documents in the possession of Your attorneys, accountants, consultants, or other agents, and including all entities included in the definition of "You" above.

5.      Each Request for production of Documents contemplates production in full, without abbreviation or redaction of any kind.

6. Any alteration of a responsive Document, including notes, underlining, stamps, drafts, revisions, modifications, and other versions of a final Document, is a separate Document and is to be produced as a separate Document.

7. Documents shall be produced as they are kept in the usual course of business or segregated as responsive to a specific Request enumerated in these Requests for production of Documents.  If Documents are produced as they are maintained in the normal course of business: (a) all associated file labels, file headings thereon, and file folders shall be produced together with the responsive Documents from each file; (b) all Documents containing markings thereon that cannot be legibly or accurately copied shall be produced in their original form; otherwise, You may produce photocopies; and (c) each page shall be given a discrete production number.

8. Each Request for Documents contemplates production in a readily accessible format.  All electronically stored information ("ESI") shall be produced in Single-paged Tagged Image File Format (".tiff") with Optical Cross-Reference (*i.e.*, OPT) and a Concordance (*i.e.*, DAT) Cross-Reference Loadfile.  All ESI shall be produced to a media (*e.g.* CD, DVD, or HDD) as required by data size.  For all Documents, any family relationship should be captured and reflected in the production.

9. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials.

10. If You have any good faith objections to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the

Request shall be stated.  If there is an objection to any part of a Request, then the part objected to should be identified and Documents responsive to the remaining unobjectionable part of such Request should be timely produced.

11.     If, because of a claim of privilege (including work product immunity), You do not respond to any Request or subpart thereof, or You withhold any Document, set forth the privilege claimed, the facts upon which You rely to support the claim of privilege, and furnish a list identifying each Document and Thing for which the privilege is claimed, together with the following additional information:

a.   A brief description of the nature and subject matter of the Document, including the title and type of Document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or Thing;

b.   The Document's date or the Thing's date of creation;

c.   The identity of the author(s) or creator(s);

d.   The identity of the Person(s) to whom the Document is addressed or to whom the Thing has been provided, including all Persons who received copies, photographs, or other representations of the Document;

e.   The identity of the Person(s) to whom the Document was sent;

f.   The identity of the present custodian of the Document;

g.   The current location of the Document;

h.   For each Document, its number of pages; and

i.   The Request or subpart of a Request to which the Document, information, or other Thing is otherwise responsive.

12.    If a privilege is asserted as a ground for not producing or otherwise responding to a Request, describe the factual basis for the claim of privilege in sufficient detail so as to permit a court of competent jurisdiction to adjudicate the validity of the claim of privilege.

13.    Any purportedly privileged Document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

14.    If any Document requested herein has been destroyed, discarded, or in no longer in Your possession, identify each such Document by stating: (a) any addressor or addressee; (b) the addresses of any indicated or blind copies; (c) the date, subject matter, and number of pages of the Document; (d) the identity of any attachments or appendices to the Document; (e) all Persons to whom the Document was distributed, shown, or explained; (f) its date of destruction or discard, manner of destruction or discard and reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discard.

15.    Each production shall be submitted with a transmittal letter that includes the case caption, production volume name, encryption method/software used, and passwords for any password-protected files.

16.    In responding to the Requests, You shall produce all responsive Documents available at the time of production, and You shall supplement Your responses as necessary.

17.    Unless otherwise expressly stated in writing, failure to produce any item requested herein shall constitute a representation that such item does not exist or is not in Your possession, custody, or control.

18.    These Requests shall be deemed continuing, requiring You to supplement Your responsive production promptly.  Such supplemental Documents are to be produced as soon as is reasonably possible after they are located or obtained.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number 5586-6802-0938-3082, issued by Theia Group, Inc. for or at the request of Mr. Stephen O'Neil through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 2**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number 5586-6802-0123-5207, issued by Theia Group, Inc. for or at the request of Mr. Stephen O'Neil through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 3**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number 5586-6802-0123-5173, issued by Theia Group, Inc. for or at the request of Mr. James Hickey through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 4**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number 5586-6802-0123-5181, issued by Theia Group, Inc. for or at the request of Mr. John Gallagher through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 5**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number 5586-6802-0123-5199, issued by Theia Group, Inc. for or at the request of Mr. Paul Carroll through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 6**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number ending in 5560, issued by Theia Group, Inc., Theia Aviation LLC, or Theia Holdings A, Inc., as the case may be, through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 7**

All account statements, transaction logs, financial records, and ledgers relating to that certain Wells Fargo® Business Secured Card, number ending in 1774, issued by Theia Group, Inc., Theia Aviation LLC, or Theia Holdings A, Inc., as the case may be, through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 8**

All account statements, transaction logs, financial records, and ledgers relating to Wells Fargo® Secured BusinessLine® line of credit, number #5586-6900-0007-2032 extended to Theia Group, Inc. for or at the request of Mr. James Hickey through the date upon which Your production in response to this subpoena is served.

**REQUEST NO. 9**

All account statements, transaction logs, financial record, and ledgers relating to Wells Fargo® Secured BusinessLine® line of credit, number #5586-6900-9001-2799 extended to Theia

Group, Inc. for or at the request of Mr. James Hickey through the date upon which Your production in response to this subpoena is served.