UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br> Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br> Defendants. | 21 Civ. 6995 (PKC) |

## THIRD INTERIM REPORT OF RECEIVER
### (For the Period from February 22, 2022 through April 22, 2022)

Kurt F. Gwynne (No. 5605206)
Christopher A. Lynch (No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
E-mail:  kgwynne@reedsmith.com
calynch@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
E-mail:  jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of
Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*

Michael Fuqua, Court-appointed receiver (the "Receiver") for Theia Group, Inc. ("TGI"), Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), submits this Status Report (the "Report") for the period February 22, 2022 through April 22, 2022 (the "Reporting Period") in accordance with the Order of this Court entered on November 8, 2021 (the "Receivership Order"), and for the purpose of reporting the status of the Receiver's work and findings during the Reporting Period. The facts presented in this Report are preliminary and may be amended and changed as the Receiver's investigation continues. This Report supplements the initial status report [Doc. 135] submitted to the Court on December 22, 2021 and the second status report submitted to the Court on February 22, 2022 (the "Second Report") [Doc. 216]. This Report includes the preliminary assessment of the Receiver's counsel, Reed Smith LLP ("Reed Smith") and King & Spalding LLP ("K&S"), as well as the consultants and advisers retained by the Receiver's counsel, including GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley") and PJT Partners, LP ("PJT").

## I. PROTECTING THE RECEIVERSHIP ESTATE ASSETS

### A. Extension of Receivership Stay

On March 3, 2022, the Court entered an Order (the "Stay Extension Order") extending the stay imposed by the Receivership Order (the "Receivership Stay") through and including July 15, 2022, without prejudice to the Receiver's right to request further extensions of the Receivership Stay. An extension of the Receivership Stay was necessary to preserve the Receivership Entities' assets and allow the Receiver to maximize the value of such assets for the benefit of creditors by continuing the Receiver's sale process outside of bankruptcy proceedings. At the Receiver's request, Reed Smith facilitated the filing of the Stay Extension Order in fifteen (15) pending litigation matters.

### B. Financial Account Records

In response to subpoenas *duces tecum* served pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Receiver obtained account records (including details of wire transfers, account and credit card/line of credit statements, and other related information) from Wells Fargo Bank, National Association and PNC Bank, National Association. These records relate to certain checking and credit card accounts previously identified by the Receiver as being held at each respective financial institution in the name of TGI. Production of additional records requested by the Receiver following the first batch of production is ongoing. In addition, the Receiver continues to collaborate with JPMorgan Chase Bank in obtaining records related to accounts opened by the Receivership Entities at that institution in connection with the receipt of a "Paycheck Protection Program" loan from the federal Small Business Administration. Analysis of the Receivership Entities' application for, receipt of, and disbursement of proceeds from the "Paycheck Protection Program" loan remains ongoing.

### C. Legal Files

During the Reporting Period, the Receiver communicated with certain firms and attorneys previously engaged by the Receivership Entities regarding turning over to the Receiver the firm's legal files concerning the Receivership Entities. To date, most firms have cooperated and voluntarily turned over the requested files to the Receiver.

### D. Intellectual Property

The Receiver continues to work with Frank J. Bonini, Jr., Esq. of Bonini Law to protect the Receivership Entities' domestic and international intellectual property filings (*i.e.*, trademarks and patents) by insuring the payment of renewal and other required fees and amounts due.

### E. Executory Contracts, Leases, and Employment Agreements

The Receiver continues to review the terms of over 160 executory contracts, leases, and employment agreements to assess potential amounts due to third parties. The Receiver is in the process of requesting that certain contract counterparties waive non-disclosure and confidentiality provisions in their respective agreements with the Receivership Entities so that potential purchasers of the Receivership Entities' assets that have executed non-disclosure agreements ("NDAs") with the Receiver may review the terms of such agreements.

## II. DISPOSITION OF RECEIVERSHIP ESTATE ASSETS

### A. FCC and NOAA Licenses

Since December 2021, the Receiver has worked with PJT to identify potential bidders for assets of the Receivership Entities, including the spectrum license (the "FCC License") granted to TGI by the Federal Communications Commission (the "FCC") and the license granted to TGI by the National Oceanic and Atmospheric Administration (the "NOAA License"). PJT previously (i) populated a virtual data room with relevant documents to allow potential bidders the opportunity to conduct due diligence with respect to the FCC License, the NOAA License and other assets, (ii) prepared marketing materials for the assets, and (iii) provided an interface with counsel handling filings related to both licenses. PJT also worked with the Receiver, Reed Smith, and in certain cases K&S, to prepare and negotiate NDAs for potential bidders.

