Charles Michael
212 378 7604
cmichael@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



May 3, 2022

**By ECF**

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl St.
New York, New York 10007

**Re:**   *FCS Advisors, LLC v. Theia Group, Inc., et al.*, 21 Civ. 6995 (S.D.N.Y.)

Dear Judge Castel:

    On behalf of plaintiff FCS Advisors, LLC ("Brevet"), we write pursuant to Rule 3(A) of the Court's Individual Practices to briefly respond to the pre-motion letter request ("Letter") of Stephen Buscher for leave to file a motion for relief from this Court's Order staying all litigation against the Receivership Entities through July 15, 2022 (the "Stay"). *See* Dkt 117, ¶ 4; Dkt. 219.

    Brevet believes that the Receivership Estate likely has substantial claims against Mr. Buscher relating to his role in Company management and as a party intimately involved in the creation of new entities to house Theia's assets. Brevet and its affiliates reserve all rights with respect to any claims they too may have against Mr. Buscher. However, regardless of these claims, which the Receiver must take time to investigate in order to make any litigation with Mr. Buscher worthwhile, Mr. Buscher's request should be denied because determination of Mr. Buscher's claim is not necessary or beneficial to the Receivership Estates at this time.

    Mr. Buscher asserts that, if allowed, his claims will not interfere with the Receivership estate. *See* Letter at p. 3. However, lifting the stay will interfere with the sale process that is underway because the Receiver will have to split his attention and focus on the proposed arbitration process, and such relief is likely to be followed by similar requests by others.

    This Court issued a stay of all litigation to allow the Receiver time to marshal the assets of the Receivership Entities and pursue a sale of those assets free from distraction. Moreover, arbitration at this time will result in expenses that might reduce recoveries to creditors who must be paid first. In order to fund an orderly sale of the assets of the Receivership Entities, Brevet has provided funding. However, such funding is limited, and the amount provided did not

Hon. P. Kevin Castel
May 3, 2022
Page 2

**Steptoe**

contemplate paying for the defense of an arbitration proceeding, or prosecution and investigation of claims against Mr. Buscher.

      Mr. Buscher further argues that liquidation of his claim at this time is necessary so that it "is possible for the Receiver and the Court to determine whether the proceeds of the Receiver's anticipated sale [is] sufficient to pay all creditors' claims—including Mr. Buscher's claims—in full." Letter at p. 3. As this Court is aware, Brevet holds a first priority security interest in the Receivership Estate assets and is owed in excess of $315 million. Aithre Capital Partners, LLC holds a second priority security interest in the Receivership assets and is owed in excess of $25 million. Upon information and belief, certain noteholders also assert secured claims of multiple millions of dollars. Brevet is hopeful that the sale process will result in sufficient assets to pay all claims in full. However, if the proceeds total less than the total amount of secured claims, the amount of Mr. Buscher's claim will not matter. In such case, requiring the Receiver to incur expenses to litigate or arbitrate those claims would be at the expense of the secured creditors. Brevet objects to such a waste of estate assets.

      Upon information and belief, Mr. Buscher's asserted claims are a tiny percentage of all asserted unsecured claims. A determination of his claim, without a determination of all unsecured claims, is unlikely to make any difference in determining whether the proceeds of the upcoming sale are sufficient to pay all claims in full, especially when counterclaims are asserted.

      For the foregoing reasons, Brevet requests that the Court deny the request to lift the stay until such time as a determination of unsecured claims is necessary.

      Respectfully,

      */s/ Charles Michael*

      Charles Michael

cc:    All Counsel of Record (via ECF)