UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                             Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                            Defendants.

21 Civ. 6995 (PKC)

## NOTICE OF MOTION FOR APPROVAL OF SECOND APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL FUQUA, AS RECEIVER, AND B. RILEY ADVISORY SERVICES

**PLEASE TAKE NOTICE** that, upon the *Second Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (Doc. 246) (the "Application"), Michael Fuqua, as receiver for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc., by and through his undersigned counsel, will move the Court, before the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York (the "Court"), at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for an Order, in substantially the form attached to the Application as **Exhibit A**, allowing and approving compensation (i) to the Receiver in the total amount of $171,000 for services rendered and (ii) to B. Riley Advisory Services in the amount of $332,624.50 for services rendered and reimbursement of expenses in the amount of $2,662.99, for a total of $335,287.49 for the four (4)-month time period of February 1, 2022 through May 31, 2022.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application can be obtained (i) for a fee through the Court's website at https://www.nysb.uscourts.gov/ referencing Case No. 21 Civ. 6995 (PKC) or (ii) for free upon request directed to counsel for the Receiver, Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Jason D. Angelo, Esq. (jangelo@reedsmith.com).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 6(d) and Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any opposing affidavits and answering memoranda must be filed within seventeen (17) days of the date of this Notice.

Dated: June 17, 2022
      New York, New York

Respectfully submitted:

REED SMITH LLP

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 5605206)
Christopher A. Lynch (No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: kgwynne@reedsmith.com
       calynch@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FCS ADVISORS, LLC,

                                  Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                                  Defendants.

21 Civ. 6995 (PKC)

---

**SECOND APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
MICHAEL FUQUA, AS RECEIVER, AND B. RILEY ADVISORY SERVICES**

Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), respectfully submits this application (the "Application"), pursuant to Paragraphs 7, 11, and 12 of the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) signed on November 8, 2021 (the "Receivership Order"), for allowance of compensation and reimbursement of expenses of the Receiver and B. Riley Advisory Services f/k/a GlassRatner Advisory & Capital Group, LLC ("B. Riley") for the time period of February 1, 2022 through May 31, 2022 (the "Application Period") and the *Declaration of Michael Fuqua, as Receiver, in Support of Second Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (the "Fuqua Decl.") filed contemporaneously with this Application, and respectfully states as follows:

## BACKGROUND

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") appointed the Receiver as a federal receiver for the assets of the Receivership Entities pursuant to the Receivership Order.

2. The Court authorized the Receiver to retain professionals (the "Retained Personnel") to assist him in carrying out the duties and responsibilities in the Receivership Order "on terms the Receiver determines to be reasonable in his discretion." *See* Receivership Order, ¶ 11. The Receiver and any Retained Personnel are entitled to (i) "reasonable compensation from the Receivership Entities for the performance of duties" under the Receivership Order and (ii) the "cost of actual and reasonable out-of-pocket expenses incurred by" the Receiver and any Retained Personnel for those services authorized by the Receivership Order "that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate." *Id.*

3. Additionally, the Receiver is authorized to be compensated in accordance with the "Terms of Engagement for the Theia Group, Inc., *et al.*, Receivership" dated November 1, 2021 and signed by the Receiver as Managing Director of B. Riley (the "Engagement Letter"), a copy of which is attached as **Exhibit B**. *See* Receivership Order, ¶ 7; Doc. 106-1, Appendix A. The Receiver and all Retained Personnel hired by the Receiver "shall be compensated solely out of funds now held by or in the possession or control of or which may in the future be received by the Receivership Entities." *Id*.

4. The Receiver is required to obtain the approval of the Court "for prior approval of any payment or disbursement (a) to the Receiver or his firm; or (b) that exceeds $300,000." *See* Receivership Order, ¶ 7.

5. By Order entered on April 6, 2022, the Court approved the *First Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (Doc. 222), thereby approving compensation and reimbursement in the total amount of $169,716.32 for the Receiver and $389,812.89 for B. Riley. *See* Doc. 224.

**SUMMARY OF SERVICES DURING APPLICATION PERIOD**

6. The Receiver, as agent of the Court, has diligently performed his duties under the Receivership Order with the assistance of B. Riley, including, without limitation, the Court's directives to (i) "take exclusive custody, control, and possession" of the Receivership Entities' assets; (ii) "take all steps necessary to secure the business premises of the Receivership Entities and any and all other premises under the control of the Receivership Entities;" (iii) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets;" (iv) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets;" (v) "open one or more bank accounts as designated depositories for funds of the Receivership Entities;" and (vi) "borrow funds on behalf of the receivership estate." *See* Receivership Order, ¶¶ 3, 6, 7, 8, 13; Fuqua Decl., ¶ 5.

7. During the Application Period, the Receiver and B. Riley worked expeditiously and efficiently to provide extensive and valuable services to the Receivership Entities in accordance with the terms of the Receivership Order. A detailed summary of the activities performed by the Receiver and B. Riley was outlined in the (i) *Second Interim Status Report of the Receiver for the Period from December 23, 2021 through February 21, 2022* (Doc. 216) and (ii) *Third Interim Status Report of the Receiver for the Period from February 22, 2022 through April 22, 2022* (Doc. 229) (together, the "Status Reports"), which are incorporated by reference. Fuqua Decl., ¶ 6.

