UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br>                                    Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br>                                    Defendants. | 21 Civ. 6995 (PKC) |

**NOTICE OF MOTION FOR APPROVAL OF SECOND APPLICATION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF REED SMITH LLP, AS COUNSEL TO RECEIVER**

**PLEASE TAKE NOTICE** that, upon the *Second Application for Allowance of Compensation and Reimbursement of Expenses of Reed Smith LLP, Counsel to the Receiver* (Doc. 247) (the "Application"), Michael Fuqua, as receiver for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc., by and through his undersigned counsel, will move the Court, before the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York (the "Court"), at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for an Order, in substantially the form attached to the Application as **Exhibit A**, allowing and approving compensation to Reed Smith LLP in the amount of $254,575 for legal services and reimbursement of expenses in the amount of $17,723.31, for a total of $272,298.31 for the two (2)-month time period of April 1, 2022 through May 31, 2022.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application can be obtained (i) for a fee through the Court's website at https://www.nysb.uscourts.gov/ referencing Case No.

21 Civ. 6995 (PKC) or (ii) for free upon request directed to counsel for the Receiver, Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Jason D. Angelo, Esq. (jangelo@reedsmith.com).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 6(d) and Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any opposing affidavits and answering memoranda must be filed within seventeen (17) days of the date of this Notice.

Dated: June 21, 2022
New York, New York

                                   Respectfully submitted,

                                   REED SMITH LLP

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 5605206)
Christopher A. Lynch (No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: kgwynne@reedsmith.com
       calynch@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br> Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br> Defendants. | 21 Civ. 6995 (PKC) |

**SECOND APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF REED SMITH LLP, AS COUNSEL TO RECEIVER**

Reed Smith LLP ("Reed Smith" or the "Firm"), counsel to Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), respectfully submits this application (this "Application"), pursuant to the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) signed on November 8, 2021 (the "Receivership Order") for an allowance of compensation in the amount of $254,575 and reimbursement of expenses in the amount of $17,723.31, for a total of $272,298.31 in the above-captioned matter (this "Case") for the period of April 1, 2022 through May 31, 2022 (the "Application Period"). In support of the Application, Reed Smith contemporaneously has filed the (i) *Declaration of Kurt F. Gwynne, Esq., in Support of Second Application for Allowance of Compensation and Reimbursement of Expenses of Reed Smith LLP, as Counsel to Receiver* (the "Gwynne Decl."), and (ii) *Declaration of Rizwan A. Qureshi, Esq., in Support of Second Application for Allowance of Compensation and Reimbursement of Expenses of Reed Smith LLP,*

*as Counsel to Receiver* (the "Qureshi Decl."). In further support of the Application, Reed Smith respectfully states as follows:

## BACKGROUND

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") appointed the Receiver as a federal receiver for the assets of the Receivership Entities pursuant to the Receivership Order.

2. The Court authorized the Receiver to retain professionals (the "Retained Personnel") to assist him in carrying out the duties and responsibilities in the Receivership Order "on terms the Receiver determines to be reasonable in his discretion." *See* Receivership Order, ¶ 11. Pursuant to the Receivership Order, the Receiver and any Retained Personnel are entitled to (i) reasonable compensation for the performance of duties under the Receivership Order and (ii) the cost of actual and reasonable out-of-pocket expenses incurred by the Receiver and any Retained Personnel for those services authorized by the Receivership Order that were (i) reasonably likely to benefit the receivership estate or (ii) necessary to the administration of the estate. *Id.*

3. The Receivership Order further provides that (i) "[t]he Receiver may make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by," the Receivership Order and (ii) Retained Personnel hired by the Receiver "shall be compensated solely out of funds now held by or in the possession or control of or which may in the future be received by the Receivership Entities." *See* Receivership Order, ¶¶ 7, 11. The Receiver is required to obtain the approval of the Court for any payment or disbursement to the Receiver or his firm or that exceeds $300,000. *See id*., ¶ 7.

4. The Receiver retained Reed Smith as his counsel in this Case. *See* Gwynne Decl., ¶ 6. The Reed Smith professionals engaged to represent the Receiver constitute "Retained Personnel" under the terms of the Receivership Order.

5. During the Application Period, Reed Smith assisted the Receiver, as agent of the Court, in connection with the Court's directives that the Receiver (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets" and (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets." *See* Receivership Order, ¶¶ 6, 7; *see also* Gwynne Decl., ¶ 7.

