**EXHIBIT C**

Declaration of J. Reid Gorman

(Attached)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>            Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>            Defendants. | 21 Civ. 6995 (PKC) |

### DECLARATION OF J. REID GORMAN, FORMER CHIEF FINANCIAL OFFICER OF THEIA GROUP, INC., IN SUPPORT OF EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER

I, J. Reid Gorman, declare:

1. I previously served as Chief Financial Officer of Theia Group, Inc. ("TGI" and collectively with Theia Aviation LLC and Theia Holdings A, Inc., the "Receivership Entities").[1] Prior to becoming Chief Financial Officer, I was an officer of TGI as Executive Vice President - Global Facilities and had been employed at TGI since November 2018.

2. I was an officer of TGI during the litigation in the above-referenced case regarding the appointment of a receiver for the Receivership Entities. I actively opposed the appointment of a receiver for the Receivership Entities. *See, e.g.*, Doc. 45 (*Declaration of Reid Gorman* in opposition to application to appoint receiver).

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the *Memorandum of Law in Support of Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order*, which is being filed contemporaneously with this Declaration.

- 2 -

3. On November 8, 2021, this Court entered an Order appointing Michael Fuqua as receiver for the Receivership Entities (the "Receiver").

4. Since his appointment, the Receiver (with the assistance of numerous technical and legal advisors) has been managing the Receivership Entities' assets and engaging with professionals to develop a process for the sale of the Receivership Entities' assets, including the FCC License and the NOAA License (together with intellectual property and other assets, the "Receivership Assets").

5. Based on my discussions with other former management of the Receivership Entities and Rising Sky, LLC ("Rising Sky"), a potential purchaser of the Receivership Assets, I understand that Risking Sky is in the process of the formulating a bid to acquire the Receivership Assets and has been diligently negotiating with the Receivership Entities' various creditor constituencies, including secured creditors, holders of the "friends and family" notes, and trade creditors.

6. I have a significant interest in the outcome of the sale process as a creditor of the Receivership Entities. An entity that I control, TPI Advisors, LLC, is owed approximately $405,000 by TGI.

7. I understand that the Receivership Order provides for a stay of all litigation against the Receivership Entities (the "Receivership Stay"), which has been extended through and including July 15, 2022.

8. Although I was involved in opposing the appointment of the Receiver, I am strongly in favor extending the Receivership Stay through October 15, 2022. I believe that the Receiver and his advisors have been working in good faith to maximize the value of the Receivership Assets.

9. As a former officer of TGI who is familiar with the nature of its assets, I believe that a sale of the Receivership Assets outside of bankruptcy is the appropriate course of action to maximize the value of the Receivership Assets (which are complex and technical in nature).

10. Accordingly, the ongoing Sale Process should be allowed to run its course *before* the Receiver files (if necessary or otherwise appropriate) bankruptcy petitions on behalf of the Receivership Entities. The filing of bankruptcy cases at this time because of a resumption in litigation would serve only to distract from, interfere with, or delay the important sale process pursuant to which creditors, like TPI Advisors, LLC, anticipate receiving recoveries.

11. For all of those reasons, although I did oppose the appointment of the Receiver, I support the Receiver's position that the sale process should be permitted to continue in the Receivership without the threat and distraction of litigation that would ensue upon the expiration of the Receivership Stay.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 1, 2022

By: _____
J. Reid Gorman