**EXHIBIT D**

Declaration of John J. Gallagher, Esq.

(Attached)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                                               Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                                              Defendants. | 21 Civ. 6995 (PKC) |

**DECLARATION OF JOHN J. GALLAGHER, ESQ., FORMER BOARD MEMBER AND SECRETARY OF THEIA GROUP, INC., IN SUPPORT OF EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER**

I, John J. Gallagher, Esq., declare:

1. I am a former Member of the Board of Directors of Theia Group, Inc. ("TGI," and together with Theia Aviation LLC, and Theia Holdings A, Inc., the "Receivership Entities"). I also served as the Secretary of TGI.

2. By and through Meridian Vector Corp., I hold substantial equity in TGI, which, in turn, is the sole owner of the equity interests in the other Receivership Entities.

3. I also have a significant interest as a creditor of the Receivership Entities because, among other things, I am a guarantor of the debt owed to FCS Advisors, LLC.

4. I was an officer of TGI during the litigation in the above-referenced case regarding the appointment of a receiver for the Receivership Entities.

5. On November 8, 2021, this Court entered an Order appointing Michael Fuqua as receiver for the Receivership Entities (the "Receiver").

6. Since the Court's appointment of the Receiver, I have worked collaboratively with the Receiver and his advisors to insure that he has the information and assistance necessary to effectively and efficiently perform his duties. To that end, I have met with the Receiver and his counsel, turned over historic files relating to the Receivership Entities, and directed interested parties to the Receiver or his counsel.

7. Since his appointment, the Receiver (with the assistance of numerous technical and legal advisors) has been managing the Receivership Entities' assets and engaging with professionals to develop a process for the sale of the Receivership Entities' assets, including the FCC License and the NOAA License (together with intellectual property and other assets, the "Receivership Assets").

8. Based on my discussions with Rising Sky, LLC ("Rising Sky"), a potential purchaser of the Receivership Assets, I understand that Rising Sky is in the process of the formulating a bid to acquire the Receivership Assets and has been diligently negotiating with the Receivership Entities' various creditor constituencies, including secured creditors, holders of the "friends and family" notes, and trade creditors.

9. I understand that the Receivership Order provides for a stay of all litigation against the Receivership Entities (the "Receivership Stay"), which has been extended through and including July 15, 2022.

10. Although the Receivership Entities opposed the appointment of a receiver, I am strongly in favor extending the Receivership Stay through October 15, 2022. I believe that the Receiver and his advisors have been working in good faith to maximize the value of the Receivership Assets.

11.     As a former board member and officer of TGI who is familiar with the nature of its assets, I believe that a sale of the Receivership Assets outside of bankruptcy is the appropriate course of action to maximize the value of the Receivership Assets (which are complex and technical in nature).

12.     Accordingly, the ongoing sale process should be allowed to run its course *before* the Receiver (if necessary or otherwise appropriate) files bankruptcy petitions on behalf of the Receivership Entities.  The filing of bankruptcy cases at this time because of a resumption in litigation would serve only to distract from, interfere with, or delay the important sale process pursuant to which creditors anticipate receiving recoveries.

13.     For all of those reasons, although the Receivership Entities opposed the appointment of a receiver, I strongly support the Receiver's position that the sale process should be permitted to continue in the Receivership without the threat and distraction of litigation that would ensue upon the expiration of the Receivership Stay.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 1, 2022

By:     */s/ John J. Gallagher, Esq.*
        John J. Gallagher, Esq.