UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FCS ADVISORS, LLC,

                                                Plaintiff,

            —against—

THEIA GROUP, INC., d/b/a "THORIAN
GROUP" and/or "CYPHERIAN"; THEIA
AVIATION, LLC; and THEIA HOLDINGS
A, INC., d/b/a "THORIAN HOLDINGS,"

                                                Defendants.

21 Civ. 6995 (PKC)

---

**DECLARATION OF RIZWAN A. QURESHI IN SUPPORT OF SECOND
APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF REED SMITH LLP, AS COUNSEL TO RECEIVER**

I, Rizwan A. Qureshi, hereby declare:

1.      I am a partner of the law firm Reed Smith LLP ("Reed Smith" or the "Firm").

2.      I submit this declaration (this "Declaration") in support of the *Second Application
for Allowance of Compensation and Reimbursement of Expenses of Reed Smith LLP, as Counsel
to the Receiver* (the "Application"), filed contemporaneously with this Declaration.[1]

3.      Unless otherwise indicated, all facts set forth in this Declaration are based on my
personal knowledge.  If I were called to testify, I would testify competently to the facts set forth
below.

4.      I have read the Application as it relates to the DOJ Investigation (as defined below),
and the facts set forth in the Application regarding the Firm's services and expenses related thereto
are true and correct.

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms
in the Application.

5.      On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) in the above-captioned case (the "Case"), thereby appointing Michael Fuqua as receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"). The Receiver engaged Reed Smith to serve as his counsel with respect to the Case.

6.      Following his appointment and his engagement of Reed Smith, the Receiver was contacted by Internal Revenue Service officials and investigators from the U.S. Attorney's Office for the District of Columbia (the "USAO") regarding a pre-receivership U.S. Department of Justice grand jury investigation (the "DOJ Investigation"). On or about December 12, 2021 and again on or about March 25, 2022, the Receiver was served with grand jury subpoenas (together, the "Subpoenas") issued by the United States District Court for the District of Columbia to produce certain documents. The USAO also provided copies of two (2) outstanding subpoenas issued to the Receivership Entities prior to the Receiver's appointment pursuant to which document requests were outstanding.

7.      I am the lead Reed Smith attorney representing the Receiver in connection with the DOJ Investigation and any related matters. Since approximately the third week of December 2021, Reed Smith has assisted the Receiver and his team in reviewing, assembling, and producing a substantial number of documents to the USAO in order to comply with the information requests set forth in the Subpoenas. This has included, among other tasks, producing and reviewing tens of thousands of documents for responsiveness, relevance, privilege, and key issues in an effort to comply with the Subpoenas and, with respect to any documents requested by the USAO, ensuring that the Receiver (i) maintains the privileges of the Receivership Entities and (ii) complies with

any existing agreements between the Receivership Entities and third parties to prevent disclosure of proprietary or otherwise confidential information. Reed Smith has worked to ensure that any production of responsive documents to the USAO does not create legal exposure for the Receivership Entities by inadvertently waiving privilege or disclosing confidential or proprietary documents in breach of agreements with third parties, which could also affect the Receiver's ability to maximize the value of the Receivership Entities' assets. Reed Smith's review and analysis of the Receivership Entities' files is ongoing, and documents are being produced on a rolling basis.

8. As part of the review and analysis of tens of thousands of documents, Reed Smith utilized members of the Firm's Records & E-Discovery team. This allowed the Firm to leverage its advanced technology and specially trained, low cost e-discovery attorneys to respond to the USAO's information requests in a cost-efficient, reasonable manner.

9. Additionally, I have been in close contact with attorneys at the USAO in order to coordinate the production of the requested documents in a timely matter.

10. I also have worked with counsel to other parties that have received subpoenas from the USAO in connection with the Receivership Entities in an effort to protect the Receivership Entities' legal and evidentiary privileges.

11. During the Application Period, Reed Smith (a) provided legal services relating to the DOJ Investigation in the amount of $126,961 and (b) incurred $16,676.30 in reasonable and necessary expenses with respect to the DOJ Investigation. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. The Firm utilized "Gravity Stack," a Reed Smith subsidiary that provides complete, end-to-end managed litigation and investigation support services, to assist with data collection, processing, hosting, and production in connection with the Subpoenas.

12.     I believe that the amounts requested by Reed Smith with respect to the DOJ

Investigation matter are fair and reasonable given (a) the complexity of this Case, (b) the time

expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the

value of property of the estate preserved and protected, and (f) the costs of comparable services

(including in cases other than a receivership case).

13.     Accordingly, I respectfully request that this Honorable Court authorize (i) the

allowance of the compensation and the reimbursement of expenses requested by Reed Smith in

the Application and (ii) payment of such amounts to Reed Smith from the assets of the

Receivership Entities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

 and correct.

Executed on:  June 21, 2022

By:     */s/ Rizwan A. Qureshi*
        Rizwan A. Qureshi (N.Y. Bar No 4612453)