**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FCS ADVISORS, LLC, | : |
| | : |
| Plaintiff, | : |
| | :   Civil Docket No. 21-cv-6995 (PKC) |
| —against— | : |
| | : |
| THEIA GROUP, INC., d/b/a "THORIAN | : |
| GROUP" and/or "CYPHERIAN"; THEIA | : |
| AVIATION, LLC; and THEIA HOLDINGS | : |
| A, INC., d/b/a "THORIAN HOLDINGS," | : |
| | : |
| Defendants. | : |

**STEPHEN BUSCHER'S LIMITED OBJECTION AND RESERVATION**
**OF RIGHTS TO THE EXPEDITED MOTION OF RECEIVER FOR AN ORDER**
**<u>FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER</u>**

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
Michael J. Barrie (N.Y. Bar No. 5057450)
Matthew D. Beebe (admitted *pro hac vice*)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Tel: (302) 442-7010
Fax: (302) 442-7012
mbarrie@beneschlaw.com
mbeebe@beneschlaw.com

*Attorneys for Stephen Buscher*

15868958

Stephen Buscher ("Mr. Buscher"), through his undersigned counsel, submits this limited objection and reservation of rights in response to the notice of expedited motion (D.I. 258) (the "Notice") of Michael Fuqua, as receiver (the "Receiver"), for an order further extending the stay of litigation (the "Receivership Stay") provided in the *Order Appointing Michael Fuqua as Receiver* (D.I. 117) (the "Receivership Order") through and including October 15, 2022, the Receiver's memorandum of law in support thereof (D.I. 259) (the "Receiver Brief"), and the declarations of Brant J. Griffin (D.I. 259-2), J. Reid Gorman (D.I. 259-3), and John J. Gallagher (D.I. 259-4) in support thereof (collectively, the "Motion"),[1] and respectfully states as follows.

1.      Mr. Buscher requests that any Order extending the Receivership Stay be without prejudice to the relief requested in Mr. Buscher's *Motion to Lift the Receivership Stay* (D.I. 250, 251, 252) (collectively, the "Buscher Lift Stay Motion"), which remains pending before this Court.

2.      Mr. Buscher's request is in accord with the Receiver's Motion, which provides that "no third parties would be prejudiced by the further extension of the Receivership Stay because the Receivership Order provides a mechanism by which such parties can request that the Court lift the Receivership Stay." Motion ¶ 29 (citing Receivership Order ¶ 4). That is precisely what Mr. Buscher has done by filing the Buscher Lift Stay Motion and Mr. Buscher reserves all rights with regard to the relief requested therein.

3.      Mr. Buscher further reserves all rights regarding the Receiver's stated belief that the Receivership Assets will be diminished if the Receivership Estates were administered in bankruptcy. Mr. Buscher, as a creditor of the Receivership Entities, supports maximizing the value of the Receivership Assets. But the Receiver has provided no support for, or explanation of, his

---

[1]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Receiver Brief.

statement that there is a "strong view that bankruptcy will diminish the value of the Receivership Assets." Receiver Brief ¶ 14. Nor has he explained the reasons why Theia's "former management … strongly agrees that the sale process should proceed in this Court and outside of bankruptcy proceedings in order to maximize the value of the Receivership Assets." *Id.* at ¶ 16. Mr. Buscher does not understand why the Receiver believes that a bankruptcy process—a procedure designed to maximize the value of financially troubled companies—would have the opposite effect here.

4.      Notably, the Receiver did not submit a declaration in support of the Motion from the Receiver's professionals retained to conduct the Sale Process. Instead, the Receiver is relying upon declarations of Theia' former management, notwithstanding that the Receiver has previously found that Mr. Gorman submitted a prior declaration in this action in support of Theia's positions but "did not have personal knowledge of most of the information in his declaration" and had "never seen Theia's financial statements" until he assumed the role of CFO shortly before these proceedings commenced. Declaration of Michael Fuqua (D.I. 244-1) at ¶ 27 (seeking to voluntarily dismiss Theia's counterclaims without prejudice). Even the Motion's supporters have noted that "incumbent management has a history of malfeasance and mismanagement." *Plaintiff FCS Advisors, LLC's Response to Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* (D.I. 263) p.3.

5.      Finally, Mr. Buscher reserves all rights including, without limitation, regarding the approval of any stalking horse, the sale process, the sale of the Receivership Assets, and the distribution of any proceeds of the Receivership Assets. The Receiver stated nearly three months' ago that he was beginning negotiations regarding a stalking horse bidder and that he was "preparing (subject to this Court's approval) bidding procedures to be utilized in connection with the Sale Process. *Third Interim Status Report of Receiver (For the Period from February 22, 2022*

*through April 22, 2022)* (D.I. 229) at p.5.  It is not clear what, if any, progress has been made in the Sale Process since April.  *See Fourth Interim Report of Receiver (For the Period from April 23, 2022 through June 23, 2022)* (D.I. 249) at p.4 (noting only ongoing negotiations with a potential stalking horse and that at least one interested purchaser has decided not to pursue becoming a stalking horse for the Receivership Assets).

6.      Mr. Buscher also notes that there is no information in the Motion regarding (i) how much money Rising Sky will make available for unsecured creditors after paying all allegedly secured creditors in full and paying the "friends and family" investors back all of their outstanding principal "***plus an additional 20%***," or (ii) whether former management has any relationship with Rising Sky or would obtain any other benefit from the currently hypothetical transaction.  Receiver Brief ¶ 11 (emphasis added).  Mr. Buscher reserves all rights with respect to any potential sale of the Receivership Assets.

[*Remainder of Page Intentionally Blank*]

## CONCLUSION

WHEREFORE, for the reasons stated above, Mr. Buscher respectfully requests that the Court (i) provide that any order granting the Motion be without prejudice to the relief requested in the Buscher Lift Stay Motion; and (ii) grant such other relief as may be just and proper.

Respectfully submitted,

July 7, 2022

**BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP**

By:   */s/ Michael J. Barrie*
Michael J. Barrie (N.Y. Bar No. 5057450)
Matthew D. Beebe (admitted *pro hac vice*)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Tel: (302) 442-7010
Fax: (302) 442-7012
mbarrie@beneschlaw.com
mbeebe@beneschlaw.com

*Attorneys for Stephen Buscher*

4