UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FCS ADVISORS, LLC,

                                    Plaintiff,                        21-cv-6995 (PKC)

                -against-                                             ORDER


  THEIA GROUP, INC., et al,

                                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

              The Receiver has filed an expedited motion for an Order further extending the

stay of any person or entity, including any creditor or claimant, commencing or maintaining an

action, proceeding lawsuit or bankruptcy case against the Receivership Entities.  (Doc 117.)  The

stay as extended expires on July 15, 2022.  (Doc 219.)

              Stephen Buscher has moved (Doc 250) to lift the stay to permit him to assert his

claims in arbitration against Theia Group, Inc. and separately opposes the extension stay unless it

is without prejudice to his application to lift the stay.  (Doc 266.)

              The Receiver's application for an extension of the stay through October 15, 2022

has met with no other opposition and, indeed, Aithre Capital Partners, LLC, a secured creditor on

a loan in the principal amount of $25 million, has affirmatively supported the extension of the

stay.  (Doc 264.)

              It appears from the record that the Receiver has been "working closely" with a

potential purchaser of the Receivership Entities' largest assets and that the potential purchaser's

continued interest is "contingent upon" the sale transaction occurring in the receivership.  (Doc

264.)  The Court concludes that a continuation of the stay through October 15, 2022 is in the best interest of the Receivership Entities, their creditors and other potentially affected third parties.  A sale of the largest assets represents the best hope of creditors who are able to prove their claims for receiving payment.

The Court accepts that Mr. Buscher's proposed claim in arbitration would be asserted in good faith.  But a review of the claim demonstrates how disruptive it would be to the Receivership Entities at this moment in time.  Mr. Buscher, Theia's former CFO, compiled a list of "red flags" relating to self-dealing, misrepresentations and other acts of mismanagement, including lack of financial controls, over-leveraging, too many equity conversion rights to debtholders and other issues.  He claims that his reporting of his discoveries to the board led to multiple board resignations, a campaign of harassment against him and his replacement as CFO.  Mr. Buscher's wage payment, breach of contract and indemnification claims deserve to be heard by the appropriate tribunal.  They will be defended by the Receiver and this is not the time for the Receiver's attention to be diverted by this contentious dispute focusing on prior management.

The Court denies Mr. Buscher's motion to lift the receivership stay provided the Receiver files with the Court within seven (7) days an undertaking on behalf of himself and the Receivership Entities (a) to preserve all documents relating to Mr. Buscher's proposed claims; and (b) not to assert the statute of limitations or laches to any claim asserted in Exhibit 2 to the Buscher Declaration of June 20, 2022 (Doc 252) under any stay or extension of a stay ordered by this Court.

Buscher's motion to lift the Receivership Stay as to his claims (Doc 250) is DENIED without prejudice.  The Motion of the Receiver for an Order Further Extending the

Stay Provided in the Receivership Order is GRANTED.  (Doc 258.)  The Clerk shall terminate the motions (Doc 250, 258).

The Court further Orders that:

1. The Receivership Stay provided for in paragraph 4 of the Receivership Order (Doc 117) and the Extension Order (Doc 219) is further extended through and including October 15, 2022, without prejudice to (a) the Receiver's right to seek further extensions of the Receivership Stay, or (b) the right of any party or non-party under paragraph 4 of the Receivership Order to seek relief from the Receivership Stay;

2. The extension of the Receivership Stay through and including October 15, 2022 is without prejudice to the rights of any creditor of the Receivership Entities with respect to the sale of any Receivership Assets; and

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 14, 2022