**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                                   Plaintiff<br><br>-v.-<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                                   Defendants. | Case No. 21-cv-06995 (PKC) |

**PLAINTIFFS/PETITIONERS MICROCOSM, INC.'S AND SCORPIUS SPACE LAUNCH COMPANY'S RESPONSE TO EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER [DOCKET ITEM # 258]**

Plaintiffs and petitioners Microcosm, Inc. and Scorpius Space Launch Company (hereinafter collectively referred to as "Microcosm"), the moving parties in the now stayed JAMS arbitration entitled *Microcosm, Inc. v. Theia Group Incorporated*, Case No. 01-21-0005-6412, (filed in Los Angeles, California), hereby respond to the pending *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* (hereinafter referred to as the "Motion"), filed on July 1, 2022, from the Receiver to further extend the stay now in place due to a prior Order of this Court in aid the Receivership. (See Docket Item ## 258 and 259.) Microcosm hereby opposes the Receiver's request on several grounds.

First, the Receiver has done nothing since his appointment to assess the validity of the Microcosm claims against Theia Group, Inc. (hereinafter referred to as "Theia"). The Microcosm

1

claims against Theia have a face value of $5,450,000 based on Theia's breach of an engineering and constructions contract between the parties.

Second, it is clear from the Receiver's Motion that the Receiver has engaged in lengthy and protracted communications with the lenders, the potential purchaser of Theia's valuable IP assets, and the so called "friends and family" class of creditors but has not met with Microcosm and those similarly situated to Microcosm who hold valuable unsecured and contested claims arising out of Theia efforts to capitalize on its valuable IP rights.  It has become clear that the wolves have begun to divide the potential cash spoils from the Receiver's sale without considering the claims of Microcosm and those similarly situated to Microcosm.

And third, Microcosm's ability to liquidate its claims through its JAMS arbitration have been stymied by the Receiver's stay.  Law and equity support allowing Microcosm to proceed with its JAMS proceeding to quantify its claims against the Receivership Estate.

To be clear, Microcosm only opposes the Motion to the extent that it would prohibit Microcosm from liquidating its claims in the JAMS proceeding.  Microcosm further wants to go on records now, before final decisions have been made by the Receiver and those in communication with the Receiver which leaves Microcosm and those similarly situated to Microcosm out in the cold and out of the money, that the Receiver must include the Microcosm class of creditors in his sale discussions.

## I.

## THE BASIS OF MICROCOSM'S CLAIMS AGAINST THE RECEIVERSHIP ESTATE

On or about May 2019, Theia secured a license from the Federal Communications Commission to build 112 satellites for imaging the entire surface of the Earth.  The Theia license required Theia to launch 56 satellites by May 9, 2025.  Prior to the award of the FCC license Theia recognized that its ability to lift the satellites was dependent upon the expertise of cooperation of Microcosm.  In anticipation of obtaining the license from the FCC on or about February 25, 2019,

Microcosm and Theia entered into a series of Consulting Agreements pursuant to which Microcosm was to provide defined and confidential services related to Theia's proprietary and confidential IP regarding the Sequoia Phase II Study, including, but not limited to the follows:

1. Advance the baseline Sequoia family vehicle design so that it is sufficiently defined to illustrate the unique advantages over other heavy lift technologies in the market or planned.

2. Develop a development schedule and propose NRE, long lead and risk reduction activities which would be undertaken to shorten the schedule to get to the full-size Sequoia family of vehicles.

3. Develop a staffing out plan to augment the Microcosm/SSLC/Sequoia staff necessary to carry out the Sequoia 7 development and production program.

4. Provide support and technology evaluation requests for the Theia Internal Review Team.

Under ¶ 4.3 of the Consulting Agreement, entitled "Payment," the parties agreed as follows:

Except as otherwise specified herein, the Consultant shall invoice the Company at the conclusion of each of the respective "Tasks" set forth in Exhibits A and B. Company will make payments within twenty (20) days of the Company's receipt of invoices, together with the respective "Task Deliverable Report," detailing the nature and duration of the Services rendered and/or the expenses incurred for the specified Task. The Company shall provide written notice to Consultant (within five (5) days) in the event that the Task Deliverable Report is not sufficient to support the Task completion, whereupon the Parties will cooperate to update the Task Deliverable Report.

(Emphasis added.)

Theia breached the Consulting Agreements by failing to pay Microcosm for services and work preformed at the special request of Theia in furtherance of the Sequoia Phase II Study and other

matters.  As of the date of this filing Theia owes Microcosm not less than $5,450,000 based on

Theia's breach of the Consulting Agreements between the parties.

