UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                                Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                                Defendants.

21 Civ. 6995 (PKC)

## DECLARATION OF MICHAEL FUQUA, AS RECEIVER, IN SUPPORT OF EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER

I, Michael Fuqua, hereby declare as follows:

1.      On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case (the "Receivership Case"). Accordingly, I am the Court-appointed receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

2.      I submit this declaration (this "Declaration") in support of the *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* (the "Motion") filed contemporaneously herewith.

3.      Except as otherwise noted, I have personal knowledge of the matters set forth herein or have gained knowledge of such matters from retained advisers who report to me in the ordinary course of my responsibilities. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

- 2 -

**A. Ongoing Sale Efforts and Management of the Receivership Estates**

4. Since the entry of the Order approving the most recent extension of the Receivership Stay, the Receiver has continued his substantial efforts to protect, market, and consummate a sale of the Receivership Assets.

5. The Receiver, through Akin Gump Strauss Hauer & Feld LLP, remains in communication with the Federal Communications Commission (the "FCC") and the Committee on Foreign Investment in the United States ("CFIUS") regarding, among other things, the FCC License, and provides periodic updates to the FCC and/or CFIUS regarding the Receivership Case.

6. As part of his efforts to protect the receivership estate, the Receiver continues to analyze the pre-receivership accounts. For example, the Receiver is working with taxing authorities and various professionals to identify amounts owed (if any) on account of federal, state, and local taxes.

7. The Receiver also continued cooperating with the United States Department of Justice by reviewing and producing documents in response to four (4) broad grand jury subpoenas issued by the United States District Court for the District of Columbia.

**B. Execution of the APA with Rising Sky**

8. Subject to this Court's approval after notice and a hearing, on behalf of the Receivership Entities, as Sellers, the Receiver has executed an *Asset Purchase Agreement* with Rising Sky, as Buyer. *See* Exhibit 1.

9. If the Closing occurs, the Receivership Entities will receive (i) a Cash Payment in the amount of $175 million and (ii) a waiver and release of (a) the FCS Obligations (approximately $412.1 million), (b) the Aithre Obligations (approximately $37.6 million), and the (c) F&F Obligations (approximately $179 million).

10.     Rising Sky has negotiated the purchase of the FCS Obligations and the F&F Obligations (which comprises the vast majority—approximately 84% of the principal invested ($63 million out of $75 million) and approximately 89% in number (142 out of 162)—of the "friends and family" investors.) and would be required to negotiate the purchase of the Aithre Obligations.

11.     As part of the Cash Payment, Rising Sky is required to pay the Sellers a Deposit of $40 million in cash on or before March 31, 2023, with the remainder of the Cash Payment due at Closing.

12.     The APA contemplates that the Closing will occur on the earlier of (i) June 30, 2022; (ii) five (5) Business Days after Governmental Approval to transfer the Licenses to Buyer; or (iii) a date and time mutually agreed upon in writing by the Parties.

13.     To be clear, although the APA has been executed, the Receiver does *not* have a meaningful remedy with respect to any possible breach of the APA unless and until the Buyer makes the $40 million Deposit due on March 31, 2023.

14.     Accordingly, the Receiver is not seeking Court approval of the APA at this time. Rather, upon receipt of the Deposit (or indisputable proof of the ability to pay the Deposit), the Receiver will file a motion seeking this Court's approval of the APA.

15.     To the extent, however, that Rising Sky fails to remit the Deposit to the Receiver on or before March 31, 2023, the Receiver anticipates filing voluntary petitions for relief under the Bankruptcy Code for each of the Receivership Entities.

**C. Further Extension of the Receivership Stay is Necessary.**

16.     Extending the Receivership Stay through April 30, 2023 (without prejudice to the Receiver's right to seek further extensions) is essential to determine whether Rising Sky will be able to obtain the financing necessary to consummate the APA.

- 4 -

17. Although Rising Sky has not obtained any firm financing commitment, Rising Sky is engaged with several potential lenders.

18. As previously reported, Rising Sky advised the Receiver that the Rising Sky transaction was contingent upon the transaction occurring in this receivership Court and outside of the bankruptcy context based on its view that bankruptcy would diminish the value of the Receivership Assets.

19. I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and respectfully request that all of the relief requested in the Motion be granted, together with such other relief as is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __17th__ day of January, 2023

By: _____
Michael Fuqua, as Receiver