UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FCS ADVISORS, LLC,

                              Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN";

THEIA AVIATION, LLC; and

THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                              Defendants.

21 Civ. 6995 (KPC)

---

**PLAINTIFF FCS ADVISORS, LLC'S RESPONSE
TO EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING
THE STAY PROVIDED IN THE RECEIVERSHIP ORDER [ECF NO. 316 & 317]**

      Plaintiff FCS Advisors, LLC ("FCS"), the largest creditor in these receivership estates, hereby responds to the Notice of Expedited Motion Of Receiver For An Order Further Extending the Stay Provided in the Receivership Order [ECF No. 316] and the Memorandum of Law in Support of Expedited Motion of Receiver For an Order Further Extending the Stay Provided in the Receivership Order [ECF No. 317] (collectively, the "Motion").  FCS supports the Receiver's Motion and respectfully requests that this Court extend the stay to permit the Receiver, Mr. Michael Fuqua, and the receivership to continue his efforts to sell the assets of the receivership and consummate the proposed transaction memorialized in the Asset Purchase Agreement dated as of January 17, 2023 (the "APA") with Rising Sky, LLC as buyer ("Rising Sky") without disruption.  Termination of the stay at this time may disrupt the Receiver's focus and efforts to consummate the sale transaction.  Such disruptions might generate uncertainty and delay, could negatively impact the sale, and ultimately impair the recoveries for creditors.  The

Court should grant the Motion to extend the stay to preserve the status quo and allow the Receiver to focus his efforts on closing the sale transaction that is in the best interest of all creditors.

## BACKGROUND

On November 8, 2021, this Court appointed Michael Fuqua, as receiver ("Receiver") to oversee the defendants, Theia Group Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, "Theia" or the "Receivership Entities").

In May 2019, prior to the receivership, Theia secured a license from the Federal Communication Commission ("FCC") to build a network of 112 satellites for imaging the entire surface of the Earth. The license requires Theia to launch 56 of the satellites by May 9, 2025. That license is Theia's largest asset. That license is valuable only if Theia (or a subsequent buyer) moves swiftly to meet the FCC's conditions for maintaining the license. With the cooperation of the FCC, the license was transferred to, and is now held by, the Receiver. (First Interim Status Report of Receiver [ECF No. 135] ¶ 3).

FCS is Theia's largest creditor, is owed over $289 million and has a first priority lien on the entity that possesses the license and all other material assets of the Receivership Entities and Receivership Estates. In June 2020, the parties entered into a Secured Note Purchase and Security Agreement (the "SNPSA") that refinanced certain prior debt owed to FCS with two $100 million promissory notes, one due on December 29, 2020, and the other on June 29, 2021. The parties agreed to an amendment of the SNPSA (the "Third Amendment") that extended the due date on the first note to June 29, 2021, the same date the second note was due. Theia did not make payment on either note.

After Theia failed to make payment on the SNPSA (or comply with its other obligations), FCS commenced the above-captioned proceeding on August 19, 2021 and requested the appointment of a receiver for Theia. As Theia acknowledged, there was no operating company. (Transcript of Oct. 20, 2021 Hearing at 29.) As explained by FCS, and as still remains true, retention of the FCC license requires a long lead time – the launching of 56 satellites successfully into orbit – by May 2025. The value of that license requires a sale in the short term as the value will decrease as the deadlines get closer and less feasible for a purchaser to achieve.

Following a hearing on October 20, 2021, this Court appointed the Receiver. The Receiver was granted the authority to take control of the assets of the Receivership Entities (Order ¶ 3), sell the assets of the Receivership Entities (Order ¶ 6), hire professionals (Order ¶ 11), and borrow funds to operate the receivership (Order ¶ 13).

The Receiver recently entered into the APA with Rising Sky to sell and Rising Sky has agreed to acquire (i) all tangible personal property of the Receivership Entities, including the FCC License and NOAA License, (ii) all Aircraft, (iii) all Intellectual Property Assets, (iv) all Claims, choses in action, causes of action, and demands of the Receivership Entities, v) all insurance benefits arising from or related to the acquired assets prior to closing and (vi) all Deposit Rights) (collectively, the "Assets").

## **RESPONSE IN SUPPORT OF MOTION**

In August 2021, FCS requested this Court appoint a receiver for Theia because Theia was unable to pay its debts, failed to comply with its obligations under the SNPSA and Third Amendment, and its current management had a history of malfeasance and mismanagement. The Receiver was needed to preserve the value of Theia's assets and to effect a sale as quickly as possible taking into account the complexity of the asset and necessary marketing process.

3

Preserving the value of the FCC license requires a sale of the Receivership Entities' assets, including the FCC license. If certain requirements are not satisfied by May 2025, the FCC license will disappear. Although extensions or modifications from the FCC might be possible, there is no guarantee they could be obtained and obtaining them may take considerable time. As a result, an expeditious sale of the FCC license is critical to obtaining maximum value. The less time that a prospective purchaser has to satisfy the conditions to the license, or obtain appropriate modifications from the FCC, the less the license is worth to a purchaser as the risk of failing to satisfy the conditions increases. Delays in a sale will negatively impact the recovery to FCS and other creditors. FCS believed, and continues to believe, that sale of Theia's assets, including the FCC license, is the only way to provide any meaningful recovery to creditors.

FCS understands that the Receiver has taken numerous steps towards a sale, including marshalling, securing, and insuring all of Theia's assets, speaking with potential buyers and preparing a data room for the sale. The Receiver engaged PJT Partners LP ("PJT") as Investment Banker to conduct the sale and obtained financing to finance the receivership during the sale.

FCS understands, as set forth in the Motion, that the Receiver and Rising Sky have entered into an APA pursuant to which Rising Sky would purchase the Assets. FCS believes that the APA presents the best option for a successful outcome in this case at this juncture and that additional time to consummate that transaction would benefit the creditors of the receivership.

Extension of the stay would allow the Receiver to focus his efforts on closing on the transaction contemplated in the APA. Terminating the stay could hinder or delay those efforts.

In short, the Court should extend the stay so that the Receiver can continue his efforts to sell the assets and obtain the best recovery for creditors possible.

## **CONCLUSION**

For the stated reasons, FCS respectfully requests that the Court grant the Receiver's Motion and extend the stay.

Dated: Washington, D.C.
January 25, 2023

Respectfully Submitted,

STEPTOE & JOHNSON LLP

*/s/ Charles Michael*
Charles Michael
1114 Avenue of the Americas
New York, NY
(212) 506-3900
cmichael@steptoe.com

Jeffrey M. Reisner
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9452
E-mail: jreisner@steptoe.com

Filiberto Agusti
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
fagusti@steptoe.com

*Counsel for Plaintiff FCS Advisors, LLC*