UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br><br>                             Plaintiff,<br><br>    —against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br><br>                        Defendants. | 21 Civ. 6995 (PKC) |

## SIXTH INTERIM REPORT OF RECEIVER

Kurt F. Gwynne, Esq.
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
E-mail:  kgwynne@reedsmith.com

- and -

Jason D. Angelo, Esq. (admitted *pro hac vice*)
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
E-mail:  jangelo@reedsmith.com

*Counsel for Michael Fuqua, in his capacity as Receiver of*
*Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.*

Michael Fuqua, Court-appointed receiver (the "Receiver")[1] for Theia Group, Inc. ("TGI"), Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), respectfully submits this Status Report (the "Report") for the sixth reporting period (the "Reporting Period") in accordance with the Order of the United States District Court for the Southern District of New York (this "Court") entered on November 8, 2021 (the "Receivership Order"), and for the purpose of reporting the status of the Receiver's work and findings during the Reporting Period. The facts presented in this Report are preliminary and may be amended and changed as the Receiver's investigation continues.   This Report includes the preliminary assessment of the Receiver's counsel, Reed Smith LLP ("Reed Smith"), as well as the consultants and advisers retained by the Receiver's counsel, including GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley") and PJT Partners, LP.

## I.      PROTECTING THE RECEIVERSHIP ASSETS

### A.  Extension of Receivership Stay

The stay imposed by the Receivership Order (the "Receivership Stay") initially was set to expire on March 9, 2022, which was the 120th day following the Court's entry of the Receivership Order on November 8, 2021.  Prior to the Reporting Period, by a series of motions and orders, the Receiver requested, and the Court granted, extensions of the Receivership Stay through January 31, 2023. *See* Doc. 211-12, Doc. 219 (granting first extension); Doc. 258-59, Doc. 270 (granting second extension); Doc. 298 (*sua sponte* granting third extension); Doc. 307-08, Doc. 312 (granting fourth extension).  On January 17, 2023, the Receiver, through counsel, filed the *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the*

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the Fifth Stay Extension Motion or the Proposed APA, as the context requires (the foregoing terms as defined below).

*Receivership Order* (the "<u>Fifth Stay Extension Motion</u>"), along with an accompanying Memorandum of Law and supporting Declaration from the Receiver. *See* Docs. 316-18. On January 30, 2023, the Court entered an Order granting the relief sought by the Fifth Stay Extension Motion (the "<u>Fifth Stay Extension Order</u>"), thereby further extending the Receivership Stay through April 30, 2023. *See* Doc. 323. An extension of the Receivership Stay was necessary to preserve the Receivership Entities' assets and allow the Receiver the continued opportunity to maximize the value of such assets for the benefit of creditors by continuing the Receiver's sale process outside of bankruptcy proceedings.

**B.  Financial & Accounting Records**

The Receiver continues to maintain the Receivership Entities' books and records and his analysis of the pre-receivership accounts remains ongoing. Additionally, the Receiver has continued to pay a number of critical obligations of the Receivership Entities necessary to the continued preservation of the Receivership Estate. Such obligations include, among other things, amounts necessary to safely store certain assets of the Receivership Estate, maintain various insurance policies and subscription services (such as Microsoft, Intuit QuickBooks, and other programs), amounts due to various state and local taxing authorities, bank fees, and amounts for various professional and legal services in accordance with the Receivership Order and as otherwise approved by the Court. The Receiver continues to work with taxing authorities to identify amounts owed and has retained Carr Riggs & Ingram as the Receiver's tax professional.

**C.  Federal Communications Commission**

During the Reporting Period, the Receiver continued to maintain open lines of communication with the Federal Communications Commission (the "<u>FCC</u>"). Akin Gump Strauss Hauer & Feld LLP continues to represent the Receiver in connection with matters before the FCC

and the Committee on Foreign Investment in the United States ("CFIUS") and provides periodic

updates to the FCC and/or CFIUS regarding the receivership case.

### D.  Intellectual Property

The Receiver continues to work with Frank J. Bonini, Jr., Esq. of Bonini Law to protect

the Receivership Entities' domestic and international intellectual property filings (*i.e.*, trademarks

and patents) by insuring the payment of renewal and other required fees and amounts due.

### E.  Receivership Financing

On December 28, 2021, the Receiver filed a *Motion for an Order Authorizing Receiver to*

*Obtain a First Priority Priming Loan Facility from FCS Advisors, LLC* (the "Financing Motion")

(Doc. 149) and an accompanying Memorandum of Law (Doc. 150), by which the Receiver sought

this Court's authority to (i) enter into that certain Receiver's Certificate Purchase and Security

Agreement (the "PSA") with FCS Advisors, LLC d/b/a FCS Capital Advisors, on behalf of itself,

its designee, or assignees ("FCS") and (ii) issue a Receiver's Certificate (the "Receiver's

Certificate") in the initial Maximum Certificate Amount of up to $5,000,000 on the terms and

conditions described in the Financing Motion (the "Receivership Financing").    On

February 16, 2022, the Court entered an *Order Authorizing Receiver to Obtain Receivership*

*Financing from FCS Advisors, LLC*.  *See* Doc. 206.

