UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FCS ADVISORS, LLC,

          Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

          Defendants.

21 Civ. 6995 (PKC)

---

### DECLARATION OF RIZWAN A. QURESHI IN SUPPORT OF FOURTH APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF REED SMITH LLP, AS COUNSEL TO RECEIVER

I, Rizwan A. Qureshi, hereby declare:

1. I am a partner of the law firm Reed Smith LLP ("Reed Smith" or the "Firm").

2. I submit this declaration (this "Declaration") in support of the *Fourth Application for Allowance of Compensation and Reimbursement of Expenses of Reed Smith LLP, as Counsel to the Receiver* (the "Application"), filed contemporaneously with this Declaration.[1]

3. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge. If I were called to testify, I would testify competently to the facts set forth below.

4. I have read the Application as it relates to the DOJ Investigation (as defined below), and the facts set forth in the Application regarding the Firm's services and expenses related thereto are true and correct.

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the Application.

5. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) in the above-captioned case (the "Case"), thereby appointing Michael Fuqua as receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"). The Receiver engaged Reed Smith to serve as his counsel with respect to the Case.

6. Following his appointment and his engagement of Reed Smith, the Receiver was contacted by Internal Revenue Service officials and investigators from the U.S. Attorney's Office for the District of Columbia (the "USAO") regarding a pre-receivership U.S. Department of Justice grand jury investigation (the "DOJ Investigation"). On or about December 12, 2021 and again on or about March 25, 2022, the Receiver was served with grand jury subpoenas (together, the "Subpoenas") issued by the United States District Court for the District of Columbia to produce certain documents. The USAO also provided copies of two (2) outstanding subpoenas issued to the Receivership Entities prior to the Receiver's appointment pursuant to which document requests were outstanding.

7. I am the lead Reed Smith attorney representing the Receiver in connection with the DOJ Investigation and any related matters. Since approximately the third week of December 2021, Reed Smith has assisted the Receiver and his team in reviewing, assembling, and producing a substantial number of documents to the USAO in order to comply with the information requests set forth in the Subpoenas. This has included, among other tasks, producing and reviewing tens of thousands of documents for responsiveness, relevance, privilege, and key issues in an effort to comply with the Subpoenas and, with respect to any documents requested by the USAO, ensuring that the Receiver (i) protects the privileges of the Receivership Entities and (ii) complies with any

existing agreements between the Receivership Entities and third parties to prevent disclosure of proprietary or otherwise confidential information. Reed Smith has worked to ensure that any production of responsive documents to the USAO does not create legal exposure for the Receivership Entities by inadvertently waiving privilege or disclosing confidential or proprietary documents in breach of agreements with third parties, which could also affect the Receiver's ability to maximize the value of the Receivership Entities' assets. Reed Smith's review and analysis of the Receivership Entities' files is ongoing, and documents are being produced on a rolling basis.

8. As part of the review and analysis of tens of thousands of documents, Reed Smith utilized members of the Firm's Records & E-Discovery team. This allowed the Firm to leverage its advanced technology and specially trained, low cost e-discovery attorneys to respond to the USAO's information requests in a cost-efficient, reasonable manner.

9. Additionally, I have been in close contact with attorneys at the USAO in order to coordinate the production of the requested documents in a timely matter.

10. I have worked with counsel to other parties that have received subpoenas from the USAO in connection with the Receivership Entities in an effort, among other things, protect against the inadvertent disclosure of privileged or confidential materials.

11. During the Application Period, Reed Smith liaised with representatives from the Department of Justice regarding, among other things, ESI filter procedures and a proposed Order under Federal Rule of Evidence 502(d), as well as with counsel to numerous third parties that received subpoenas from the Department of Justice in connection with its ongoing investigations. Reed Smith further assisted the Receiver in connection with strategy, research, and drafting a proposed Order under Federal Rule of Evidence 502(d) regarding the inadvertent production of documents protected by the attorney-client privilege and/or the work product doctrine.

12. In addition, Reed Smith attended to background investigations in connection with the Proposed Sale to Rising Sky.

13. During the Application Period, Reed Smith (a) provided legal services relating to the DOJ Investigation in the amount of $164,147 and (b) incurred $48,377.52 in reasonable and necessary expenses with respect to the DOJ Investigation. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. The Firm utilized "Gravity Stack," a Reed Smith subsidiary that provides complete, end-to-end managed litigation and investigation support services, to assist with data collection, processing, hosting, and production in connection with the Subpoenas.

14. I believe that the amounts requested by Reed Smith with respect to the DOJ Investigation matter are fair and reasonable given (a) the complexity of this Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the value of property of the estate preserved and protected, and (f) the costs of comparable services (including in cases other than a receivership case).

15. Accordingly, I respectfully request that this Honorable Court authorize (i) the allowance of the compensation and the reimbursement of expenses requested by Reed Smith in the Application and (ii) payment of such amounts to Reed Smith from the assets of the Receivership Entities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 13, 2023

By: */s/ Rizwan A. Qureshi*
Rizwan A. Qureshi