UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                               Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                               Defendants.

21 Civ. 6995 (PKC)

**DECLARATION OF MICHAEL FUQUA, AS RECEIVER, IN SUPPORT OF FOURTH APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL FUQUA, AS RECEIVER, AND B. RILEY ADVISORY SERVICES**

I, Michael Fuqua, hereby declare:

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case. Accordingly, I am the Court-appointed receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

2. I submit this declaration (this "Declaration") in support of the *Fourth Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (the "Application"), filed contemporaneously with this Declaration.[1]

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the Application.

3. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge. If I were called to testify, I would testify competently to the facts set forth herein.

4. I have read the Application and, to the best of my knowledge in my role as Receiver of the Receivership Entities, as well as after reasonable inquiry, the facts set forth in the Application are true and correct.

5. Since my initial engagement and subsequent appointment, I have acted as the agent of the Court and, in so doing, have diligently performed my duties under the Receivership Order with the assistance of (among others) B. Riley, including, without limitation, the Court's directives to (i) "take exclusive custody, control, and possession" of the Receivership Entities' assets; (ii) "take all steps necessary to secure the business premises of the Receivership Entities and any and all other premises under the control of the Receivership Entities;" (iii) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets;" (iv) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets;" (v) "open one or more bank accounts as designated depositories for funds of the Receivership Entities;" and (vi) "borrow funds on behalf of the receivership estate." *See* Receivership Order, ¶¶ 3, 6, 7, 8, 13.

6. During the Application Period, B. Riley and I worked expeditiously and efficiently to provide extensive and valuable services to the Receivership Entities in accordance with the terms of the Receivership Order. A detailed summary of the activities performed by me and by B. Riley is outlined in the (i) *Fifth Interim Status Report of the Receiver* (Doc. 296); (ii) *Sixth Interim Status Report of the Receiver* (Doc. 300); (iii) *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* and the accompanying

Memorandum of Law and Declaration of Support from the Receiver (Docs. 316-18); and (iv) *Expedited Motion for an Order (I) Authorizing the Receiver to Enter Into First Amendment to Receiver's Certificate Purchase and Security Agreement with FCS Advisors, LLC and (II) Granting Related Relief* and the accompanying Memorandum of Law and Declaration of Support from the Receiver (Docs. 324-26). The compensation sought in the Application is based upon the nature, extent, and value of the services rendered, as more particularly detailed in the invoices annexed to the Application as **Exhibit C** and **Exhibit D**.

7. The billing rates for the Receiver and B. Riley are rates that customarily were charged during the Application Period and are comparable to those charged by others in similar roles and by firms of comparable size and experience in receivership cases and other matters. Further, the billing rates represent the standard hourly rates for B. Riley personnel, as agreed upon in the Engagement Letter dated November 1, 2021.

8. The expenses for which B. Riley seeks reimbursement are reasonable and were actual and necessary in connection with the services rendered by B. Riley on behalf of the Receivership Entities. In accordance with the terms of the Engagement Letter, out-of-pocket expenses are billed separately, and travel is billed at one-half of the required travel time (to reflect a billable rate of 50%).

9. I believe that B. Riley and the Receiver are entitled to the requested compensation and reimbursement of expenses based on the considerable expenditures of resources since August 1, 2022.

10. Other than the Engagement Letter, neither B. Riley nor I have an agreement with any other person or entity for the sharing of compensation to be received for legal or other services rendered in this action.

11. The Receiver represents, as part of his continuing duty, that there are no known conflicts of interest between the Receiver, B. Riley, and the Receivership Entities. The Receiver, in conjunction with B. Riley and other professionals, continues to work in furtherance of his duties under the Receivership Order.

12. Accordingly, I respectfully request that this honorable Court authorize (i) the allowance of the compensation and the reimbursement of expenses requested in the Application and (ii) payment of such amounts from the assets of the Receivership Entities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 13, 2023

By: */s/ Michael Fuqua*
Michael Fuqua