UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                                                   Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                                                  Defendants.

21 Civ. 6995 (PKC)

## DECLARATION OF MICHAEL FUQUA, AS RECEIVER, IN SUPPORT OF EXPEDITED MOTION OF RECEIVER FOR AN ORDER FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER

I, Michael Fuqua, hereby declare as follows:

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court")[1] entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case (the "Receivership Case"). Accordingly, I am the Court-appointed receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

2. I submit this declaration (this "Declaration") in support of the *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* (the "Motion") filed contemporaneously herewith.

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have gained knowledge of such matters from retained advisers who report to me in the ordinary

---

[1] Capitalized terms used but not defined here shall have the meanings given to such terms in the Motion and Memorandum of Law in support thereof.

course of my responsibilities. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**A. Ongoing Sale Efforts and Management of the Receivership Estates**

4. Since the entry of the Order approving the most recent extension of the Receivership Stay, my professionals and I have continued our substantial efforts to protect, market, and consummate a sale of the Receivership Assets.

5. I remain (through Akin Gump Strauss Hauer & Feld LLP) in communication with the Federal Communications Commission (the "FCC") and the Committee on Foreign Investment in the United States ("CFIUS") regarding, among other things, the FCC License, and provide periodic updates to the FCC and/or CFIUS regarding the Receivership Case.

6. As part of my efforts to protect the receivership estate, I continue to cooperate with the United States Department of Justice by reviewing and producing documents in response to four (4) broad grand jury subpoenas issued by the United States District Court for the District of Columbia.

7. Subject to this Court's approval after notice and a hearing, on behalf of the Receivership Entities, as Sellers, I have executed (on behalf of the Receivership Entities) the Proposed APA with the Potential Purchaser for the Potential Sale Transaction.

8. If the Closing occurs, the Receivership Entities will receive (i) a Cash Payment in the amount of $175 million and (ii) a waiver and release of (a) the FCS Obligations (approximately $412.1 million), (b) the Aithre Obligations (approximately $37.6 million), and the (c) F&F Obligations (approximately $179 million).

9. The Proposed APA contemplates that the Closing will occur on the earlier of (i) June 30, 2022; (ii) five (5) Business Days after Governmental Approval to transfer the Licenses to Buyer; or (iii) a date and time mutually agreed upon in writing by the Parties.

10. As part of the Cash Payment, the Potential Purchaser was required to pay the Sellers a Deposit of $40 million in cash on or before March 31, 2023, with the remainder of the Cash Payment due at Closing. While the Potential Purchaser continues to make moderate progress with respect to obtaining financing for the Proposed Sale Transaction, the Potential Purchaser did *not* make the required $40 million Cash Deposit by the March 31, 2023 deadline.

**B. Further Extension of the Receivership Stay is Necessary.**

11. Extending the Receivership Stay through June 30, 2023 (without prejudice to the right to seek further extensions) is essential to determine whether the Potential Purchaser will be able to obtain the financing necessary to consummate the Proposed APA.

12. Since the filing of the *Sixth Interim Report of Receiver* (Doc. 330) on April 3, 2023, the Potential Purchaser has continued to pursue its proposed financing for the Proposed Sale Transaction. Based on the continued efforts of the Proposed Purchaser, I have determined, in my business judgment, that a further extension of the Receivership Stay in alignment with the Closing Date under the Proposed APA is appropriate under the circumstances.

13. I believe that extending the Receivership Stay commensurate with the Closing Date under the Proposed APA is warranted for several reasons. First, the Proposed Purchaser, other parties in interest, and I continue to work in earnest toward closing the Proposed Sale Transaction.

14. Despite my herculean efforts and those of my professionals, the Proposed Sale Transaction is the best (and most substantial) option available at this time. The decision to extend the Receivership Stay through June 30, 2023 to allow the parties additional time to attempt to close

the Potential Sale Transaction would be of enormous benefit to all parties in interest if the Proposed Sale Transaction does close.

16. The Potential Purchaser has advised me that the Proposed Sale Transaction is contingent upon the transaction occurring in this receivership Court and outside of the bankruptcy context based on its view that bankruptcy would diminish the value of the Receivership Assets.

16. Allowing the Receivership Stay to expire on April 30, 2023 could prematurely terminate the sale process, stymie any effort to consummate the Proposed Sale Transaction, and lead to the premature filing of bankruptcy petitions on behalf of the Receivership Entities to the detriment of their creditors.

17. To the extent the Proposed Sale Transaction does not close, I remain prepared to file voluntary petitions for relief under the Bankruptcy Code for each of the Receivership Entities.

18. I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and respectfully request that all of the relief requested in the Motion be granted, together with such other relief as is appropriate

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 17, 2023

By:   */s/ Michael Fuqua*  
      Michael Fuqua