**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

FCS ADVISORS, LLC

                          Plaintiff,

              against

THEIA GROUP, INC., d/b/a "THORIAN
GROUP" and/or "CYPHERIAN"; THEIA
AVIATION, LLC; and THEIA HOLDINGS
A, INC., d/b/a "THORIAN HOLDINGS,",

                      Defendants.

Case No. 21-cv-6995 (PKC)

**STEPHEN BUSCHER'S LIMITED OBJECTION AND RESERVATION OF RIGHTS
TO THE EXPEDITED MOTION OF RECEIVER FOR AN ORDER
FURTHER EXTENDING THE STAY PROVIDED IN THE RECEIVERSHIP ORDER**

      Stephen Buscher ("Mr. Buscher"), through his undersigned counsel, submits this limited

objection and reservation of rights in response to the Notice of Expedited Motion of Receiver for

an Order Further Extending the Stay Provided in the Receivership Order (Doc. 337) (the "Notice"),

the Receiver's Memorandum of Law in Support thereof (Doc. 338) (the "Receiver Mem."), and

the declarations of Michael Fuqua, as Receiver (Doc. 339) (the "Fuqua Declaration"), and Mark

Callahan (Doc. 340), in support thereof (collectively, the "Motion"), and respectfully states as

follows:

      1.      Mr. Buscher incorporates, as if fully set forth herein, the Limited Objection and

Reservation  of Rights to the Expedited Motion of Receiver for an Order Further Extending the

Stay Provided in the Receivership Order filed in this matter on July 7, 2022. [Doc. 266].

      2.      Mr. Buscher requests that any Order entered extending the Receivership Stay be

without prejudice to his ability to move to lift the stay.  Such a request would be in accord with

the Receiver's representation, in support of the Motion, that "no third parties would be prejudiced

by the further extension of the Receivership Stay because the Receivership Order provides a mechanism by which such parties can request that the Court lift the Receivership Stay." Receiver Mem. ¶ 27 (citing Receivership Order ¶ 4).

3.     Mr. Buscher further reserves all rights regarding the Receiver's statement that:

> The Potential Purchaser has advised [him] that the Proposed Sale Transaction is contingent upon the transaction occurring in this receivership Court and outside of the bankruptcy context based on its view that bankruptcy would diminish the value of the Receivership Assets.

Fuqua Decl. ¶ 15.  Notably, the Receiver did not submit a declaration in support of the Motion from the Potential Purchaser, or from Receiver's professionals retained to conduct the Sale Process.[1]   As a creditor of the Receivership Entities, Mr. Buscher supports maximizing the value of the Receivership Assets.  However, Mr. Buscher does not understand why the Receiver, Theia's former management, or the Potential Purchaser believes that a bankruptcy process—a procedure designed to maximize the value of financially troubled companies—would have the opposite effect here.

4.     The stay has been in place for nearly 18 months, and despite the Receiver's "substantial efforts to protect, market, and consummate a sale of the Receivership Assets," the

---

[1] The Receiver has previously asserted – in support of a prior request to extend the stay – that "former management of the Receivership Entities … strongly agrees that the sale process should proceed in this Court and outside of bankruptcy proceedings in order to maximize the value of the Receivership Assets."  Memorandum of Law in Support of Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order (July 1, 2022) [Doc. 259] ¶ 16.  There too, the Receiver did not submit a declaration in support of the Motion from the Potential Purchaser, or from Receiver's professionals retained to conduct the Sale Process, but instead relied upon declarations of Theia' former management, even though the Receiver had previously found that Mr. Gorman submitted a prior declaration in this action in support of Theia's positions but "did not have personal knowledge of most of the information in his declaration" and had "never seen Theia's financial statements" until he assumed the role of CFO shortly before these proceedings commenced. Declaration of Michael Fuqua (Doc. 244-1) at ¶ 27 (seeking to voluntarily dismiss Theia's counterclaims without prejudice).

process of selling the Receivership Assets "remains ongoing," with the Potential Purchaser making only "moderate progress with respect to obtaining financing," and failing to make an agreed-upon Cash Deposit.   Fuqua Decl. ¶¶ 8, 10, 13.   Moreover, Mr. Buscher also notes that there is no information in the Motion regarding whether former Theia management has any relationship with the Potential Purchaser or would obtain any other benefit from the contemplated transaction. Mr. Buscher reserves all rights with respect to sale of the Receivership Assets including, without limitation, regarding the approval of any stalking horse, the sale process, the sale of the Receivership Assets, and the distribution of any proceeds of the Receivership Assets.

Dated: April 20, 2023
      Woodbury, New York

                       Respectfully submitted,

                       Gallo Vitucci Klar, LLP

By:    */s/ Melissa Patzelt-Russo*
        Melissa Patzelt-Russo (MR-8150)
        100 Crossways Park West, Suite 305
        Woodbury, New York 11797
        Tel:  646-695-1749
        Email: mjordan@gvlaw.com

        -and-

        Ellerman Enzinna Levy PLLC
        Paul F. Enzinna (*pro hac vice forthcoming*)
        D.C. Bar No. 421819
        1050 30th Street, NW
        Washington, DC 20007
        Tel:  202-753-5553
        Email: penzinna@eellaw.com

        *Attorneys for Interested Party Stephen Buscher*