UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>         Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>         Defendants. | 21 Civ. 6995 (PKC) |

**DECLARATION OF THADDEUS D. WILSON IN SUPPORT OF FIRST APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KING & SPALDING LLP, AS COUNSEL TO RECEIVER**

I, Thaddeus D. Wilson, hereby declare:

1. I am a partner of the law firm King & Spalding LLP ("King & Spalding" or the "Firm"), maintains offices at, among other places, 1180 Peachtree Street NE, Atlanta, GA 30309. I am an attorney admitted to practice law in the State of Georgia.

2. I submit this declaration (this "Declaration") in support of the *First Application for Allowance of Compensation and Reimbursement of Expenses of King & Spalding LLP, as Counsel to the Debtor and Debtors-in-Possession* (the "Application"), filed contemporaneously with this Declaration.[1]

3. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge. If I were called to testify, I would testify competently to the facts set forth below.

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the Application.

- 2 -

4. I have read the Application, and, to the best of my knowledge, the facts set forth in the Application are true and correct.

**Receiver's Engagement of King & Spalding**

5. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case (the "Case"), thereby appointing Michael Fuqua as receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

6. Prior to the entry of the Receivership Order, on October 12, 2021, the Receivership Entities filed counterclaims (Doc. 79) in the above-referenced civil action (the "Counterclaims") against FCS Advisors, LLC ("FCS"); Brevet Capital Management, LLC ("BCM"); Mark Callahan; Robert Leeds; Leeds Holdings, LLC; and Strongbow Holdings, LLC (collectively, the "Defendants").

7. On January 26, 2022, the Court entered an Order (the "Order to Show Cause") (Doc. 178) in which the Court concluded that "the counterclaim [against the Defendants] remains pending and the Receiver, who now stands in the shoes of Theia, is responsible for prosecuting or otherwise resolving this claim against Callahan. The Receiver is also responsible for negotiating the terms of the Brevet financing. The Receiver ought to be able to rely on conflict-free lawyers for advice on these subjects."

8. In response to the Order to Show Cause, the Receiver engaged King & Spalding to represent the Receiver with respect to (i) the investigation of claims by and against the Defendants and (ii) the proposed receivership financing from FCS. The Receiver also filed a notice (Doc. 186) on February 2, 2022 to inform the Court and parties in interest of King & Spalding's retention. I

believe that the King & Spalding professionals engaged to represent the Receiver constitute "Retained Personnel" under the terms of the Receivership Order.

9. Since King & Spalding's engagement and the Receiver's appointment, I have been the lead attorney working on the Case and, along with the King & Spalding professionals set forth in **Exhibit B**, I have assisted the Receiver with undertaking his duties as set forth in the Receivership Order, including, without limitation, the Court's directives to (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets;" (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets;" and (iii) "borrow funds on behalf of the receivership estate." *See* Receivership Order, ¶¶ 7, 8, 13.

## Compensation & Reimbursement of Expenses Sought By King & Spalding

10. By the Application, King & Spalding requests an allowance of compensation in the amount of $343,631.00 for legal services, reimbursement of expenses in the amount of $2,654.91, and approval of a security retainer in the amount of $100,000.00, for a total of $446,285.91. All services and costs for which King & Spalding seeks compensation were performed for, or on behalf of, the Receiver and the Receivership Entities during the Application Period. During the period covered by the Application, King & Spalding received no payment and no promises for payment from any source other than the Receiver and the Receivership Entities for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by the Application.

11. The compensation sought in the Application is based upon the nature, extent, and value of the services rendered, as more particularly detailed in the invoices annexed as **Exhibit B** to the Application. These invoices contain daily time logs describing the time spent by each attorney and paraprofessional during the Application Period, as well as itemization of expenses.

12. The billing rates for King & Spalding's professional services provided in this Case, as set forth in **Exhibit B** to the Application, are based upon the time, nature, extent and value of such services and the cost of comparable services that King & Spalding customarily charges to the Firm's other clients. The billing rates represent the standard hourly rates for King & Spalding personnel.

13. In addition to the fees and expenses incurred during the Application Period, King & Spalding requests a security retainer in the amount of $100,000.00. This amount will be held in escrow in a non-interest-bearing attorney trust account in the name of King & Spalding and will be applied to King & Spalding's future fees and expenses.

14. On or about March 23, 2022, the Receiver wired $214,693.28 (consisting of $114,693.28 of King & Spalding's fees and expenses incurred from February 1, 2022 through February 28, 2022, plus a $100,000.00 security retainer) to King & Spalding. On or about May 11, 2022, the Receiver wired $68,174.50 in full payment of fees incurred from March 1, 2022 through March 31, 2022. On or about December 19, 2022, the Receiver wired $73,223.30 in full payment of fees incurred from April 1, 2022 through November 30, 2022.  On or about May 17, 2022, the Receiver wired $73,223.30 in full payment of fees incurred from December 1, 2022 through January 31, 2022.

**Services Rendered by King & Spalding Professionals During Application Period**

15. During the Application Period, King & Spalding worked expeditiously and efficiently to provide legal services to the Receiver and the Receivership Entities. The services rendered by King & Spalding to the Receiver and the Receivership Entities during the Application Period include, without limitation, the following:

> a. **Receivership Financing**. Following the entry of the Court's Order to Show Cause, King & Spalding reviewed, analyzed, and provided advise to the Receiver concerning the loan documents prepared by Reed Smith LLP for the

proposed receivership financing from FCS. Working with the Receiver, King & Spalding confirmed that the financing was fair and appropriate. The Court thereafter approved the financing. King & Spalding continued to advise the Receiver with respect to ongoing issues surrounding the financing.

b. **Claims and Counterclaims.** King & Spalding assisted with investigating, analyzing and researching the validity of claims by and against the Defendants. The Firm also prepared, reviewed, and provided advise with respect to various pleadings, agreements, and memorandum related to the counterclaims.

c. **Sale Process.** King & Spalding held numerous discussions regarding the proposed sale transaction (the "Proposed Sale") with Rising Sky, LLC ("Rising Sky") and related issues with the Receiver, his team at B. Riley, Reed Smith LLP, FCS, and Rising Sky. The Firm also reviewed, analyzed, and provided advise with respect to the asset purchase agreement for the Proposed Sale.

d. **Post-Closing Strategic Planning.** King & Spalding held numerous discussions regarding post-sale strategic planning for the Receivership Entities with the Receiver, his team at B. Riley, and Reed Smith LLP. The Firm also began analyzing documents and gathering information with respect to the post-sale strategic planning.

**Actual and Necessary Expenses Incurred During Application Period**

16. King & Spalding incurred $2,654.91 in reasonable and necessary expenses during the Application Period. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. The rates charged with respect to such expenses are at or below the market rates that the majority of law firms charge clients for such services. In addition, such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**The Requested Compensation and Expense Reimbursement is Reasonable**

17. I believe that the amounts requested by King & Spalding are reasonable given (a) the complexity of this Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the value of property of the estate enhanced, preserved

and protected, and (f) the costs of comparable services (including in cases other than a receivership case).

18. Accordingly, I respectfully request that this honorable Court authorize (i) the allowance of the compensation and the reimbursement of expenses requested by King & Spalding in the Application and (ii) payment of such amounts to King & Spalding from the assets of the Receivership Entities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 26, 2023

By: /s/ *Thaddeus D. Wilson*
Thaddeus D. Wilson