UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FCS ADVISORS, LLC,

                           Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                           Defendants.

21 Civ. 6995 (PKC)

---

## DECLARATION OF AUTHORIZED SIGNATORY

I, Mark Dunsheath, hereby declare as follows:

1. I am over the age of eighteen and suffer no mental or physical disabilities that would render me incompetent to testify in these matters.

2. I am the Manager of LTS Holdco, LLC, sole member of LTS Systems, LLC ("LTS" or "Buyer"), a Delaware limited liability company. I am authorized to execute this declaration on behalf of LTS.

3. Except as otherwise indicated, all facts set forth in this declaration (this "Declaration") are based upon my personal knowledge and my review of documents made at or near the time by — or from information transmitted by—someone with knowledge of the information set forth therein, which documents were kept in the course of a regularly conducted business activity of LTS and which were prepared or kept as a regular practice of that activity.[1]

---

[1] I am familiar with the document preparation and retention practices of LTS.

4. If I were called to testify, I would testify competently to the facts set forth herein. I am authorized to submit this declaration on behalf of LTS.

5. I submit this Declaration in support of the *Asset Purchase Agreement*[2] by and among Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), as Sellers, and LTS Systems, LLC (along with its designees and or assignees), as Buyer (including all exhibits and schedules thereto, and as may be amended or modified from time to time, including pursuant to the terms of the Approval Order, the "Purchase Agreement" and the transaction contemplated thereunder, the "Sale Transaction"). LTS seeks, subject to the terms of the Purchase Agreement, to acquire substantially all of the assets of, in the possession of, under the control of, or held in the name of the Receivership Entities ("Receivership Assets").

6. LTS is a wholly-owned subsidiary of LTS Holdco, LLC. LTS acquired $40 million of the obligations and debt owed by the Receivership Entities to FCS under the (i) *Amended and Restated Secured Note Purchase and Security*, dated as of June 29, 2020 (together, the "FCS SNPSA"), (ii) *Order Authorizing Receiver to Obtain Receivership Financing from FCS Advisors, LLC* (Doc. 206) (the "Initial Financing Order") and *Receiver's Certificate Purchase and Security Agreement* dated as of February 24, 2022, and (iii) *Order (I) Authorizing Receiver to Enter Certain First Amendment to Receiver's Certificate Purchase and Security Agreement With FCS Advisors, LLC and (II) Granting Related Relief* (Doc. 329) (together with the Initial Financing Order, the "Financing Orders") and *First Amendment to Receiver's Certificate Purchase and Security Agreement.* The acquired obligations and debt were secured by a first priority lien on substantially all assets of the Receivership Entities securing certain pre-receivership debt incurred by the

---

[2] Capitalized terms not defined in this Declaration shall have the meanings ascribed to such terms in the Purchase Agreement.

Receivership Entities pursuant to the FCS SNPSA and a first priority priming lien securing the post-receivership debt incurred by the Receivership Entities pursuant to the Financing Orders. The acquired debt is sufficient to cover the Credit Bid portion of the Purchase Price. Such acquired debt, together with certain cash and the Assumed Liabilities, constitutes the Purchase Price as set forth in the Purchase Agreement.

7. Buyer is prepared to acquire the Acquired Assets from the Receivership Entities; however, time is of the essence. One of the assets held by the Receivership Entities is the FCC License. If certain requirements are not satisfied by May 2025, the FCC License is expected to terminate. If the Sale Transaction does not close quickly, Buyer may not be able to satisfy those requirements, and Buyer would no longer have an interest in acquiring the Receivership Assets.

8. Buyer is not an insider of the Receivership Entities.

9. Buyer, by and through its current, management, board of directors or equivalent governing body, officers, directors, employees, agents, members, managers, and representatives, submitted its bid and acted in good faith in submitting the Purchase Agreement and offer to buy the Receivership Assets. Buyer negotiated and entered into the Purchase Agreement with the Receiver at arms-length, without self-dealing, manipulation, improper influence or conduct, or fraud or collusion, and in good faith. Buyer is entering into the Purchase Agreement for the purpose of acquiring the Acquired Assets. Buyer has acted and proceeded in good faith in all respects with respect to entering into the Purchase Agreement and pursuing the Sale Transaction. Buyer have not engaged in any conduct that would cause or permit the avoidance of the Sale Transaction or the Purchase Agreement, or the imposition of costs or damages.

10. Buyer has sufficient financial resources to perform its obligations under the Purchase Agreement and perform future obligations with respect to the Assigned Contracts.

Buyer's future performance and payment of amounts owed under the Purchase Agreement is being undertaken in good faith and for valid business purposes and uses. All payments to be made by the Buyer to the Sellers and other agreements or arrangements entered into between the Buyer and Sellers in connection with the Sale Transaction have been disclosed.

11. Buyer is not entering into the Purchase Agreement or seeking to purchase the Acquired Assets for any fraudulent purpose or any other improper purpose. Buyer is not entering into the Purchase Agreement with the intent to, nor for the purpose of (nor does the Purchase Agreement have the effect of) hindering, delaying, or defrauding creditors of the Receivership Entities. Buyer, including its equity owners, officers, directors, employees, attorneys, professionals, and other agents thereof, have not engaged in any action or inaction that would cause or permit the Sale Transaction to be avoided or avoidable or subject to monetary damages.

12. The Buyer would not enter into the Purchase Agreement or close on the Sale Transaction if it could not acquire the Assigned Contracts. The assignment and/or transfer of the Assigned Contracts is integral to the Purchase Agreement and Sale Transaction.

13. In entering into the Purchase Agreement, Buyer insisted on a number of protections, and it would not have entered into the Purchase Agreement and would not close on the Sale Transaction if those protections were not granted. *First*, Buyer would not enter into the Purchase Agreement or close on the Sale Transaction if the sale of the Receivership Assets and the assignment and transfer of the Assigned Contracts was not free and clear of all Encumbrances (as specifically defined in the Approval Order), except for those the Buyer has agreed to assume (which are strictly limited to the Assumed Liabilities and Permitted Liens). *Second*, Buyer would not enter into the Purchase Agreement or close on the Sale Transaction if the Buyer, or any of its affiliates, subsidiaries, or successors, would, or in the future, could be liable for any of the

Encumbrances (other than the Assumed Liabilities and Permitted Liens).  *Third*, Buyer would not enter into the Purchase Agreement or close on the Sale Transaction if it did not receive protections against claims based on successor liability theories and similar theories.  Buyer would not have offered the consideration contemplated in the Purchase Agreement and would not close on the Sale Transaction without the foregoing protections.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   August 13, 2023

By:   */s/* [signature]
Name: Mark Dunsheath
Title: Manager of LTS Holdco, LLC, sole member of LTS Systems, LLC