UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>            Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>            Defendants. | 21 Civ. 6995 (PKC) |

**DECLARATION OF MICHAEL FUQUA, AS RECEIVER, IN SUPPORT OF REPLY OF MICHAEL FUQUA, AS RECEIVER, TO RESPONSE OF MICROCOSM, INC. AND SCORPIUS SPACE LAUNCH COMPANY TO SALE MOTION**

I, Michael Fuqua, hereby declare as follows:

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court")[1] entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) in the above-captioned case. Accordingly, I am the Court-appointed receiver for the Receivership Entities.

2. I submit this declaration (this "Declaration") in support of the *Reply of Michael Fuqua, as Receiver, to Response of Microcosm, Inc. and Scorpius Space Launch Company to Sale Motion* (the "Reply") filed contemporaneously herewith.

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

---

[1] Capitalized terms used but not defined here shall have the meanings given to such terms in the Reply or the Memorandum, as the context requires.

4.      On August 25, 2022, immediately following the deposition of Dr. James Wertz (one of Claimants' principals) by my counsel, Claimants' counsel sent a letter to my counsel demanding, among other things, that I include Claimants in confidential sale-related discussions.

5.      Claimants' counsel also accused me of "never reach[ing] out" to Claimants "to assess their claims against Theia or to assess the *bona fides* of their outstanding claims."

6.      In response to the correspondence from Claimants' counsel, through my counsel, I confirmed receipt of certain documents related to Claimants' claims against TGI and detailed my prior, extensive contact with one of Claimants' contract administrators.

7.      Through counsel, I also indicated that it was impractical and inappropriate to include Claimants in *all* future discussions related to the sale of the Receivership Entities' assets (among other reasons) due to the confidential nature of such discussions.

8.      I did offer to hold periodic telephone conferences with Claimants' counsel to discuss public, non-confidential information related to the sale process, but this offer was ignored.

9.      Additionally, in connection with the negotiation of the proposed Sale Transaction, I offered to connect Claimants and their counsel with Purchaser's counsel to facilitate discussions and the exchange of information related to the Sale Transaction.

10.     Other than to indicate through counsel that they "have the issue under advisement," Claimants have likewise ignored this offer.

11.     Neither Claimants nor their counsel made any prior attempt to reach out to me or my counsel prior to filing the Sale Motion Response.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 11, 2023

By: */s/ Michael Fuqua*
Michael Fuqua