

**Kurt F. Gwynne**
Direct Phone:  +1 212 549 0230
Email:  kgwynne@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 27, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

Re:    FCS Advisors, LLC v. Theia Group, Inc., *et al.*; Case No. 21 cv 6995(PKC)

Dear Judge Castel:

On behalf of Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. in the above-referenced action, we write to request permission to file the attached, short sur-reply to PJT Partners LP's ("PJT") Reply Memorandum of Law (Doc. 392) (the "Reply") and the Declaration of Michael Schlappig in Support of the Reply (Doc. 393) (the "Second Schlappig Declaration"), both filed on September 18, 2023 in support of PJT's Motion to Surcharge Collateral (Doc. 379) (the "Surcharge Motion").  Given the Court's *Order* entered today at Doc. 395, the Receiver believes it is especially important for the Court to have the entire picture ahead of next week's hearing before Your Honor.

For the first time, in its Reply and the Second Schlappig Declaration, PJT alleged new facts and made new arguments based upon such allegations.  For example, apparently recognizing that the PJT Agreement bars its claim for additional fees, PJT now argues that the Bidding Procedures "effectively modified" its engagement letter and that it is now free to disregard the terms of its engagement—which it now deems a "red herring."  *See* Reply, pp. 2-3.

PJT's new arguments are fundamentally at odds with (i) the fact that the Receiver *always* had the right to waive or change the requirements of a Qualified Bid and (ii) the clear language of the PJT Agreement, which *always* contained the terms of PJT's engagement and, in fact, was expressly referenced in the Bidding Procedures and was *never* amended or modified in a writing signed by PJT and the Receiver.

Typically, "[m]otions for leave to file a sur-reply 'are subject to the sound discretion of the court.'" *Bates v. Deva Concepts LLC*, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)).  Courts generally exercise that discretion where there is good cause to do so.  *See Stalwart Cap., LLC v. Warren St. Partners, LLC*, 2012 WL 1533637, at *2 n. 4 (D.N.J. Apr. 30, 2012) (good cause includes need to consider full evidentiary and legal record).  By springing new assertions and arguments upon this Court and the Receiver, PJT has deprived the Receiver

Hon. P. Kevin Castel
September 27, 2023
Page 2



of any opportunity to respond and has prevented this Court from receiving the benefit of an adversarial presentation on the issues. The Court should exercise its discretion to consider the Receiver's proposed sur-reply so that the Receiver can respond to the arguments made for the first time in the Reply and the Second Schlappig Declaration. *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (finding that good cause to grant a request to file a sur-reply existed when "arguments [were] raised for the first time in a reply brief").

Accordingly, the Receiver respectfully requests that this Court allow the Receiver to file the proposed sur-reply, which is attached hereto as **Exhibit 1**. Alternatively, the Court should ignore PJT's new arguments made for the first time in the Reply. *See Conn. Bar Ass'n v. U.S.*, 620 F.3d 81, 91 n. 13 (2d Cir. 1988) ("Issues raised for the first time in a reply brief are generally deemed waived.").

We thank the Court for its consideration of this request.

Respectfully submitted,


*/s/ Kurt F. Gwynne*

Kurt F. Gwynne
of REED SMITH LLP

KFG:lw

Enclosure.

cc:   All counsel of Record (via ECF (with enclosure))
      Michael Fuqua, Receiver