

**Kurt F. Gwynne**
Direct Phone:  +1 302 778 7550
Email:  kgwynne@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
Main: 302.778.7500
www.reedsmith.com

**Charles Michael**
212 378 7604
cmichael@steptoe.com

Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

October 3, 2023

**VIA ECF**

The Honorable P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

**RE:**   *FCS Advisors, LLC v. Theia Group, Inc.*, *et al.*, 1:21-cv-06995-PKC (S.D.N.Y.)

Dear Judge Castel:

On behalf of the Court-appointed receiver, Michael Fuqua (the "Receiver"), and on behalf of the plaintiff ("FCS"), we write as directed by the Court (ECF 398) to provide information about the expected testimony, and expected areas of factual disputes, ahead of Thursday afternoon's hearing on (i) the Receiver's motion for an Order approving the sale of the Receivership Assets (ECF 365) and (ii) the motion of PJT Partners LP ("PJT") to surcharge FCS's collateral (ECF 378).

At the outset, the Receiver and FCS wish to make clear that, in their view, both motions can be decided as a matter of law, without the need for live testimony.  The Receiver's motion to approve the sale received no substantive objection, and PJT concedes it "does not seek to block the proposed sale." (ECF 379, at 3).

PJT's motion to surcharge FCS's collateral can easily be decided:  (i) based on the unambiguous language of the Bidding Procedures, which allows the Receiver to modify the Qualified Bid requirement on which PJT relies; (ii) based on PJT failing to even allege the type of concrete benefit to the collateral (such as safeguarding property or securing insurance) that is required in the case law to displace a first-priority lien; and (iii) based on the fact that PJT's request would modify its Engagement Letter, even though any modification must be in writing and signed by PJT and the Receiver.

The Receiver is nonetheless prepared to offer his own testimony, and testimony from his counsel, Jason D. Angelo, Esq., to address limited factual disputes (which, again, need not be dispositive).  A summary of their proposed testimony on the disputed issues is set forth in **Exhibit A**.

For the Court's convenience, we have also attached as **Exhibit B** a list of facts that, based on the record and based on our having met and conferred with PJT's counsel over the past few days, we believe to be undisputed, in each case with citations to the source of the facts.  PJT has *not* agreed to submit a joint statement of undisputed facts, but the Receiver and FCS provide the list both for the Court's

Hon. P. Kevin Castel
October 3, 2023
Page 2

 

convenience and to make a clear record of their understanding of the matters which are, and are not, in dispute for the hearing.

      We look forward to Thursday's hearing and would be pleased to provide any further information the Court directs.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Kurt F. Gwynne* | */s/ Charles Michael* |
| Kurt F. Gwynne | Charles Michael |
| REED SMITH LLP | STEPTOE & JOHNSON LLP |

w/encl.

cc:    All Counsel of Record (via ECF)
        Mr. Michael Fuqua, Receiver (via e-mail)