SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT FAX
(917) 777-3660
EMAIL ADDRESS
Robert.Drain@skadden.com

October 20, 2023

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007-1312

RE: **FCS Advisors, LLC v. Theia Group, Inc.,** *et al.***: Case No. 21-cv-6995 (PKC)**

Dear Judge Castel:

We write on behalf of PJT Partners LP ("PJT") in the light of Your Honor's direction at the end of the continued hearing in the above proceeding on October 18, 2023 to provide the Court with proposed language pertaining to the settlement of PJT's limited objection to the Receiver's motion for approval of the sale to LTS Systems, LLC (the "Buyer") of the Receivership Entities' assets and PJT's alternative request to surcharge the collateral of FCS Advisors, LLC ("FCS"). Of course, the language proposed below, which we have now agreed with counsel for the Buyer and FCS as well as Robert L. Leeds, III, would be inserted in the order approving the proposed sale only if the Court, after taking the matter under advisement based on the record determines to approve the sale. I apologize for having prematurely sent you an earlier version of this letter.[1]

The proposed language below would be inserted where indicated in the revised proposed order attached as an exhibit to the Letter to the Court, dated October 18, 2023 from Charles Michael re: Revised Proposed Order [Docket No. 406]:

---

[1] That version noted that Mr. Leeds, the funder of the settlement payment, was related through a cousin by marriage to a partner in PJT who has had no role in PJT's representation of the Receiver. Mr. Leeds had informed me of this shortly before we went on the record at the hearing on October 18, 2023 and I forgot to mention it at the hearing.

**Proposed insertion before the final period in ¶ L:**

"and the satisfaction of the conditions to the effectiveness of this Approval Order stated in ¶ 24(c) hereof."

**Proposed insertion after ¶ 23:**

"24.     **Settlement of PJT Response and Motion**

(a)     On August 28, 2023, PJT Partners LP ("PJT") filed its *(A) Response of PJT Partners to Receiver's Sale Motion and Request for Related Relief and (B) Motion to Surcharge Collateral* [Docket No. 378] (the "Response and Motion"), asserting that PJT was owed $1,500,000 as a Transaction Fee pursuant to its Engagement Letter [Docket No. 155-2] which was approved by the Court [Docket No. 207] and, in the alternative, seeking to surcharge FCS Advisors, LLC's ("FCS") collateral in the same amount and to require such surcharge be paid at closing by the Buyer, or such other acquisition vehicle used by FCS for the acquisition of the Receivership Estate's assets, or by FCS (the "PJT Claims").  Other than the PJT Claims, PJT does not hold any claims related to the Receivership Entities against FCS, the Buyer, the Payor (defined below) or Mr. Robert L. Leeds, III or any of their affiliates.  FCS opposed PJT's request, asserting, among other things, that FCS did not undertake any obligations to PJT.  The Receiver also filed an opposition.  To resolve the Response and Motion, PJT, FCS, the Buyer, and Robert L. Leeds, III have agreed to the settlement set forth in subparagraphs (b) through (f) below, which the Receiver has not opposed.

(b)     As set forth on the record of the Sale Hearing, PJT has agreed to withdraw the Response and Motion in exchange for payment to PJT of $1,250,000 (One Million Two Hundred Fifty Thousand United States Dollars) in cash within 2 (two) business days of the entry of an order approving the Sale (the "PJT Settlement"). As set forth on the record of the Sale Hearing, Mr. Robert L. Leeds, III shall cause such payment to be made, by Strongbow Holdings, LLC ("Payor"), a Delaware limited liability company that is an affiliate of Mr. Leeds, for the account of the Buyer to PJT, in exchange for the transfer of the PJT Claims to the Payor.

(c) The approval of the Sale Transaction as set forth in this Approval Order is conditioned upon the Payor, within 2 (two) business days after the entry of this Approval Order, making payment in cash, for the account of the Buyer, to PJT of $1,250,000 (the "PJT Payment") pursuant to the wire instructions set forth in PJT's Engagement Letter [Docket No. 152-2]. Upon the Payor timely making the PJT Payment, counsel for PJT shall within one (1) business day notify this Court by letter filed on the docket herein, with a copy to Chambers, certifying that such payment was made and formally withdrawing the Response and Motion, at which time this Approval Order's approval of the Sale Transaction shall become effective.

(d) Immediately upon PJT's receipt of the PJT Payment, the PJT Claims, including as against the Receivership Entities, FCS, and/or the Buyer, shall be deemed to transfer to and shall transfer to the Payor.

(e) Payor shall, within two (2) business days of the entry of this Approval Order, purchase the PJT Claims directly from PJT for the sum of $1,250,000 (One Million Two Hundred Fifty Thousand United States Dollars). Buyer shall assume the liability of the PJT Claims and shall bear total liability of $1,500,000 (One Million Five Hundred Thousand United States Dollars) thereon, without any offsets or defenses, to the Payor out of the cash realized by the Buyer from the sale of any of its assets but in any event no later than one hundred and twenty days (120 days) of the entry of this Approval Order (the "Repayment Date"). Buyer has agreed that the repayment of the assumed PJT Claims shall be secured by valid, legal, perfected lien/security interests in all Aircraft constituting the Acquired Assets (the "Security") which shall be junior to the liens of FCS with respect to the loans to the Receivership Entities pursuant to the Financing Orders (as of October 15, 2023, FCS represents that it has made principal advances on such loans to the Receivership Entities totaled $6,800,000 (Six Million Eight Hundred Thousand United States Dollars) and has covenanted to Payor that no additional principal advances will be made), but no other liens of FCS.

(f)(i) The Buyer shall not, and it shall cause no other entity or person, to move any of the Aircraft constituting the Security from their location on the date of this Approval Order, (ii) the Payor may enter into and/or file any security documents and/or filings to evidence and perfect its security interest in the Security and (iii) the Buyer shall take all measures reasonably requested by the Payor to accomplish the same. Immediately upon Buyer's payment to Payor of $1,500,000, the PJT Claims that were

Honorable P. Kevin Castel
October 20, 2023
Page 4

transferred to Payor from PJT shall be deemed satisfied, released and discharged."

We are available at the Court's convenience should Your Honor wish to discuss this matter further.

                                     Respectfully submitted,

                                     */s/* Robert Drain

cc: Counsel of Record (via ECF)
    Jacqueline M. Dakin