UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br>                              Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br>                              Defendants. | 21 Civ. 6995 (PKC) |

**NOTICE OF MOTION FOR APPROVAL OF FIFTH APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL FUQUA, AS RECEIVER, AND B. RILEY ADVISORY SERVICES**

**PLEASE TAKE NOTICE** that, upon the *Fifth Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (the "Application"), Michael Fuqua, as receiver for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc., by and through his undersigned counsel, will move the Court, before the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York (the "Court"), at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for an Order, in substantially the form attached to the Application as **Exhibit A**, allowing and approving (i) compensation to the Receiver in the amount of $137,385 for services rendered and reimbursement of expenses in the amount of $2,443.79, for a total of $139,828.79 for the period of March 1, 2023 through November 30, 2023 (the "Application Period") and (ii) compensation to B. Riley in the amount of $82,761.50 for services rendered and reimbursement of expenses in the amount of $262.80, for a total of $83,024.30 for the Application Period.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application can be obtained (i) for a fee through the Court's website at https://www.nysb.uscourts.gov/ referencing Case No. 21 Civ. 6995 (PKC) or (ii) for free upon request directed to counsel for the Receiver, Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Jason D. Angelo, Esq. (jangelo@reedsmith.com).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 6(d) and Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any opposing affidavits and answering memoranda must be filed within seventeen (17) days of the date of this Notice.

Dated: December 18, 2023
    New York, New York

Respectfully submitted:

REED SMITH LLP

By:     */s/ Kurt F. Gwynne*
        Kurt F. Gwynne
        599 Lexington Avenue
        New York, New York 10022
        Telephone: (212) 521-5400
        Facsimile: (212) 521-5450
        E-mail: kgwynne@reedsmith.com

        - and -

        Jason D. Angelo, Esq. (admitted *pro hac vice*)
        1201 N. Market Street, Suite 1500
        Wilmington, Delaware 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575
        E-mail: jangelo@reedsmith.com

        *Counsel for Michael Fuqua, in his capacity as*
        *Receiver of Theia Group, Inc., Theia Aviation LLC,*
        *and Theia Holdings A, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                                        Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                                        Defendants. | 21 Civ. 6995 (PKC) |

**FIFTH APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
MICHAEL FUQUA, AS RECEIVER, AND B. RILEY ADVISORY SERVICES**

Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), hereby submits this application (the "Application"), pursuant to Paragraphs 7, 11, and 12 of the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) signed on November 8, 2021 (the "Receivership Order"), for allowance of compensation and reimbursement of expenses of the Receiver and B. Riley Advisory Services f/k/a GlassRatner Advisory & Capital Group, LLC ("B. Riley") for the time period of March 1, 2023 through November 30, 2023 (the "Application Period"). "). In support of the Application, the Receiver contemporaneously has filed the *Declaration of Michael Fuqua, as Receiver, in Support of Fifth Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* ("Fuqua Decl."). In further support of the Application, the Receiver respectfully represents as follows:

**BACKGROUND**

1.      On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") appointed the Receiver as a federal receiver for the assets of the Receivership Entities pursuant to the Receivership Order.

2.      The Court authorized the Receiver to retain professionals (the "Retained Personnel") to assist him in carrying out the duties and responsibilities in the Receivership Order "on terms the Receiver determines to be reasonable in his discretion." *See* Receivership Order ¶ 11.  The Receiver and any Retained Personnel are entitled to (i) "reasonable compensation from the Receivership Entities for the performance of duties" under the Receivership Order and (ii) the "cost of actual and reasonable out-of-pocket expenses incurred by" the Receiver and any Retained Personnel for those services authorized by the Receivership Order "that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate." *Id.*

3.      Additionally, the Receiver is authorized to be compensated in accordance with the "Terms of Engagement for the Theia Group, Inc., *et al*., Receivership" dated November 1, 2021 and signed by the Receiver as Managing Director of B. Riley (the "Engagement Letter"), a copy of which is attached as **Exhibit B**.  *See* Receivership Order ¶ 7; Doc. 106-1, Appendix A.

4.      The Receiver is required to obtain the approval of the Court "for prior approval of any payment or disbursement (a) to the Receiver or his firm; or (b) that exceeds $300,000." *See* Receivership Order ¶7.

5.      By Order entered on April 6, 2022, the Court approved the *First Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and*

*B. Riley Advisory Services* (Doc. 222), thereby approving compensation and reimbursement in the total amount of $169,716.32 for the Receiver and $389,812.89 for B. Riley. *See* Doc. 224.

6. By Order entered on August 17, 2022, the Court approved the *Second Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (Doc. 246), thereby approving compensation and reimbursement in the total amount of $171,000 for the Receiver and $335,287.49 for B. Riley. *See* Doc. 282.

