UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                            Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                           Defendants.

21 Civ. 6995 (PKC)

**DECLARATION OF MICHAEL FUQUA, AS RECEIVER, IN SUPPORT OF FIFTH APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL FUQUA, AS RECEIVER, AND B. RILEY ADVISORY SERVICES**

I, Michael Fuqua, declare as follows:

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case. Accordingly, I am the Court-appointed receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

2. I submit this declaration (this "Declaration") in support of the *Fifth Application for Allowance of Compensation and Reimbursement of Expenses of Michael Fuqua, as Receiver, and B. Riley Advisory Services* (the "Application"), filed contemporaneously with this Declaration.[1]

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the Application.

3. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge. If I were called to testify, I would testify competently to the facts set forth herein.

4. I have read the Application and I submit that, to the best of my knowledge in my role as Receiver of the Receivership Entities, as well as after reasonable inquiry, the facts set forth in the Application are true and correct.

5. Since my initial engagement and subsequent appointment, I have acted as the agent of the Court and, in so doing, have diligently performed my duties under the Receivership Order with the assistance of (among others) B. Riley, including, without limitation, the Court's directives to (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets" and (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets." *See* Receivership Order ¶¶ 6-7.

6. During the Application Period, B. Riley and I worked expeditiously and efficiently to provide services to the Receivership Entities in accordance with the terms of the Receivership Order. A detailed summary of the activities performed by the professionals of B. Riley and by me during the Application Period is set forth in, *inter alia*, the (1) *Expedited Motion of Receiver for an Order Further Extending the Stay Provided in the Receivership Order* (Doc. 337); (2) *Motion of Michael Fuqua, as Receiver, for Entry of (A) an Order (I) Approving Bidding Procedures in Connection With the Sale of All or Substantially All of the Receivership Entities' Assets, (II) Scheduling an Auction for, and Hearing to Approve, the Sale, (III) Approving Notice of Auction and Sale Hearing, (IV) Further Extending the Receivership Stay Through August 31, 2023, and (V) Granting Related Relief; and (B) an Order (I) Authorizing the Sale Free and Clear of Liens,*

*Claims, Rights, Encumbrances, and Other Interests, and (II) Granting Related Relief* (Doc. 357); and (3) *Motion of Michael Fuqua, as Receiver, for Entry of an Order (I) Authorizing and Approving (A) the Sale of Substantially All of the Receivership Entities' Assets, Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests and (B) Entry Into the Asset Purchase Agreement With LTS Systems, LLC; (II) Further Extending the Receivership Stay; and (III) Granting Related Relief* (Doc. 365), which are incorporated by reference.

7. The compensation requested in the Application is based upon the nature, extent, and value of the services rendered, as more particularly detailed in the invoices annexed to the Application as **Exhibits C and D**, which contain daily time entries with detailed summaries of the activities performed by me and B. Riley during the Application Period.

8. The billing rates for B. Riley and me are rates that customarily were charged during the Application Period and are comparable to those charged by others in similar roles and by firms of comparable size and experience in receivership cases and other matters. Further, the billing rates represent the standard hourly rates for B. Riley personnel.

9. The expenses for which B. Riley and I seek reimbursement are reasonable and were actual and necessary in connection with the services rendered by B. Riley and me on behalf of the Receivership Entities. In accordance with the terms of the Engagement Letter, out-of-pocket expenses are billed separately, and travel is billed at one-half of the required travel time (to reflect a billable rate of 50%).

10. As the proceeds of receivership financing are insufficient to pay in full all administrative expenses of the receivership proceedings, LTS Systems, LLC (the purchaser of the Receivership Entities' assets) agreed to pay as "assumed liabilities" the balance of professional fees (up to certain amounts) for receivership professionals that were willing to accept deferred

- 4 -

payments (as necessary), including (i) not more than $200,000 for the Receiver's allowed fees and expenses and (ii) not more than $100,000 for B. Riley's fees and expenses. *See* Asset Purchase Agreement, Schedule 1.01(i), "Schedule of Assumed Liabilities" (Doc. 365-1).

11. I believe that B. Riley and the Receiver are entitled to the requested compensation and reimbursement of expenses based on the considerable expenditures of resources since March 1, 2023.

12. Accordingly, I respectfully request that the Court allow (and authorize the payment of) the compensation and reimbursement of expenses requested in the Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 18, 2023

By: */s/ Michael Fuqua*
Michael Fuqua, as Receiver