UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                              Plaintiff,

—against—

THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"

                             Defendants.

21 Civ. 6995 (PKC)

## DECLARATION OF KURT F. GWYNNE IN SUPPORT OF FIFTH AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF REED SMITH LLP, AS COUNSEL TO RECEIVER

I, Kurt F. Gwynne, declare as follows:

1. I am a partner of the law firm Reed Smith LLP ("Reed Smith" or the "Firm"). I have been a partner of the Firm since 2001.

2. I submit this declaration (this "Declaration") in support of the *Fifth and Final Application for Allowance of Compensation and Reimbursement of Expenses of Reed Smith LLP, as Counsel to the Receiver* (the "Application"), filed contemporaneously with this Declaration.[1]

3. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge. If I were called to testify, I would testify competently to the facts set forth below.

4. I have read the Application, and I submit that the facts set forth in the Application regarding the Firm's general representation of the Receiver (as defined below) are true and correct.

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the Application.

**Receiver's Engagement of Reed Smith**

5.     On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case (the "Case"), thereby appointing Michael Fuqua as receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

6.     The Receiver engaged Reed Smith to serve as his counsel with respect to the Case.

7.     Since Reed Smith's engagement and the Receiver's appointment, I have been the lead partner (other than with respect to the Department of Justice investigation and related subpoenas) working on the Case, together with the Reed Smith professionals set forth in **Exhibit B** to the Application. Reed Smith has assisted the Receiver with undertaking his duties as set forth in the Receivership Order, including, without limitation, the Court's directives that the Receiver (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets" and (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets." *See* Receivership Order ¶¶6, 7.

**Compensation & Reimbursement of Expenses Sought By Reed Smith**

8.     By the Application, Reed Smith requests an allowance of compensation in the amount of $594,104 and reimbursement of expenses in the amount of $111,739.97, for a total of $705,843.97. All services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Receiver and the Receivership Entities during the Application Period.[2]

---

[2] As the proceeds of the receivership financing are insufficient to pay in full all administrative expenses of the receivership proceedings, LTS Systems, LLC (the purchaser of the Receivership Entities' assets) agreed to pay as "assumed liabilities" the balance of professional fees (up to certain amounts) for receivership professionals that were willing to accept deferred payments (as necessary), including not

9. The compensation requested in the Application is based upon the nature, extent, and value of the services rendered, as more particularly detailed in the invoices annexed as **Exhibit B** to the Application. These invoices contain daily time entries describing the time spent by each attorney and paraprofessional for the Application Period, and they are separated into two (2) separate categories: (i) counsel to the Receiver in connection with the exercise of his general duties as Receiver (Matter No. 60001) and (ii) counsel to the Receiver with respect to the ongoing Department of Justice investigation into the Receivership Entities (Matter No. 60002).

10. The billing rates for the Reed Smith professionals who worked on this Case, as set forth in **Exhibit C** to the Application, are those Reed Smith customarily charges for legal services to the Firm's other clients. The billing rates represent the standard hourly rates for Reed Smith personnel.

11. Reed Smith reduced the amount of its requested fees by $5,368.50 (8.60 hours) incurred by certain *de minimis* timekeepers who billed 3.00 hours or less during the Application Period.

### Actual and Necessary Expenses Incurred During Application Period

12. Reed Smith incurred $111,739.97 in reasonable and necessary expenses during the Application Period. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. The Firm utilized DLS Discovery for large mailings of significant filings to over 320 parties-in-interest, including holders of 'friends and family' notes and former third-party consultants hired by the Receivership Entities. Additionally, the Firm utilized "Gravity Stack," a Reed Smith subsidiary that provides complete, end to end managed services in litigation and internal investigations, to assist with data collection,

---

more than $750,000 for Reed Smith's allowed fees and expenses. *See* Asset Purchase Agreement, Schedule 1.01(i), "Schedule of Assumed Liabilities" (Doc. 365-1).

processing, hosting, and production in connection with the ongoing Department of Justice investigation.

### The Requested Compensation and Expense Reimbursement Are Reasonable

13. The issues involved in this receivership case have been highly complex and covered a wide range of subject matters. All the services for which compensation is sought were rendered on behalf of the Receivership Entities, in furtherance of the Receiver's duties, and in discharge of the Receiver's responsibilities under the Receivership Order. The invoices submitted contemporaneously with the Application indicate that Reed Smith worked diligently and efficiently in performing services on behalf of the Receiver and the Receivership Entities.

14. Accordingly, I respectfully request that the Court allow (and authorize the payment of) the compensation and reimbursement of expenses requested by Reed Smith in the Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 18, 2023

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne
REED SMITH LLP