UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br>                                Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br>                              Defendants. | 21 Civ. 6995 (PKC) |

**DECLARATION OF THADDEUS D. WILSON IN SUPPORT OF SECOND APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KING & SPALDING LLP, AS COUNSEL TO RECEIVER**

I, Thaddeus D. Wilson, hereby declare:

1. I am a partner of the law firm King & Spalding LLP ("King & Spalding" or the "Firm"), maintains offices at, among other places, 1180 Peachtree Street NE, Atlanta, GA 30309. I am an attorney admitted to practice law in the State of Georgia.

2. I submit this declaration (this "Declaration") in support of the *Second Application for Allowance of Compensation and Reimbursement of Expenses of King & Spalding LLP, as Counsel to the Debtor and Debtors-in-Possession* (the "Application"), filed contemporaneously with this Declaration.[1]

3. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge. If I were called to testify, I would testify competently to the facts set forth below.

---

[1] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the Application.

4. I have read the Application, and, to the best of my knowledge, the facts set forth in the Application are true and correct.

## Receiver's Engagement of King & Spalding

5. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") entered an *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order") in the above-captioned case (the "Case"), thereby appointing Michael Fuqua as receiver ("Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities").

6. Prior to the entry of the Receivership Order, on October 12, 2021, the Receivership Entities filed counterclaims (Doc. 79) in the above-referenced civil action (the "Counterclaims") against FCS Advisors, LLC ("FCS"); Brevet Capital Management, LLC ("BCM"); Mark Callahan; Robert Leeds; Leeds Holdings, LLC; and Strongbow Holdings, LLC (collectively, the "Defendants").

7. On January 26, 2022, the Court entered an Order (the "Order to Show Cause") (Doc. 178) in which the Court concluded that "the counterclaim [against the Defendants] remains pending and the Receiver, who now stands in the shoes of Theia, is responsible for prosecuting or otherwise resolving this claim against Callahan. The Receiver is also responsible for negotiating the terms of the Brevet financing. The Receiver ought to be able to rely on conflict-free lawyers for advice on these subjects."

8. In response to the Order to Show Cause, the Receiver engaged King & Spalding to represent the Receiver with respect to (i) the investigation of claims by and against the Defendants and (ii) the proposed receivership financing from FCS. The Receiver also filed a notice (Doc. 186) on February 2, 2022 to inform the Court and parties in interest of King & Spalding's retention.

9.      On May 26, 2023, King & Spalding filed its first fee application for compensation (Doc. 355). On October 29, 2023, the Court entered an order allowing payment to King & Spalding in the total amount of $446,285.91 for the applicable period, consisting of (i) $343,631.00 for legal services provided to the Receiver; (ii) reimbursement of expenses in the amount of $2,654.91, and (iii) a security retainer in the amount of $100,000.00 (Doc. 412).

10.     Since King & Spalding's engagement and the Receiver's appointment, I have been the lead attorney working on the Case and, along with the King & Spalding professionals set forth in **Exhibit B**, I have assisted the Receiver with undertaking his duties as set forth in the Receivership Order, including, without limitation, the Court's directives to (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets;" (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets;" and (iii) "borrow funds on behalf of the receivership estate." *See* Receivership Order, ¶¶ 7, 8, 13.

11.     On October 26, 2023, the Court entered an order (the "Sale Order") (Doc. 411), in which the Court approved the sale of the Receivership's assets to an affiliate of FCS, LTS Systems, LLC ("LTS"). Due to concerns raised by the Court at a hearing related to the sale, the Receiver requested that King & Spalding take over from Reed Smith LLP ("Reed Smith") as his counsel in negotiating the final documentation and closing of the transaction with LTS. Thus, King & Spalding has been representing the Receiver in connection with the closing of the sale transaction with LTS.

### Compensation & Reimbursement of Expenses Sought By King & Spalding

12.     By the Application, King & Spalding requests an allowance of compensation in the amount of $148,600.00 for legal services and reimbursement of expenses in the amount of $1,748.20, for a total of $150,348.20. All services and costs for which King & Spalding seeks

compensation were performed for, or on behalf of, the Receiver and the Receivership Entities during the Application Period.[2]

13. The compensation sought in the Application is based upon the nature, extent, and value of the services rendered, as more particularly detailed in the invoices annexed as **Exhibit B** to the Application. These invoices contain daily time logs describing the time spent by each attorney and paraprofessional during the Application Period, as well as itemization of expenses.

14. The billing rates for King & Spalding's professional services provided in this Case, as set forth in **Exhibit B** to the Application, are based upon the time, nature, extent and value of such services and the cost of comparable services that King & Spalding customarily charges to the Firm's other clients. The billing rates represent the standard hourly rates for King & Spalding personnel.

**Services Rendered by King & Spalding Professionals During Application Period**

15. During the Application Period, King & Spalding worked expeditiously and efficiently to provide legal services to the Receiver and the Receivership Entities. The services rendered by King & Spalding to the Receiver and the Receivership Entities during the Application Period include, without limitation, the following:

> a. **Sale Process.** King & Spalding held numerous discussions regarding the proposed sale transaction (the "Proposed Sale") with a third-party buyer or FCS and related issues with the Receiver, his team at B. Riley, Reed Smith, and FCS. The Firm reviewed, analyzed, and provided advise with respect to the asset purchase agreement, bidding procedures, sale motion, and sale order for the Proposed Sale.  King & Spalding also prepared for and attended a hearing regarding the Proposed Sale, and after the Court entered the Sale Order approving the Proposed Sale to LTS, King & Spalding has taken over (from

---

[2] As the proceeds of receivership financing are insufficient to pay in full all administrative expenses of the receivership proceedings, LTS agreed to pay as "assumed liabilities" the balance of professional fees (up to certain amounts) for receivership professionals that were willing to accept deferred payments (as necessary), including not more than $200,000 for King & Spalding's allowed fees and expenses. *See* Asset Purchase Agreement, Schedule 1.01(i), "Schedule of Assumed Liabilities" (Doc. 365-1).

       Reed Smith) as counsel to the Receiver to get the sale transaction with LTS closed.

    b. **Post-Sale Strategic Planning Process.** King & Spalding held numerous discussions regarding post-sale strategic planning for the Receivership Entities with the Receiver, his team at B. Riley, and Reed Smith. The Firm also analyzed documents and gathered information with respect to the post-sale strategic planning and the ultimate conclusion of the receivership.

    c. **Fee Applications.** King & Spalding prepared its fee applications for legal services provided to the Receiver. The Firm also reviewed the docket and certificate of no objection with respect to its first fee application.

### Actual and Necessary Expenses Incurred During Application Period

16.   King & Spalding incurred $1,748.20 in reasonable and necessary expenses during the Application Period. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. The rates charged with respect to such expenses are at or below the market rates that the majority of law firms charge clients for such services. In addition, such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### The Requested Compensation and Expense Reimbursement is Reasonable

17.   I believe that the amounts requested by King & Spalding are reasonable given (a) the complexity of this Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the value of property of the estate enhanced, preserved and protected, and (f) the costs of comparable services (including in cases other than a receivership case).

18.   Accordingly, I respectfully request that this honorable Court allow (and authorize the payment of) the compensation and reimbursement of expenses requested by King & Spalding in the Application.

- 6 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 18, 2023

By: */s/ Thaddeus D. Wilson*
Thaddeus D. Wilson