

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-3197

Telephone:  414.298.1000
Facsimile:  414.298.8097
reinhartlaw.com

July 3, 2024

Frank W. DiCastri
Direct Dial: 414-298-8356
fdicastri@reinhartlaw.com

FILED VIA CM/ECF

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Castel:  Re:  FCS Advisors, LLC v. Theia Group, Inc., et al., Case No. 21 Civ. 6995 (PKC)

Our firm, together with counsel of record Foley & Lardner, represents Basler Turbo Conversions, L.L.C., a Wisconsin limited liability company designated the "Seller" under a September 2020 *Contract for Sale of Three Basler Turbo-67 Aircraft and Modification of One Basler Turbo-67 Aircraft* (the "Contract").  Theia Group, Inc. was the designated "Buyer" under the Contract, but by agreement of the parties, Theia Aviation, LLC ("Theia") later became the designated "Buyer."

Matthew Schwartz of the Boies Schiller firm recently sent Your Honor a letter, announcing that Boies Schiller represents an entity named CogniSphere, apparently a wholly-owned subsidiary of LTS Systems, LLC, which Basler understands to be Theia's primary secured creditor and the putative purchaser of Theia's assets ("LTS").  ("Putative" because Basler does not know whether the Receiver and LTS have closed their transaction.  As of April 9, 2024, Receiver reported in his *Seventh Interim Report of Receiver* that the sale had not closed.)  Basler has never heard of CogniSphere, and has never spoken to or otherwise communicated with Mr. Schwartz or the Boies Schiller firm.  Until now, LTS has been represented at times by the Steptoe firm and at other times by the Morgan Lewis firm, and our communications have been with lawyers at those firms.  Mr. Schwartz offers in a footnote that his firm has also represented in this case someone named Robert Leeds and entities apparently owned by Mr. Leeds—Leeds Holdings, LLC, and Strongbow Holdings, LLC.  Unfortunately, Basler does not know Mr. Leeds or his entities either, nor does Basler understand how or why "Mr. Leeds is trying to once again work with others to resolve a dispute between parties before the Court."  *Schwartz Letter*, at 1, n.1.

Hon. P. Kevin Castel
July 3, 2024
Page 2

In fact, Basler was not aware of any "dispute" with a "CogniSphere" until July 1, 2024, when Mr. Schwartz sent Basler a letter, with no phone call or communication to precede it, claiming to effectuate a "notice of breach" of the Contract, only two weeks after LTS (or one of its designees) paid Basler nearly $12.4 million to complete the acquisition of the three aircraft that Theia initiated nearly four years ago (the "Aircraft"). In that July 1 letter, Mr. Schwartz claims that Basler is in breach of Section VIII of the Contract for allegedly failing to obtain FAA "airworthiness" certificates for the Aircraft, and purports to grant Basler 10 days to "cure" the "breach."

If that is the "dispute" Mr. Schwartz describes, it is certainly not between parties "before the Court" as Mr. Schwartz suggests. Indeed, the purpose of Mr. Schwartz's letter to the Court is unclear to Basler, as there is no Contract dispute pending before Your Honor. Basler previously filed a motion with the Court seeking, among other things, relief from the receivership stay and the sale order, the order by which the Receiver in this case purported to sell Theia's assets to LTS or one of its designees (the "Sale Order"). That motion, filed on March 15, 2024, has since been terminated following the parties' execution of a May 17, 2024, Letter Agreement addressing the disposition of the Contract and the Aircraft (the "Letter Agreement").

Then, in the Court's June 10, 2024 *Stipulation and Agreed Order Resolving Objection to Motion to Compel of Creditor Basler Turbo Conversions, L.L.C. to Compel Payment of Cure Amounts, or in the Alternative for Relief from the Sale Order and the Receivership Stay and Approving Letter Agreement* (the "Agreed Order"), the Court ordered that if neither of the payments contemplated by paragraphs 1 or 2 of the Letter Agreement is made:

> the Receivership Stay is lifted, and relief from the Receivership Stay and the Sale Order with respect to the Aircraft (as such term is defined in the APA) is granted, all without further order of this Court or notice to any party in this case, in order to allow the sale of the Aircraft by Auction (as set forth in the Letter Agreement), with the proceeds of any such sale to be applied as set forth in the Letter Agreement.

*Agreed Order at 5.* It is undisputed that neither of the payments contemplated by paragraphs 1 or 2 of the Letter Agreement was made, so the receivership stay is no longer in effect with respect to the Aircraft, and the Sale Order does not apply to Basler or the Aircraft. There is no motion or litigation pending that involves Basler or, to Basler's knowledge, CogniSphere, and Mr. Schwartz's July 1 letter requests no relief.

Hon. P. Kevin Castel
July 3, 2024
Page 3

      Under these circumstances, Basler will respond to Mr. Schwartz's letter only to say that it disagrees with and disputes the allegations made therein.  Basler is, in fact, not in breach of the Contract and made no misrepresentations as asserted by Mr. Schwartz.  But a detailed discussion of those matters does not appear appropriate at this time, or in this form.  Basler will not engage in a letter-writing campaign on issues that could theoretically become a "case or controversy" at some point in the future, nor will Basler address every statement and allegation contained in that letter, despite LTS' belief that Basler is obligated to do so.  *Schwartz Letter*, at 3 ("If any party has a different understanding, LTS believes it is incumbent upon them to speak now.").

      Indeed, considering that LTS is, by its own admission, only "reserv[ing] all rights" "to the extent Basler fails to timely obtain FAA approval or otherwise fulfill its contractual obligations," a more detailed response would be premature and inappropriate.  If a reservation of rights is all Mr. Schwartz intended, he might have sent his July 1 letter to Basler instead of filing it with the Court.

      Sincerely,

      *s/ Frank W. DiCastri*
      REINHART BOERNER VAN DEUREN, s.c.
      1000 N. Water St. #1700
      Milwaukee, WI 53202

      *s/ Anne B. Sekel*
      FOLEY & LARDNER LLP
      90 Park Ave., 37th Floor
      New York, New York 10016

52110503