

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 8, 2024

**BY ECF**

Honorable Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

File motion on proposed schedule.
SO ORDERED.
Dated: 10/9/2024

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Re: *FSC Advisors, LLC v. Theia Group, Inc., et al.*, Case No. 21 Civ. 6995 (PKC)

Dear Judge Castel:

We represent CogniSphere, which the Court may recall is a successor-in-interest to Theia's rights under its agreement with Basler Turbo Conversions, LLC. On July 1, 2024, we wrote to advise the Court of certain misstatements made by Basler concerning whether it had "fully performed" its contractual obligations, upon which the Court relied in issuing its June 11, 2024 order. [ECF Nos. 449 (order), 451 (July 1 letter)]. At the time, we were hopeful that Basler would come into swift compliance, making the issue (somewhat) academic. But that has not occurred; the Aircraft continue not to be airworthy or usable. As a result, CogniSphere reluctantly must come to the Court for intervention, and respectfully requests that the Court schedule a pre-motion conference or, alternatively and pursuant to Rule 3.A of Your Honor's Individual Practices, adopt the briefing schedule below. There is no other currently-scheduled conference before the Court.

By way of further background, on June 11, 2024, the Court entered an Order endorsing a May 17, 2024, Letter Agreement among LTS Systems, LLC; Basler Turbo Conversions, LLC; and the Receivership Entities. [ECF No. 449 ("Order")].[1] The Order and Letter Agreement gave LTS various options to acquire certain Aircraft and associated rights from Basler in exchange for payment under the contract between Basler and Theia, plus certain "cure" payments, a Cancellation Fee, and potentially other expenses. [*Id.* at 10 ¶ 4].

The Letter Agreement and the Court's approval of it were premised on Basler's sworn representation that it had already performed all material obligations under the original contract and was prepared to deliver the Aircraft. [*See, e.g.*, ECF No. 429-2 ("With the exception of painting one plane (as the Receiver is aware), I believe that Basler has fully performed all of its obligations to date.")]. One of those contractual obligations was to ensure that, "upon Delivery," each Aircraft "shall have received a valid FAA airworthiness certificate; and will be in a fully operative, airworthy, and serviceable condition." *See* Exhibit A, Section VIII.

But after performing industry-standard due diligence (with which Basler refused to cooperate), it was discovered that Basler had failed to obtain from the Federal Aviation Administration a valid FAA Airworthiness Certificate. Its statement to the Court and the Receiver that it had "fully performed all of its obligations" was therefore false or misleading. It was also highly material. Basler's failure to obtain FAA airworthiness certificates for the Aircraft significantly reduces their value because it prevents the operator from conducting any meaningful commercial

---

[1] Capitalized terms not otherwise defined have the same meaning as in the Order.



operations.  For example, but for the lack of an airworthiness certificate, the Aircraft could likely have been deployed subject to contracts with FEMA to deliver emergency supplies and water to flood areas impacted by Hurricanes Helene and (depending on what happens later this week) Milton.

As explained in our earlier letter, in reliance on Basler's representation that the necessary regulatory approvals were imminently forthcoming—and to avoid paying additional contractual penalties, or the Aircraft being sold as-is at an already scheduled auction—LTS exercised the so-called Cancellation Option and paid, on top of other amounts, a $2.5 million "cure" amount to acquire the Aircraft and attendant rights.  CogniSphere (the LTS subsidiary that became the beneficiary of the Basler contract) nonetheless made clear that it reserved all rights, "including but not limited to the right to unwind the Letter Agreement and seek other appropriate relief" in the event "Basler fail[ed] to timely obtain FAA approval or otherwise fulfill its contractual obligations."  [ECF No. 451 at 3].[2]  CogniSphere also made clear its position that the contractual Delivery Date "is the date that Basler receives the FAA Airworthiness Certification and is thus in a position to deliver the Aircraft in conformity with the contract," and that until that date passes, the highly valuable option to purchase a fourth plane—which is exercisable up until the delivery date—remains open.  [*Id.* at 3 n.6, *see id.* at 2].  The Court memo-endorsed our letter as follows: "The position of LTS is duly noted. Any party with an understanding different than that expressed by LTS shall make an appropriate application to the Court no later than July 9, 2024."  [ECF No. 453].  No such application came.[3]