As part of Phase I of the process (the "Sale Process") of selling the Receivership Entities' assets, PJT reached out to over 50 potential purchasers. Twelve (12) interested parties executed NDAs with the Receiver in order to gain access to a virtual data room hosted by PJT and conduct further diligence with respect to the opportunity to bid on the assets, including the FCC License and NOAA License. After a period during which those parties that executed NDAs conducted

diligence, four (4) parties sent the Receiver written indications of interest to purchase all or some of the Receivership Entities' assets. The Receiver is in the process of beginning negotiations with parties to establish a stalking horse bidder for Phase II of the Sale Process. Reed Smith, PJT, and the Receiver also are preparing (subject to this Court's approval) bidding procedures to be utilized in connection with the Sale Process. The Receiver is engaged in dialogue with additional potential purchasers and expects to receive additional bids in the future.

The Receiver continues to maintain open lines of communication with the FCC and provide regular updates to the FCC regarding the Sale Process. Akin Gump Strauss Hauer & Feld LLP continues to represent the Receiver in connection with matters before the FCC and the Committee on Foreign Investment in the United States.

### B. Aviation Assets

In the event that the winning bidder in the Sale Process does not wish to purchase, among other things, the Receivership Entities' aircraft (one non-functional plane and one functional plane on lease to a third party), sensing equipment, and a contract for the production of three (3) aircraft with a substantial deposit (collectively, the "Aviation Assets"), the Receiver has been in discussions with parties that seek to purchase only the Aviation Assets and related equipment. The Receiver also continues negotiations for the sale of the functional aircraft with the current lessee and has engaged three (3) appraisers to determine such aircraft's value. In addition, the Receiver requested proposals from three (3) asset liquidation firms to conduct an auction of the non-functional aircraft and related equipment located in Riverside, California. With respect to the aircraft in production, the Receiver also is considering a potential sale of the production contract to a third party.

### C. *De Minimis* Assets

The sale of the office furniture remaining in the Receivership Entities' Washington, D.C. office, which the Receiver discussed in the Second Report, did not occur. The lessor of the Washington D.C. office has indicated some interest in allowing the Receiver to abandon such property.

### III. PRELIMINARY FORENSIC ANALYSIS / RECONCILIATION

During the Reporting Period, the Receiver and his advisors continued their forensic accounting activities with regard to the following areas:

### A. Receivership Sources & Uses of Funds

The Receiver and B. Riley continue to refine the data with respect to the Receivership Entities' sources and uses of funds as more information is received from creditors and financial institutions.

### B. Friends and Family Note Holder Analysis

The Receiver and B. Riley completed a preliminary analysis of the "Friends and Family Notes" and related information recovered from (i) the files of the Receivership Entities, (ii) files held at Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), (iii) records provided to the Receiver from holders of Friends and Family Notes, (iv) the Receivership Entities' accounting records, and (v) the Receivership Entities' bank statements. Summarily, the results of the preliminary analysis reflect that the Receivership Entities received approximately $77 million in connection with 273 Friends and Family Notes issued by the Receivership Entities. The Receiver notes that an individual or entity may hold multiple Friends and Family Notes, and accordingly, the number of holders of Friends and Family Notes is less than 273.

## IV. ONGOING INVESTIGATIONS

### A. Department of Justice Investigation

During the Reporting Period, the United States Department of Justice (the "DOJ"), through the U.S. Attorney's Office for the District of Columbia, served two (2) additional Grand Jury subpoenas upon the Receiver requesting further information. At great expense to the Receivership Entities' estates, the Receiver continues to cooperate with the DOJ with respect to these additional information requests.

### B. FCS Counterclaims Investigation

During the Reporting Period, the Receiver and his counsel, K&S, continued to investigate the Receivership Entities' counterclaims against FCS, Brevet Capital Management, LLC, Mark Callahan, Robert Leeds, Leeds Holdings, LLC, and Strongbow Holdings, LLC (the "Counterclaims") filed in this case. Documents previously held by Fried Frank were made available for review by the Receiver and K&S. The Receiver also interviewed Reid Gorman, former Chief Financial Officer of the Receivership Entities, regarding the content of his declaration supporting TGI's Counterclaims. The Receiver is working with K&S to conclude the investigation.

## V. MISCELLANEOUS

The Receiver continues to receive and answer communications from holders of Friends and Family Notes, consultants, vendors and other parties that may have an interest in the Receivership Entities and this case.

The Receiver continues to work with the payroll company formerly utilized by the Receivership Entities to provide updated IRS Form W-2s and IRS Form 1099s to appropriate parties.

Dated: April 25, 2022
      New York, New York

Respectfully submitted:

REED SMITH LLP

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 5605206)
Christopher A. Lynch (No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:   (212) 521-5450
E-mail:  kgwynne@reedsmith.com
         calynch@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
E-mail:  jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*