8. The services performed also are detailed in the invoices of the Receiver and B. Riley, copies of which are attached as **Exhibit C and D**, and the amounts requested are as follows:

**COMPENSATION BY RECEIVER AND B. RILEY PROFESSIONALS**
**FEBRUARY 1, 2022 THROUGH MAY 31, 2022**

| Professional | Rate | Feb-22 | | Mar-22 | | Apr-22 | | May-22 | | Totals | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | *Hours* | *Fees* | *Hours* | *Fees* | *Hours* | *Fees* | *Hours* | *Fees* | *Hours* | *Fees* |
| Michael Fuqua | $450.00 | 86.70 | $39,015.00 | 106.00 | $47,700.00 | 89.40 | $40,230.00 | 97.90 | $44,055.00 | *380.00* | *$171,000.00* |
| | | | | | | | | | | | |
| Eric Mazur | $485.00 | 4.30 | $2,085.50 | 3.00 | $1,455.00 | 0.00 | $0.00 | 0.00 | $0.00 | 7.30 | $3,540.50 |
| Joe Pegnia | $435.00 | 80.60 | $35,061.00 | 78.00 | $33,930.00 | 48.20 | $20,967.00 | 3.00 | $1,305.00 | 209.80 | $91,263.00 |
| Phu Nguyen | $375.00 | 6.00 | $2,250.00 | 11.00 | $4,125.00 | 0.00 | $0.00 | 0.00 | $0.00 | 17.00 | $6,375.00 |
| Irene Byela | $325.00[1] | 5.80 | $1,711.00 | 13.60 | $4,420.00 | 44.00 | $14,300.00 | 17.60 | $5,720.00 | 81.00 | $26,151.00 |
| Benjamin Kehler | $295.00 | 165.70 | $48,881.50 | 195.60 | $57,702.00 | 156.00 | $46,020.00 | 146.40 | $43,188.00 | 663.70 | $195,791.50 |
| Alex McLellan | $250.00 | 0.00 | $0.00 | 0.00 | $0.00 | 34.30 | $8,575.00 | 0.30 | $75.00 | 34.60 | $8,650.00 |
| Stephanie Hindsman | $195.00 | 2.30 | $448.50 | 0.00 | $0.00 | 1.00 | $195.00 | 0.00 | $0.00 | 3.30 | $643.50 |
| Gabrielle Roberts | $150.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 1.40 | $210.00 | 1.40 | $210.00 |
| *B. Riley Totals:* | | *264.70* | *$90,437.50* | *301.20* | *$101,632.00* | *283.50* | *$90,057.00* | *168.70* | *$50,498.00* | *1018.10* | *$332,624.50* |
| **GRAND TOTALS:** | | **351.40** | **$129,452.50** | **407.20** | **$149,332.00** | **372.90** | **$130,287.00** | **266.60** | **$94,553.00** | **1398.10** | **$503,624.50** |

**EXPENSE SUMMARY**
**FEBRUARY 1, 2022 THROUGH MAY 31, 2022**

| Expense | Feb-22 | Mar-22 | Apr-22 | May-22 |
|---|---|---|---|---|
| Postage & Delivery | $0.00 | $0.00 | $0.00 | $54.89 |
| PACER Charges | $12.30 | $40.50 | $3.60 | $0.00 |
| Miscellaneous | $30.00 | $17.25 | $0.00 | $0.00 |
| Office Supplies | $0.00 | $445.17 | $0.00 | $0.00 |
| Lodging | $0.00 | $0.00 | $408.57 | $0.00 |
| Meals | $0.00 | $0.00 | $138.63 | $0.00 |
| Mileage | $0.00 | $0.00 | $31.59 | $0.00 |
| Telephone | $0.00 | $0.00 | $49.95 | $0.00 |
| Transportation | $0.00 | $0.00 | $353.34 | $0.00 |
| Travel - Air/Rail | $0.00 | $0.00 | $1,077.20 | $0.00 |
| *Totals:* | *$42.30* | *$502.92* | *$2,062.88* | *$54.89* |
| **GRAND TOTAL** | | | | **$2,662.99** |

---

[1] Ms. Byela's rate for February 2022 was $295 per hour.

9. The foregoing rates represent the standard hourly rates for B. Riley personnel. *See* Fuqua Decl., ¶ 8. With respect to out-of-pocket expenses, such amounts are billed separately, and travel is billed at one-half of the required travel time. *See id.*; *see also* **Exhibit B**.

## REQUESTED RELIEF

10. By this Application, the Receiver respectfully requests entry of an Order, in substantially the form attached as **Exhibit A** (the "Proposed Order") (i) with respect to the Receiver, allowing and approving compensation in the amount of $171,000 for the Application Period and (ii) with respect to B. Riley, allowing and approving compensation in the amount of $332,624.50 and reimbursement of expenses in the amount of $2,662.99, for a total of $335,287.49 for the Application Period; and (iii) granting such further relief as is appropriate.