## REED SMITH'S APPLICATION FOR COMPENSATION

### Compensation Paid and Its Source

6. All services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Receiver and the Receivership Entities during the Application Period. *See* Gwynne Decl., ¶ 8.

### Fee Statement

7. The fee statement for Reed Smith for the Application Period is attached to this Application as **Exhibit B**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for the Application Period, and is separated into two separate categories: (i) general legal counsel to the Receiver in connection with his exercise of his duties as Receiver (Matter No. 60001) and (ii) counsel with respect to the ongoing Department of Justice investigation into the Receivership Entities (Matter No. 60002). *See* Gwynne Decl., ¶ 9.

8. The billing rates for the Reed Smith professionals who worked on this Case, as set forth in **Exhibit C**, are those that Reed Smith customarily charges for legal services to other clients of the Firm. *See* Gwynne Decl., ¶ 10.

## Cumulative Compensation Summary By Reed Smith Professionals

*Matter No. 60001—General Legal Counsel to the Receiver*

| Professional | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | 2022 Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Kurt F. Gwynne | Partner; Member of the Pennsylvania Bar since 1992; Member of the New York, Delaware and New Jersey Bars; Joined the Firm in 2001. | $1,125.00 | 49.20 | $55,350.00 |
| Kathleen Garrett | Partner; Member of the Bar of Ireland since 1990; Member of the Bar of England since 2010; Joined the Firm in 2021. | $1,080.00 | 3.50 | $3,780.00 |
| Christopher A. Lynch | Counsel; Member of the New Jersey and New York Bars since 2004; Joined the Firm in 2009. | $935.00 | 18.30 | $17,110.50 |
| Jason D. Angelo | Associate; Member of the New Jersey Bar since 2013; Member of the Delaware, Pennsylvania and New Jersey Bars; Joined Firm in 2018. | $695.00 | 57.90 | $40,240.50 |
| Jennifer A. Marcolini | Paralegal; Joined the Firm in 2022. | $395.00 | 5.40 | $2,133.00 |
| Christopher LauKamg | Paralegal; Joined the Firm in 2013. | $375.00 | 24.00 | $9,000.00 |
| **TOTAL FOR MATTER 60001:** | | | 158.30 | $127,614.00 |

*Matter 60002—Counsel with respect to Department of Justice Investigation*

| Professional | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | 2022 Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Rizwan (Rizzy) Qureshi | Partner; Member of the New York Bar since 2008; Member of the District of Columbia Bar; Joined the Firm in 2019. | $950.00 | 12.20 | $11,590.00 |
| Justin W. Angotti | Associate; Member of the Virginia Bar since 2021; Joined the Firm in 2021. | $530.00 | 28.10 | $14,893.00 |
| Todd R. Fairman | E-Discovery Associate; Member of the Pennsylvania Bar since 1999; Joined the Firm in 2011. | $300.00 | 73.40 | $22,020.00 |
| Sharon A. Doherty | E-Discovery Associate; Member of the New York Bar since 1988; Member of | $250.00 | 41.10 | $10,275.00 |

| Professional | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | 2022 Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| | the Pennsylvania Bar since 2005; Joined the Firm in 2013. | | | |
| Victoria Lee | E-Discovery Associate; Member of the Pennsylvania Bar since 1981; Joined the Firm in 2009. | $250.00 | 35.20 | $8,800.00 |
| Arbaaz Rao | E-Discovery Associate; Member of the Pennsylvania Bar since 2018; Joined the Firm in 2019. | $185.00 | 287.90 | $53,261.50 |
| Adrienne E. Johnson | E-Discovery Associate; Member of the New York Bar since 1982; Member of the Pennsylvania Bar since 1982; Joined the Firm in 2018. | $165.00 | 37.10 | $6,121.50 |
| **TOTAL FOR MATTER 60002:** | | | 515.00 | $126,961.00 |

        **Grand Total:** $254,575
        **Attorney Compensation:** $243,442
        **Total Attorney Hours:** 643.90
        **Non-Attorney Compensation:** $11,133
        **Total Non-Attorney Hours:** 29.40
        **Blended Rate (All Timekeepers):** $378.10