In response to Theia's breach, and in accordance with the terms of the Consulting

Agreements, Microcosm filed an arbitration proceeding with JAMS in the matter entitled *Microcosm,*

*Inc. v. Theia Group Incorporated*, Case Number: 01-21-0005-6412.  Microcosm's JAMS proceeding

was filed on August 1, 2021 but is now stayed as a result of the actions of the Receiver.  It is clear

that an extension of the stay as requested by the Receiver prevents Microcosm from exercising its

bargained for rights to arbitrate its claims against Theia to conclusion.

On July 1, 2022, the Receiver filed his *Memorandum of Law in Support of Expeditated*

*motion of receiver for an Order further Extending the Stay Provided in the Receivership Order*

(hereinafter referred to as the "Motion").  (See Docket Item # 259.)  As part of the Motion the

Receiver disclosed some of the details of his sale discussions with affected parties.  The Motion states

as following:

> 10. Rising Sky has engaged in substantial negotiations with creditors at all levels in the capital structure to negotiate the purchase or payment of their claims as part of Rising Sky's bid transaction.
>
> 11. For example, as part of its proposed transaction, Rising Sky has negotiated the purchase of FCS Advisors, LLC's ("FCS") secured claim (which is conditioned upon Rising Sky's successful negotiations with other creditors in the capital structure). In addition, Rising Sky has negotiated claims purchase agreements with **84%** of the principal invested ($63 million out of $75 million) and **89%** (142 out of 162) of the "friends and family" investors. Such agreements provide for a recovery for the "friends and family" investors in the full amount of outstanding principal, plus an additional 20%.
>
> 12. In addition to engaging with FCS and the "friends and family" investors, Rising Sky is negotiating actively with other creditor constituencies in the Receivership Entities' capital structure, including many trade creditors.
>
> 13. Upon completing negotiations with the various creditor constituencies, Rising Sky has advised the Receiver that Rising Sky will make an offer (subject to approval of the Court) to purchase the Receivership Assets in exchange for (i) the full satisfaction and/or payment of claims purchased or settled by Rising Sky, (ii) funds for distribution to others creditors, and (iii) funds to administer any necessary claims resolution process in post-sale chapter 11 proceedings for the Receivership Entities.

(See  Motion at pp. 3 and 4.)

Nowhere in the Motion and in any representations made by or for the Receiver is there any mention of how to address the claims of creditors in the class of creditors like Microcosm who hold valid and valuable claims which are subject to liquidation through pre-receivership litigation in other courts and forums.  What is developing is a clear picture that the train is picking up momentum, the sharks are circling the potential cash pot to be created by the sale of the IP assets to Rising Star or its assignee, and that the rights and claims of the class of creditors like Microcosm have ben totally ignores and swept under the Receiver's rug!

## II.

## THE STAY, IF CONTINUED, MUST ALLOW FOR MICROCOSM TO PROSECUTE ITS CLAIMS AGAINST THEIA TO COMCLUSION

Microcosm has been more than patient while the Receiver got up to speed in this case.  There is no reason for more delay and considering the broad federal policy in favor of arbitration Microcosm believes that the Court must consider the rights of parties like Microcosm and tailor the stay to allow for continued liquidation of Microcosm's claims.

As set forth in lenders' pleading in support of the appointment of a Receiver in this case the record was made that the incumbent management of Theia had a history of malfeasance and mismanagement.  Following a hearing on October 20, 2021, this Court appointed the Receiver.  The Receiver was granted the authority to, among other things, take control of the assets of the Receivership Entities (see Order at ¶ 3), sell the assets of the Receivership Entities  (see Order at ¶ 6), to hire professionals (see Order at ¶ 11), to borrow funds to operate the receivership (see Order at ¶ 13), and to sell the assets of the Receivership Entities.

The Receivership Order also provides for a stay as follows:

> For a period of 120 days, no person or entity, including any creditor or claimant of the Receivership Entities, shall commence or maintain an action, proceeding, lawsuit or bankruptcy case against the Receivership Entities or impacting the property and assets subject to this Order, including an action, proceeding or lawsuit heretofore commenced, without having first obtained leave of this Court. Any party or non-party may seek leave from this

Court to commence or maintain an action, proceeding, lawsuit or bankruptcy case upon a showing that such a petition is appropriate and would not interfere with the receivership estate.

(See Order at ¶ 4.)  The Receivership Stay was originally set to expire on March 9, 2022.  (See *id.*)

On January 26, 2022, the Court entered an Order to Show Cause as to why the Court should not terminate the Receivership as of March 9, 2022.  (*See* Docket Item #178 the "Order to Show Cause"). The Order to Show Cause noted that the Court's appointment of the Receiver was due to "concern[s] that the value of an FCC license held by [Theia] could be dissipated in the time between the hearing and any bankruptcy filing by Theia."  Order to Show Cause p.1.  This Court also noted that it did "not anticipate extending th[e] [Receivership] [S]tay" when it was due to expire on March 9, 2022. *Id.* at p.4 & n.4.