On February 6, 2023, the Receiver, through counsel, filed the *Expedited Motion for an*

*Order (I) Authorizing the Receiver to Enter Into First Amendment to Receiver's Certificate*

*Purchase and Security Agreement with FCS Advisors, LLC and (II) Granting Related Relief* (the

"Financing Amendment Motion"), along with an accompanying Memorandum of Law and

Receiver's Declaration in support.  *See* Docs. 324-26.  By the Financing Amendment Motion, the

Receiver requested authority to enter into an amendment to the PSA whereby (i) the "Maximum

Certificate Amount" would be increased by $1.80 million from $5.0 million to $6.80 million and (ii) the definition of "Maturity Date" would be revised to be the earlier of (i) the consummation of a sale; (ii) the termination of the Receiver in the Receivership Case; (iii) the filing of a petition under Title 11 of the United States Code (11 U.S.C. §101 *et seq.*) with respect to a Receivership Entity as to which FCS does not consent; (iv) the date of acceleration of the Obligations after the occurrence and during the continuance of an Event of Default; and (v)(1) June 1, 2023, provided that such date shall be automatically extended for an additional forty-five (45) days if, prior to such date, the Receiver affirms that the Receiver has a sale for which the Receiver needs such additional time to obtain court approval and close and reasonably believes will close within such additional time; or (2) such later date as agreed to by FCS.  On February 22, 2023, the Court entered an Order granting the relief sought by the Financing Amendment Motion.  *See* Doc. 329

## II.    DISPOSITION OF RECEIVERSHIP ESTATE ASSETS

Since the entry of the Fifth Stay Extension Order, the Receiver has continued his substantial efforts to sell the Receivership Entities' assets, including the spectrum license (the "FCC License"), the National Oceanic and Atmospheric Administration license (the "NOAA License"), and intellectual property and other tangible and intangible property owned by the Receivership Entities.  As part of the Fifth Stay Extension Motion, the Receiver filed an executed version of that certain *Asset Purchase Agreement*, dated as of January 17, 2023 (as amended from time to time, the "Proposed APA") by and among TGI, Theia Aviation, and Theia Holdings, as Sellers, and Rising Sky, LLC, as buyer (the "Potential Purchaser"), whereby the Potential Purchaser and the Receiver agreed to the terms of a proposed transaction (the "Proposed Sale Transaction").  On January 25, 2023, the Receiver, through counsel, filed a *Notice of Filing of First Amendment*

*to Asset Purchase Agreement.  See* Doc. 320.  The Proposed APA remains subject to this Court's approval after notice and a hearing.

Pursuant to the Proposed APA, the Potential Purchaser agreed to acquire (subject to Court approval), *inter alia*, (i) all Tangible Personal Property of the Receivership Entities (including, without limitation (and subject to government approval), the FCC License and the NOAA License); (ii) all Aircraft; (iii) all Intellectual Property Assets; (iv) all Claims, choses in action, causes of action, and demands of Sellers; (v) all insurance benefits arising from or related to the Acquired Assets prior to Closing, and (vi) all Deposit Rights.  *See* Proposed APA, § 2.01.  The Proposed APA provided that, at the Closing, the Receivership Entities would receive (i) a Cash Payment in the amount of $175 million and (ii) a waiver and release of (a) the FCS Obligations (approximately $412.1 million), (b) the Aithre Obligations (approximately $37.6 million), and the (c) F&F Obligations (approximately $179 million).  Under the Proposed APA, the Potential Purchaser is required to purchase the FCS Obligations and the F&F Obligations (which comprise the vast majority of the "friends and family" investors) and would be required to negotiate the purchase of the Aithre Obligations.  The Proposed APA contemplates that the Closing will occur on the earlier of (i) June 30, 2022; (ii) five (5) Business Days after Governmental Approval to transfer the Licenses to Buyer; or (iii) a date and time mutually agreed upon in writing by the Parties.

As part of the Cash Payment, Rising Sky was required to pay the Sellers a Deposit of $40 million in cash on or before March 31, 2023, with the remainder of the Cash Payment due at Closing.  While the Potential Purchaser has made moderate progress with respect to obtaining financing for the Proposed Sale Transaction, the Potential Purchaser did *not* make the required $40 million Cash Deposit by the March 31, 2023 deadline.  If the Potential Purchaser makes

significant progress in obtaining the necessary financing, the Receiver may determine to seek a further extension of the Receivership Stay beyond April 30, 2023.  To the extent the Receiver determines to seek a further extension of the Receivership Stay and to obtain approval of the Proposed APA (with a reset date for the required deposit), the Receiver will file an appropriate motion on notice to all parties in interest.

### III.    ONGOING DEPARTMENT OF JUSTICE INVESTIGATION

During the Reporting Period, the Receiver continued to cooperate with the United States Department of Justice in responding and producing documents related to four (4) broad grand jury subpoenas issued by the United States District Court for the District of Columbia to produce certain documents, including two (2) broad subpoenas issued to the Receivership Entities prior to the Receiver's appointment.  The Receiver's review and analysis of the Receivership Entities' files is ongoing, and documents continue to be reviewed and produced on a rolling basis.

Dated: April 3, 2022
       New York, New York

                                    Respectfully submitted,

                                    REED SMITH LLP


                          By:       */s/ Kurt F. Gwynne*
                                    Kurt F. Gwynne
                                    599 Lexington Avenue
                                    New York, New York 10022
                                    Telephone:  (212) 521-5400
                                    Facsimile:   (212) 521-5450
                                    E-mail:  kgwynne@reedsmith.com

                                    - and -

                                    Jason D. Angelo, Esq. (admitted *pro hac vice*)
                                    1201 N. Market Street, Suite 1500
                                    Wilmington, Delaware 19801
                                    Telephone:  (302) 778-7500
                                    Facsimile:   (302) 778-7575
                                    E-mail:  jangelo@reedsmith.com

                                    *Counsel for Michael Fuqua, in his capacity as*
                                    *Receiver of Theia Group, Inc., Theia Aviation LLC,*
                                    *and Theia Holdings A, Inc.*