7. By Order entered on December 14, 2022, the Court approved the *Third Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (Doc. 299), thereby approving compensation and reimbursement in the total amount of $67,050 for the Receiver and $80,936.80 for B. Riley. *See* Doc. 313.

8. By Order entered on May 4, 2023, the Court approved the *Fourth Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (Doc. 335), thereby approving compensation and reimbursement in the total amount of $165,546.65 for the Receiver and $124,741.90 for B. Riley. *See* Doc. 353.

## SUMMARY OF SERVICES DURING APPLICATION PERIOD

9. The Receiver, as an agent of the Court, performed his duties under the Receivership Order with the assistance of B. Riley, including, without limitation, the Court's directives to (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets" and (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets." *See* Receivership Order ¶¶ 6-7; Fuqua Decl. ¶ 5.

10. During the Application Period, the Receiver and B. Riley worked expeditiously and efficiently to provide services to the Receivership Entities in accordance with the terms of the

Receivership Order. A detailed summary of the activities performed by the Receiver and B. Riley during the Application Period is set forth in, *inter alia*, the (1) *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* (Doc. 337); (2) *Motion of Michael Fuqua, as Receiver, for Entry of (A) an Order (I) Approving Bidding Procedures in Connection With the Sale of All or Substantially All of the Receivership Entities' Assets, (II) Scheduling an Auction for, and Hearing to Approve, the Sale, (III) Approving Notice of Auction and Sale Hearing, (IV) Further Extending the Receivership Stay Through August 31, 2023, and (V) Granting Related Relief; and (B) an Order (I)Authorizing the Sale Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, and (II) Granting Related Relief* (Doc. 357); and (3) *Motion of Michael Fuqua, as Receiver, for Entry of an Order (I) Authorizing and Approving (A) the Sale of Substantially All of the Receivership Entities' Assets, Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests and (B) Entry Into the Asset Purchase Agreement With LTS Systems, LLC; (II) Further Extending the Receivership Stay; and (III) Granting Related Relief* (Doc. 365), which are incorporated by reference. *See* Fuqua Decl. ¶ 6.

11. The services performed also are detailed in the invoices of the Receiver and B. Riley, copies of which are attached as **Exhibits C and D**, respectively. These invoices contain daily time logs with detailed summaries of the activities performed by the Receiver and B. Riley during the Application Period. *See* Fuqua Decl. ¶ 7.

**COMPENSATION BY RECEIVER AND B. RILEY PROFESSIONALS**
**MARCH 1, 2023 THROUGH NOVEMBER 30, 2023**

| Professional | Rate | Mar-23 Hours | Mar-23 Fees | Apr-23 Hours | Apr-23 Fees | May-23 Hours | May-23 Fees | Jun-23 Hours | Jun-23 Fees | Jul-23 Hours | Jul-23 Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M. Fuqua | $450 | 30.40 | $13,680 | 19.50 | $8,775 | 14.10 | $6,345 | 41.20 | $18,540 | 37.90 | $17,055 |
| [redacted] | | | | | | | | | | | |
| E. Mazur | $485 | 3.20 | $1,552 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 |
| J. Pegnia | $435 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.20 | $87 |
| P. Nguyen | $375 | 5.50 | $2,062.50 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 |
| B. Kehler | $295 | 21.60 | $6,372 | 15.50 | $4,572.50 | 9.70 | $2,861.50 | 43.00 | $12,685 | 128.10 | $37,789.50 |
| *B. Riley Total:* | | 30.30 | $9,986.50 | 15.50 | $4,572.50 | 9.70 | $2,861.50 | 43.00 | $12,685 | 128.30 | $37,876.50 |

| Professional | Rate | Aug-23 Hours | Aug-23 Fees | Sep-23 Hours | Sep-23 Fees | Oct-23 Hours | Oct-23 Fees | Nov-23 Hours | Nov-23 Fees | Totals Hours | Totals Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M. Fuqua | $450 | 77.80 | $35,010 | 11.80 | $5,310 | 54.20 | $24,390 | 18.40 | $8,280 | **305.30** | **$137,385** |
| [redacted] | | | | | | | | | | | |
| E. Mazur | $485 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 3.20 | $1,552 |
| J. Pegnia | $435 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.20 | $87.00 |
| P. Nguyen | $375 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 0.00 | $0.00 | 5.50 | $2,062.50 |
| B. Kehler | $295 | 0.00 | $0.00 | 13.80 | $4,071 | 14.30 | $4,218.50 | 22.00 | $6,490 | 268.00 | $79,060 |
| *B. Riley Total:* | | 0.00 | $0.00 | 13.80 | $4,071 | 14.30 | $4,218.50 | 22.00 | $6,490 | **276.90** | **$82,761.50** |

12.     The foregoing rates for the Receiver and the B. Riley professionals are rates that customarily were charged during the Application Period and are comparable to those charged by others in similar roles and by firms of comparable size and experience in receivership cases and other matters. *See* Fuqua Decl. ¶ 8. Further, the billing rates represent the standard hourly rates for B. Riley personnel.