More than two months later, Basler has still failed to obtain a valid FAA airworthiness certificate, meaning that—despite having paid Basler millions of dollars—the Aircraft remain unusable.  $2.5 million of the price Basler was paid was an asserted "cure" for defaults of the underlying contract.  But it is now clear that Basler was never able to, and still has not, performed under the contract or made delivery of the Aircraft, so it was never entitled to any cure payments.  On the other hand, on June 13 CogniSphere paid more than $12 million to Basler (on top of the $27.5 million Basler was previously paid by Theia) to obtain Aircraft that should have been immediately usable.  Putting aside the very substantial opportunity costs of being unable to put the Aircraft to work over the last four months, at current money market rates the return on CogniSphere's $12.4 million alone would have been more than $400,000.  Nor has CogniSphere been able to acquire the highly valuable fourth plane, which it appears Basler may have sold to someone else, without providing any notice.  [*See* https://tinyurl.com/nesucx98 (Department of Defense news release reporting that the State Department authorized a sale of Basler BT-67 Aircraft to the Government of Argentina for $143

---

[2]     CogniSphere is no longer an LTS subsidiary.  As suggested in the first footnote of our July 1 letter, CogniSphere is now beneficially owned by Robert Leeds, who provided the financing for payment under the Court's June 11 order, and who has appeared in these proceedings previously in various capacities, including to provide the capital necessary to resolve the dispute between the Receivership and PJT Partners LP, [ECF No. 415 (counsel for PJT reporting that "on October 30, 2023, PJT received a wire payment from Strongbow Holdings, LLC in the amount of $1,250,000," and so withdrawing PJT's then-pending motions)], and as a since-dismissed counterclaim defendant, along with his entities Leeds Holdings and Strongbow Holdings, [ECF No. 79 (Answer with Counterclaims); ECF No. 244 (dismissal of counterclaims)].

[3]     Between the date of our July 1 letter and the Court's memo-endorsement, Basler wrote to say that it "disagrees with and disputes" the contents of the July 1 letter, expressly without explaining why.  [ECF No. 452].  Basler's letter contained no application, and it filed nothing further in response to the Court's subsequent endorsed order.



million; numerous online sources report that the sale includes a plane with the same tail number as the fourth plane under the Theia contract)]. CogniSphere notified Basler in writing that it was exercising its option to acquire the fourth plane, but Basler has not acknowledged that notice or otherwise responded.

Simply put, as a result of Basler's inaccuracy to the Court, CogniSphere overpaid Basler by $2.5 million and is losing money by the day as the Aircraft sit unusable in hangars, and CogniSphere has also been unable to get so much as a response from Basler with respect to its option on the fourth plane. With no end to this situation in sight, we are reluctantly forced to return to the Court. CogniSphere therefore respectfully requests that the Court schedule a pre-motion conference to address Basler's conduct. We believe a conference would be the most efficient way to resolve this dispute because Basler has already affirmatively waived its ability to contest these issues by failing to respond to the Court's July 2024 order. [*See* ECF No. 453]. Alternatively, CogniSphere is prepared to file a motion to compel Basler to come into compliance with the June 11 Order and reimburse CogniSphere for the damages caused by Basler's misstatements. Should the Court wish to set a briefing schedule now, we suggest the following:

        CogniSphere to move by October 25

        Basler to respond by November 8

        CogniSphere to reply by November 15

Thank you for your consideration of this request.

                              Respectfully,

                              */s/ Matthew L. Schwartz*
                              Matthew L. Schwartz