## BASIS FOR RELIEF

11. A court-appointed receiver "is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, 2019 U.S. Dist. LEXIS 129503, *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). The case law on equity receiverships sets forth the standards for approving receiver compensation and the fees and expenses for the receiver's professionals and dictates that the Court has "broad discretion in setting and approving the fees of receivers." *Baron v. Vullo*, 699 F. App'x 102, 103 (2d Cir. 2017) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47-48 (2d Cir. 2000)) (District Court did not abuse its discretion in awarding fees to receiver where it "appropriately considered that the issues presented in th[e] case were complex [and] the [r]eceiver recorded his work diligently"); *see also SEC v. Northshore Asset Mgmt.*, 2009 U.S. Dist. LEXIS 89947, *3 (S.D.N.Y. Sept. 29, 2009).

12. In determining what constitutes reasonable compensation for a receiver, the Court considers all of the factors involved in a particular receivership, such as (1) "the complexity of problems faced," (2) "the benefit to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented." *SEC v. Qin*, 2021 U.S. Dist. LEXIS 195124, *2 (S.D.N.Y. Oct. 4, 2021) (citing *Byers*, 590 F. Supp. at 644); *see also SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) (same). *Accord SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (approving receiver's request for compensation where the issues being litigated were complex; the receiver's efforts resulted in significant benefits to the receivership estate; the services performed were satisfactory; the receiver submitted detailed, contemporaneous time records reflecting his work and that of other professionals; and the rates were reasonable and consistent with those previously approved by the court.); *see also* 6 A.L.R. Fed. 817, at §§ 7-12 (discussing factors).

13. In addition to fees, the Receiver also is "entitled to be reimbursed for the actual and necessary expenses" that the Receiver "incurred in the performance of [their] duties." *Fed. Trade Comm'n v. Direct Benefits Grp., LLC*, 2013 U.S. Dist. LEXIS 172430, *3 (M.D. Fla. Dec. 6, 2013). B. Riley supports its claim for reimbursement of expenses with "information for the Court to determine that the expenses are actual and necessary costs of preserving the estate." *SEC v. Kirkland*, 2007 U.S. Dist. LEXIS 9858, *2 (M.D. Fla. Feb. 13, 2007) (citing *In re Se. Banking Corp.*, 314 B.R. 250, 271 (Bankr. S.D. Fla. 2004)).

14. Further, "[t]he general rule regarding payment of receivership expenses is that '[c]osts and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by [the receiver] in the discharge of [their] duties, constitute a first charge against the property or funds in the receivership.'" *Gaskill v. Gordon*,

1993 U.S. Dist. LEXIS 2888, *6 (N.D. Ill. Mar. 5, 1993) (quoting 66 AM. JUR.2D RECEIVERS § 281). As such, payment of costs and fees to a court-appointed and approved receiver and their professional team have been given top priority by the courts. *See, e.g.*, *SEC v. Rex Venture Grp. LLC*, 2014 U.S. Dist. LEXIS 45078, *9-10 (W.D.N.C. Mar. 26, 2014).

15. Applying these standards, and as detailed above, in the Status Reports, and in the narrative descriptions in the invoices attached as **Exhibits C and D**, the Receiver has demonstrated that the fees and expenses requested for payment at this time are appropriate. Based on (i) B. Riley's extensive experience; (ii) the complexity of the issues in this case; and (iii) the quality and quantity of work performed, the Receiver respectfully submits that the amounts requested to be paid to the Receiver and B. Riley are fair and reasonable. Moreover, the requested compensation is in line with similar requests approved by courts in this District and the Second Circuit. *See., e.g.*, *Ross v. Thomas*, 2011 U.S. Dist. LEXIS 60444, *38-40 (S.D.N.Y. June 6, 2011) (allowing commission, fees, costs, and expenses in the full requested amount of $336,210.66); *SEC v. Mobley*, 2000 U.S. Dist. LEXIS 16452, *6 (S.D.N.Y. Nov. 13, 2000) (allowing receiver's fees in the full amount of $805,959.42 for a period of three (3) months); *SEC v. Varacchi*, 2020 U.S. Dist. LEXIS 205514, *3 (D. Conn. Oct. 30, 2020) (granting request for reimbursement of fees and expenses in full).

16. With the exception of the Engagement Letter, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid to the Receiver or any sharing thereof. *See* Fuqua Decl., ¶ 11.

**WHEREFORE**, the Receiver respectfully requests that the Court enter the Proposed Order, in substantially the form attached as **Exhibit A**, (i) with respect to the Receiver, allowing and approving compensation in the amount of $171,000 for the Application Period; (ii) with respect to B. Riley, allowing and approving compensation in the amount of $332,624.50 and reimbursement of expenses in the amount of $2,662.99, for a total of $335,287.49 for the Application Period; and (iii) granting such further relief as is appropriate.

Dated: June 17, 2022
New York, New York

Respectfully submitted:

REED SMITH LLP

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 5605206)
Christopher A. Lynch (No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:   (212) 521-5450
E-mail:  kgwynne@reedsmith.com
         calynch@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
E-mail:  jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*