9. Reed Smith worked expeditiously and efficiently with the Receiver and his team to provide legal services to the Receiver. *See* Gwynne Decl., ¶ 11; Qureshi Decl., ¶ 8. As set forth in the invoices attached as **Exhibit C**, the activities performed and services provided by Reed Smith during the Application Period include, without limitation, the following:

    a. **Financial & Corporate Information**. Reed Smith assisted the Receiver's ongoing efforts to obtain all information related to the Receivership Entities' finances, including all bank account records. Reed Smith obtained additional production of account records from Wells Fargo and PNC Bank pursuant to previously issued subpoenas *duces tecum*, including information related to certain checking and credit card accounts identified as being held at each respective financial institution in the name of one or more of the Receivership Entities.

    b. **Board Members / Former Management**. Reed Smith assisted the Receiver in responding to a demand for indemnification by a former board member and conducted a review and analysis of board meeting minutes, notes, and other documents received in productions from law firms that previously represented the

Receivership Entities. Reed Smith also communicated with former management with respect to issues related to the ongoing sale process.

c. **"Friends & Family" Notes**. Reed Smith remained in contact with counsel for holders of certain "friends & family" notes and assisted the Receiver in his efforts to determine the proper and complete accounting of noteholder claims and the terms thereof and with respect to the Receiver's efforts to identify holders interested in entering into a repurchase agreement with a potential purchaser of the Receivership Entities' assets.

d. **Sale Process**. With respect to the sale of the FCC and NOAA licenses, Reed Smith assisted in the ongoing sale process by drafting and supplementing multiple non-disclosure agreements and working closely with PJT Partners, L.P. to strategize regarding the dealings with potential purchasers. This included communications with potential purchasers regarding whether to name a stalking horse bidder and related protections for such stalking horse bidder, along with the drafting and revising potential bidding procedures for the sale process. Reed Smith also assisted with finalizing and filing a notice of *de minimis* asset sale related to certain technology owned by the Receivership Entities and located in New Mexico. In connection with creating a data room of vendors for potential purchasers, the Firm reviewed numerous third-party agreements and analyzed their confidentiality provisions to ensure third-party approvals where necessary to avoid any inadvertent breaches of confidentiality.

e. **Miscellaneous Court Filings.** Reed Smith assisted the Receiver in drafting and filing his third interim status report to the Court. Reed Smith also assisted in (i) responding to a third-party subpoena issued to the Receivership Entities in connection with a dispute involving a former member of management in New Mexico State Court and (ii) responding to a pre-motion letter regarding a former management member's request for relief from the receivership stay. The Firm also drafted and filed the Receiver's and the Firm's own first applications for compensation and reimbursement of expenses and related certificates of no objection and certificates of services. Additionally, Reed Smith maintains and regularly updates the "master service list" of the individuals and entities that are parties in interest and entitled to receive notice of the Receiver's filings in this Case.

f. **DOJ Investigation**. Reed Smith continues to assist the Receiver in responding and producing documents related to four (4) broad grand jury subpoenas issued by the United States District Court for the District of Columbia to produce certain documents, including two (2) broad subpoenas issued to the Receivership Entities prior to the Receiver's appointment. Reed Smith reviews the production to ensure the Receiver maintains the legal and evidentiary privileges of the Receivership Entities, as well as to comply with any existing agreements between the Receivership Entities and third parties to avoid disclosure of confidential or proprietary information. Reed Smith has worked to ensure that any production of responsive documents to the U.S. Attorney's Office for the District of Columbia

>does not create legal exposure for the Receivership Entities by inadvertently waiving privilege or disclosing confidential or proprietary documents in breach of agreements with third parties, which could also affect the Receiver's ability to maximize the value of the Receivership Entities' assets. Reed Smith assisted the Receiver and his team with a substantial amount of work assembling, reviewing, and producing tens of thousands of pages of documents in regard to the subpoena and related information requests from the U.S. Attorney's Office for the District of Columbia. Reed Smith also liaised with representatives from the Department of Justice and counsel to a former board member and a former member of management regarding ongoing production and cooperation with the Department of Justice. Reed Smith's review and analysis of the Receivership Entities' files is ongoing, and documents are being produced on a rolling basis.

*See generally* Gwynne Decl., ¶ 11; Qureshi Decl., ¶¶ 6-10.