On February 9, 2022, the Receiver filed his response to the Order to Show Cause.  *See* Docket Item #195 (hereinafter referred to as the "Receiver Response").  The Receiver filed a declaration in support of the Receiver Response.  The Receiver stated that he would file bankruptcy petitions at the conclusion of the sale process "if necessary and appropriate to administer contracts and claims." Receiver Declaration ¶ 28.  The Receiver stated that he expects to complete the sale process by July 15, 2022. *Id.* ¶ 22.

On February 16, 2022, the Court entered an Order stating that the Receiver Response "satisfie[d] the Court's principal concerns and, accordingly, the Court does not intend to terminate the receivership as of March 9, 2022." [Docket Item #209].  On February 17, 2022, the Receiver filed the *Expedited Motion of Receiver for an Order Extending the Stay Provided in the Receivership Order* [Docket Item #211], which the Court granted on March 3, 2022.  [Docket Item #219].  This order extended the Receivership Stay through July 15, 2022, without prejudice to the right of any party or non-party to seek relief from the Receivership Stay.

Wherefore, Microcosm requests that the Receiver's Motion be granted but with the condition that parties like Microcosm who hold high value unliquidated claims in litigation against Theia be

allowed to proceed with their matters through entry of final judgments or awards against the

Receivership Estates.  See *United States v. JHW Greentree Capital, L.P.*, 2014 WL 2608516, at *4

(D. Conn. June 11, 2014) (citing *S.E.C. v. Wencke*, 622 F.2d 1363 (9th Cir. 1980); *S.E.C. v. Wencke*,

742 F.2d 1230 (9th Cir. 1984) ("Wencke II")).

**III.**

**THE RECEIVER MUST BE ORDERED TO TAKE INTO CONSIDERATION THE CLAIMS
OF PARTIES LIKE MICROCOSM WHO HOLD VALUABLE UNLIQUIDATED CLAIMS
AGAINST THEIA**

What is clear from the papers filed by the Receiver he has been engaged in sustained

settlement communications with several constituencies in the case.   (See Motion at pp. 3-6.)  That

said, creditors such as Microcosm are in the dark and hamstrung by the Receivership Stay while the

Receivership Estates operates without the oversight and protections typically afforded to creditors in

an analogous bankruptcy proceeding.  Microcosm asserts that it has been treated like a mushroom

and given no opportunity to engage to protect its interests in the Receivership Estate.  Microcosm is

further prejudiced in these proceedings because unlike in a bankruptcy case, Microcosm does not

have the benefit of a governmental watchdog, such as the United States Trustee, or an unsecured

creditors committee to ensure that the cash proceeds from any sale are properly distributed among all

classes of creditors equally and equitably.

Less than two weeks ago the Receiver voluntarily dismissed the Receivership Entities'

counterclaims and third-party claims (hereinafter collectively referred to as the "Counterclaims")

against the largest allegedly secured lender—and the party financing this Receivership in exchange

for a superpriority claim—FCS Advisors, LLC (hereinafter referred to as "FCS") and other parties

related to FCS.  *See* Docket Item #244.  Although the dismissal was without prejudice, the Receiver

took the unusual step of attaching a nine-page declaration that eviscerated the Counterclaims because

they may "chill bidding" on the Licenses.  *See* Declaration of Michael Fuqua [Docket Item #244-1] ¶

7.  The declaration is solely for the benefit of FCS because, among other things, **(i)** it concedes that

FCS has a valid, first-priority lien on all of Theia's assets; **(ii)** it concedes that the Counterclaims are

unsupportable; and **(iii)** it casts doubt on the validity of the alleged second-lien lender, Aithre Capital

Partners/Bulltick.  *Id.* ¶¶ 25-26.

If the Receiver attempts to disburse proceeds from the sale during this Receivership

proceeding without knowing the value of Microcosm's claim, then Microcosm faces the real risk that

the sale proceeds may be gone before it has been able to pursue its claims.  Microcosm should be

permitted to liquidate its claims so that it is possible for the Receiver and this Court to determine if

the sale proceeds are sufficient to pay all creditors' claims—including Microcosm's claims—in full.

*See United States Sec. & Exch. Comm'n v. Ahmed*, 2020 WL 468443, at *5-6 (D. Conn. Jan. 29,

2020) (lifting receivership stay, in part; holding that first *Wencke* factor weighed in favor of lifting

stay because "[g]iven the possible dissipation of assets if and when the Court releases assets after the

judgment has been secured, [creditor] … faces a risk that it would not ever recover its unpaid fees

from the Relief Defendants if forced to wait to pursue its claims for payment until after the resolution

of this case").