### SUMMARY OF ACTUAL AND NECESSARY EXPENSES

13.     During the Application Period, the Receiver incurred $2,443.79 in reasonable and necessary expenses and B. Riley incurred $262.80 in reasonable and necessary expenses. Such expenses were actual and necessary in connection with the services rendered by the Receiver and B. Riley, respectively, on behalf of the Receivership Entities. *See* Fuqua Decl. ¶ 9. With respect to out-of-pocket expenses, such amounts are billed separately, and travel is billed at one-half of the required travel time (to reflect a 50% hourly rate). *See id.*; *see also* **Exhibit B**. A summary of the actual and necessary expenses incurred by the Receiver and B. Riley during the Application Period is set forth below:[1]

| Expense | Mar-23 | Apr-23 | May-23 | Jun-23 | Jul-23 | Aug-23 | Sep-23 | Oct-23 | Nov-23 | Totals |
|---|---|---|---|---|---|---|---|---|---|---|
| **RECEIVER'S EXPENSES** | | | | | | | | | | |
| Transportation | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $347.76 | $0.00 | $347.76 |
| Travel – Air/Rail | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,570.60 | $0.00 | $1,570.60 |
| Lodging | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $456.77 | $0.00 | $456.77 |
| Meals | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $53.04 | $0.00 | $53.04 |
| Postage / Delivery | $0.00 | $15.62 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $15.62 |
| **Receiver's Total** | | | | | | | | | | **$2,443.79** |
| **B. RILEY'S EXPENSES** | | | | | | | | | | |
| PACER | $6.10 | $0.00 | $3.40 | $0.00 | $13.30 | $0.00 | $0.00 | $0.00 | $0.00 | $22.80 |
| Miscellaneous | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $240.00 | $0.00 | $0.00 | $240.00 |
| **B. Riley's Total** | | | | | | | | | | **$262.80** |

---

[1] Based on the timing and processing of vendor invoices, it is possible that some expenses incurred during the Application Period may be include in a future fee application.

**REQUESTED RELIEF**

14. By this Application, the Receiver respectfully requests entry of an Order, in substantially the form attached as **Exhibit A** (the "Proposed Order"): (i) with respect to the Receiver, allowing and approving compensation in the amount of $137,385 and reimbursement of expenses in the amount of $2,443.79, for a total of $139,828.79 for the Application Period; (ii) with respect to B. Riley, allowing and approving compensation in the amount of $82,761.50 and reimbursement of expenses in the amount of $262.80, for a total of $83,024.30 for the Application Period; and (iii) granting such other relief as is appropriate.[2]

**BASIS FOR RELIEF**

15. A court-appointed receiver and the professionals retained thereby should receive reasonable compensation for services rendered and expenses incurred. *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008) (citing 65 AM. JUR. 2D RECEIVERS, § 219 (2d ed. 2008)). In determining what constitutes reasonable compensation for a receiver and a receiver's professionals, courts consider all circumstances surrounding the receivership and balance several factors, such as (1) "the complexity of problems faced," (2) "the benefit to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented." *SEC v. Qin*, 2021 U.S. Dist. LEXIS 195124, *2 (S.D.N.Y. Oct. 4, 2021) (citing *Byers*, 590 F. Supp. at 644); *accord SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (approving request for compensation where the issues were complex; the receiver submitted detailed, contemporaneous

---

[2] As the proceeds of the court-approved receivership financing are insufficient to pay in full all administrative expenses of the receivership proceedings, LTS Systems, LLC (the purchaser of the Receivership Entities' assets) agreed to pay as "assumed liabilities" the balance of professional fees (up to certain amounts) for receivership professionals that were willing to accept deferred payments (as necessary), including not more than (i) $200,000 for the Receiver's allowed fees and expenses and (ii) $100,000 for B. Riley's fees and expenses. *See* Asset Purchase Agreement, Schedule 1.01(i), "Schedule of Assumed Liabilities" (Doc. 365-1); *see also* Fuqua Decl. ¶ 10.

time records reflecting his work and that of other professionals; and the rates were reasonable and consistent with those previously approved by the court); *see also* 6 A.L.R. Fed. 817, at §§ 7-12 (discussing factors).