### Actual and Necessary Expenses

10. Reed Smith incurred $17,723.31 in reasonable and necessary expenses during the Application Period. *See* Gwynne Decl, ¶ 12; Qureshi Decl., ¶ 11. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. *Id.* The Firm's rate for duplication is $0.10 per page. The Firm also uses outside duplication services for large photocopy work. Reed Smith utilized DLS Discovery for large mailings of significant filings to over 320 parties-in-interest, including holders of "friends and family" notes and former third-party consultants hired by the Receivership Entities. *Id.* Additionally, the Firm utilized "Gravity Stack," a Reed Smith subsidiary that provides complete, end-to-end managed services in litigation and internal investigations, to assist with data collection, processing, hosting, and production in connection with the ongoing Department of Justice investigation. *Id.*; Qureshi Decl., ¶ 11. A summary of the actual and necessary expenses incurred by Reed Smith during the Application Period is attached as **Exhibit C**.

11. Reed Smith believes the foregoing rates are at or below the market rates that similar law firms charge clients for such services. *See* Gwynne Decl, ¶ 15. In addition, Reed Smith believes that such charges are in accordance with the American Bar Association's ("ABA")

guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.  *Id.*

## Charges for Legal Services

12. Attorneys and paraprofessionals of Reed Smith have expended a total of 673.30 hours in connection with this matter during the Application Period, as follows:

| ATTORNEYS | HOURS | 2022 RATE |
|---|---|---|
| Kurt F. Gwynne | 49.20 | $1,125.00 |
| Kathleen Garrett | 3.50 | $1,080.00 |
| Christopher A. Lynch | 18.30 | $935.00 |
| Rizwan (Rizzy) Qureshi | 12.20 | $950.00 |
| Jason D. Angelo | 57.90 | $695.00 |
| Justin W. Angotti | 28.10 | $530.00 |
| Todd R. Fairman | 73.40 | $300.00 |
| Sharon A. Doherty | 41.10 | $250.00 |
| Victoria Lee | 35.20 | $250.00 |
| Arbaaz Rao | 287.90 | $185.00 |
| Adrienne E. Johnson | 37.10 | $165.00 |

| PARAPROFESSIONALS | HOURS | 2022 RATE |
|---|---|---|
| Jennifer A. Marcolini | 5.40 | $395.00 |
| Christopher LauKamg | 24.00 | $375.00 |

13. The nature of the work performed by these professionals is fully set forth in the attached **Exhibit B**.  The charges for the services rendered by Reed Smith to the Receiver and the Receivership Entities during the Application Period is $254,575.  A monthly breakdown of the compensation sought for and the number of hours worked by each Reed Smith professional in connection with this Case is set forth in **Exhibit D**.

14. Reed Smith respectfully submits that the amounts requested are reasonable given (a) the complexity of this Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the value of property of the estate enhanced, preserved and protected, and (f) the costs of comparable services (including in cases other than a receivership case).  *See* Gwynne Decl. ¶ 13; Qureshi Decl., ¶ 12.

- 8 -

15.     This Application covers the period from April 1, 2022, through May 31, 2022.  Although every effort was made to include all fees and expenses from the Application Period in this Application, some fees and/or expenses from the Application Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant Application subsequent to the Application Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

## REQUESTED RELIEF

16.     By this Application, the Receiver respectfully requests entry of an Order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), allowing and approving compensation to Reed Smith in the amount of $254,575 and reimbursement of expenses in the amount of $17,723.31, for a total of $272,298.31 for the Application Period and (ii) granting such other relief as is appropriate.

## BASIS FOR RELIEF

17.     The professionals retained by a court-appointed receiver are entitled to reasonable compensation for services rendered and expenses incurred. *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). When granting fee awards, district courts are given "broad discretion" in determining what is reasonable under the circumstances. *See Baron v. Vullo*, 699 F. App'x 102, 103 (2d Cir. 2017) (court has broad discretion in setting and approving the fees of receivers and professionals); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *SEC v. Northshore Asset Mgmt.*, 2009 U.S. Dist. LEXIS 89947, *3 (S.D.N.Y. Sept. 29, 2009).