Further, if the Receiver determines that the sale proceeds are insufficient to pay all claims in

full and commences bankruptcy proceedings, Microcosm would still be denied its day in court until it

can obtain relief from the automatic stay in bankruptcy.  *See* 11 U.S.C. § 362.  Thus, it is likely that

Microcosm will be waiting months more at a minimum, and much longer, before it will be able to

even *begin* the process of liquidating its claims.  Further delay in this regard is extremely prejudicial

to Microcosm, who has been patient so far, but is a smaller company dependent on the full benefit of

its contracts with Theia.

Based on the representations made by and on behalf of the Receiver, it appears that the

Receiver has proceeding to market the IP assets associated with the FCC license to an entity

identified as Raising Star.  It further appears that settlement discussions have advanced between the

Receiver, the lenders, and the so-called "friends and family" class of creditors in the case.  (See

Motion at p. 4 and 5.)  What is missing is any reference to the right belonging to those creditors who

hold claims similar to Microcosm.  Why have the Receiver and the buyer ignored this class of

creditors?

**IV.**

**CONCLUSION**

**WHEREFORE**, for the reasons above, Microcosm respectfully requests that if this Court is

inclined to extend the stay now in place it do so carving out the pending litigation claims of parties

like Microcosm where pre-receivership litigation was filed and pending to allow Microcosm to

arbitrate its JAMS claims relating to the Consulting Agreements.  Further, Microcosm respectfully

requests that this Court instruct that Receiver to actively include the class of creditors which include

Microcosm as part of the pre-sale negotiations.  Fairness mandates that creditors like Microcosm

have a voice at the table.   Lastly, Microcosm respectfully reserves it right to object to any payments

to the class of so-called "friends and family" creditors whose claims may be subordinated to claims

associated with Microcosm.


Respectfully submitted,

 /s/  James Andrew Hinds, Jr.
JAMES ANDREW HINDS, JR. (Admitted Pro Hac)
jhinds@hindslawgroup.com
THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Dated: July 22, 2022

## CERTIFICATE OF SERVICE

I, James Andrew Hinds, Jr., hereby certify that on this 22nd day of July 2021, I caused a true and correct copy of the  **PLAINTIFFS/PETITIONERS MICROCOSM, INC.'S AND SCORPIUS SPACE LAUNCH COMPANY'S RESPONSE TO EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER [DOCKET ITEM # 258]** to be served on the following counsel of record:

**Evan Goldstick**
Steptoe & Johnson, LLP (NYC)
1114 Avenue of the Americas
New York, NY 10036
212-378-7506
Email: egoldstick@Steptoe.com

**Charles Anthony Michael**
Steptoe & Johnson, LLP (NYC)
1114 Avenue of the Americas
New York, NY 10036
(212)-506-3900
Fax: (212)-506-3950
Email: cmichael@steptoe.com

**Motty Shulman**
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
212-859-8839
Fax: 212-859-4000
Email: motty.shulman@friedfrank.com

**Robin Henry**
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
212-859-8816
Fax: 212-859-4000
Email: robin.henry@friedfrank.com

**Kurt F. Gwynne**
Reed smith LLP
1201 Market Street

15th Floor
Wilmington, DE 19801
302-778-7550
Fax: 302-778-7575
Email: kgwynne@reedsmith.com

**Christopher A. Lynch**
Reed Smith LLP (NYC)
599 Lexington Avenue
New York, NY 10022
212-549-0208
Fax: 212-521-5450
Email: clynch@reedsmith.com

**Jason D. Angelo**
Reed Smith, LLP (DE)
1201 Market Street
Wilmington, DE 19801
302-778-7500
Email: jangelo@reedsmith.com

**Fernando Menendez , Jr**
Sequor Law
1111 Brickell Avenue
Ste 1250
Miami, FL 33131
305-372-8282
Fax: 305-372-8202
Email: fmenendez@sequorlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory S. Grossman**
Sequor Law, PA
1111 Brickell Avenue
Suite 1250
Miami, FL 33131
305-372-8282
Fax: 305-372-8202
Email: ggrossman@sequorlaw.com

**Kaitlin Rose Walsh**
Mintz Levin Cohn Ferris Glovsky & Popeo PC
666 Third Avenue, 25th Floor
New York, NY 10017
(212) 692-6770
Fax: (212) 983-3115
Email: krwalsh@mintz.com

**Michael Jason Barrie**
Benesch Friedlander Coplan & Aronoff
1313 North Market Street
Ste 1201
Wilmington, DE 19801
267-972-9555
Email: mbarrie@beneschlaw.com

**Peter Guirguis**
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, NY 10016
212-696-4848
Fax: 212-696-1231
Email: guirguis@mintzandgold.com

**Courtney R Rockett**
Mintz, Levin, Cohn, Ferris, Glovsky, Popeo, P.C.
Chrysler Building
666 Third Ave
New York, NY 10017
212-692-6714
Email: CRockett@mintz.com