16. In granting requests for compensation of a receiver and a receiver's professionals, a "basic consideration is the nature and complexity of the legal problems confronted and the skill necessary to resolve them" while understanding that an "equitable receivership is by its very nature, a legally complex process." *SEC v. W.L. Moody & Co., Bankers*, 374 F. Supp. 465, 484-85 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975); *see also Gasser v. Infanti Int'l, Inc.*, 358 F. Supp. 2d 176, 182 (E.D.N.Y. 2005) (finding that legal fees were reasonable, "particularly in light of the extensive litigation and motion practice that has ensued.").

17. A receiver and their professionals also are "entitled to be reimbursed for the actual and necessary expenses" that the Receiver "incurred in the performance of [their] duties." *Fed. Trade Comm'n v. Direct Benefits Grp., LLC*, 2013 U.S. Dist. LEXIS 172430, *3 (M.D. Fla. Dec. 6, 2013). Here, both the Receiver and B. Riley support their respective claims for reimbursement of expenses with "information for the Court to determine that the expenses are actual and necessary costs of preserving the estate." *SEC v. Kirkland*, 2007 U.S. Dist. LEXIS 9858, *2 (M.D. Fla. Feb. 13, 2007) (citing *In re Se. Banking Corp.*, 314 B.R. 250, 271 (Bankr. S.D. Fla. 2004)).

18. Further, "[t]he general rule regarding payment of receivership expenses is that '[c]osts and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by [the receiver] in the discharge of [their] duties, constitute a first charge against the property or funds in the receivership.'" *Gaskill v. Gordon*, 1993 U.S. Dist. LEXIS 2888, *6 (N.D. Ill. Mar. 5, 1993) (quoting 66 AM. JUR. 2D RECEIVERS § 281). As such, the payment

of costs and fees to a court-appointed and approved receiver and their professional team has been given top priority by the courts. *See, e.g.*, *SEC v. Rex Venture Grp. LLC*, 2014 U.S. Dist. LEXIS 45078, *9-10 (W.D.N.C. Mar. 26, 2014).

19. Applying these standards, based on the descriptions in this Application and in the narrative descriptions in the invoices attached as **Exhibits C and D**, the Receiver and B. Riley respectfully submit that payment of the requested fees and expenses is appropriate. All the services for which compensation is sought were rendered on behalf of the Receivership Entities, in furtherance of the Receiver's duties, and in discharge of the Receiver's responsibilities under the Receivership Order. *Id.* Based on (i) B. Riley's extensive experience; (ii) the complexity of the issues in this case; and (iii) the quality and quantity of work performed, the Receiver respectfully submits that the amounts requested to be paid to the Receiver and B. Riley are fair and reasonable. *See* Fuqua Decl. ¶¶ 11-12.

20. Moreover, the amount of compensation requested is consistent with similar requests approved by courts in this District and the Second Circuit. *See., e.g.*, *Ross v. Thomas*, 2011 U.S. Dist. LEXIS 60444, *38-40 (S.D.N.Y. June 6, 2011) (allowing commission, fees, costs, and expenses in the full requested amount of $336,210.66); *SEC v. Mobley*, 2000 U.S. Dist. LEXIS 16452, *6 (S.D.N.Y. Nov. 13, 2000) (allowing receiver's fees in the full amount of $805,959.42 for a period of just three (3) months); *SEC v. Varacchi*, 2020 U.S. Dist. LEXIS 205514, *3 (D. Conn. Oct. 30, 2020) (granting request for reimbursement of fees and expenses in full).

**WHEREFORE**, the Receiver respectfully requests that the Court enter the Proposed Order, in substantially the form attached as **Exhibit A**, (i) with respect to the Receiver, allowing and approving compensation in the amount of $137,385 and reimbursement of expenses in the amount of $2,443.79, for a total of $139,828.79 for the Application Period; (ii) with respect to

B. Riley, allowing and approving compensation in the amount of $82,761.50 and reimbursement of expenses in the amount of $262.80, for a total of $83,024.30 for the Application Period; and (iii) granting such other relief as is appropriate.

Dated: December 18, 2023
       New York, New York

                Respectfully submitted:

                REED SMITH LLP

By:   */s/ Kurt F. Gwynne*
     Kurt F. Gwynne
     599 Lexington Avenue
     New York, New York 10022
     Telephone:  (212) 521-5400
     Facsimile:   (212) 521-5450
     E-mail:  kgwynne@reedsmith.com

     - and -

     Jason D. Angelo, Esq. (admitted *pro hac vice*)
     1201 N. Market Street, Suite 1500
     Wilmington, Delaware 19801
     Telephone:  (302) 778-7500
     Facsimile:   (302) 778-7575
     E-mail:  jangelo@reedsmith.com

     *Counsel for Michael Fuqua, in his capacity as*
     *Receiver of Theia Group, Inc., Theia Aviation LLC,*
     *and Theia Holdings A, Inc.*