18.     In determining what constitutes reasonable compensation for a receiver's professionals, the Court considers all of the factors involved in a particular receivership, such as

(1) "the complexity of problems faced," (2) "the benefit to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented." *SEC v. Qin*, 2021 U.S. Dist. LEXIS 195124, *2 (S.D.N.Y. Oct. 4, 2021) (citing *Byers*, 590 F. Supp. at 644); *see also SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) (same). *Accord SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (approving request for compensation where the issues were complex; the efforts of the receiver and his professionals resulted in significant benefits to the receivership estate; the services performed were satisfactory; the receiver submitted detailed, contemporaneous time records reflecting his work and that of other professionals; and the rates were reasonable and consistent with those previously approved by the court.); *see also* 6 A.L.R. Fed. 817, at §§ 7-12 (discussing factors).

19. In addition to fees, the Receiver's professionals are "entitled to be reimbursed for the actual and necessary expenses" that were "incurred in the performance of [their] duties." *Fed. Trade Comm'n v. Direct Benefits Grp., LLC*, 2013 U.S. Dist. LEXIS 172430, *3 (M.D. Fla. Dec. 6, 2013). Reed Smith supports its claims for reimbursement of expenses with "information for the Court to determine that the expenses are actual and necessary costs of preserving the estate." *SEC v. Kirkland*, 2007 U.S. Dist. LEXIS 9858, *2 (M.D. Fla. Feb. 13, 2007) (citing *In re Se. Banking Corp.*, 314 B.R. 250, 271 (Bankr. S.D. Fla. 2004)).

20. Further, "[t]he general rule regarding payment of receivership expenses is that '[c]osts and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by [the receiver] in the discharge of [their] duties, constitute a first charge against the property or funds in the receivership.'" *Gaskill v. Gordon*, 1993 U.S. Dist. LEXIS 2888, *6 (N.D. Ill. Mar. 5, 1993) (quoting 66 AM. JUR.2D RECEIVERS § 281). As such, payment of costs and fees to a court-appointed and approved receiver and the

receiver's professional team have been given top priority by the courts. *See, e.g.*, *SEC v. Rex Venture Grp. LLC*, 2014 U.S. Dist. LEXIS 45078, *9-10 (W.D.N.C. Mar. 26, 2014).

21. Applying these standards, and as detailed above and in the narrative descriptions in the invoices attached as **Exhibit B**, Reed Smith respectfully submits that it has demonstrated that the fees and expenses requested for payment at this time are appropriate. Reed Smith respectfully submits that it has provided extensive legal services for the benefit of the Receivership Entities and their estates. *See, e.g.*, **Exhibit B**; Gwynne Decl., ¶ 13; Qureshi Decl., ¶ 12. Moreover, the issues involved in this Case are highly complex and cover a wide range of subject matters. The invoices submitted contemporaneously with this Application indicate that Reed Smith worked diligently in performing services on behalf of the Receiver and the Receivership Entities. *See* **Exhibit B**. Accordingly, Reed Smith respectfully submits that the amounts requested by this Application are fair and reasonable.

22. The requested compensation is in line with similar requests approved by courts in this District and the Second Circuit. *See., e.g.*, *SEC v. Qin*, 2021 U.S. Dist. LEXIS 195124, *1-2 (awarding receiver's counsel $671,973.70 in compensation for a thirty (30) day period); *Byers*, 590 F. Supp. 2d at 644-45 (awarding and deeming as reasonable, for a twenty (20) day period, $1,718,144.40 in compensation and expenses in the amount of $85,840.10); *Mishcon De Reya N.Y. LLP v. Grail Semiconductor, Inc.*, 2014 U.S. Dist. LEXIS 22168, *5-6 (S.D.N.Y. Feb. 20, 2014) (awarding receiver's counsel $224,135.75 in fees and $2,318.20 in expenses).

[*The remainder of this page has been intentionally left blank.*]

**WHEREFORE**, Reed Smith respectfully requests that the Court enter the Proposed Order, in substantially the form attached as **Exhibit A**, (i) allowing and approving compensation to Reed Smith in the amount of $254,575 and reimbursement of expenses in the amount of $17,723.31, for a total of $272,298.31 for the Application Period and (ii) granting such further relief to Reed Smith as is appropriate.

Dated: June 21, 2022
New York, New York

Respectfully submitted,

REED SMITH LLP

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 5605206)
Christopher A. Lynch (No. 4243655)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: kgwynne@reedsmith.com
calynch@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*