UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FCS ADVISORS, LLC,

       Plaintiff,       21-cv-6995 (PKC)

 -against-           ORDER


THEIA GROUP, INC, et al,

       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    The Court has addressed the problematic nature of the Receivership in prior Orders. See, e.g., Order of October 23, 2023 (ECF 410 at 6-7; "The Court did not envision that the Receiver, nominated by Brevet, represented by a law firm that represents Brevet and was recommended to the Receiver by Brevet's counsel, would, at the end of the day, recommend acceptance of a credit bid by a Brevet affiliate.")  The Sale Order was reluctantly approved by this Court on October 26, 2023.  (ECF 411.)

    The Court had not received a status report from the Receiver since April 9, 2024, despite an obligation to submit a report every 60 days.  (ECF 117 ¶ 14.)  Noting this failure, the Court directed the Receiver to file his Final Report.  It has now received an "Iterim Report" from the Receiver.  (ECF 494.)  The Receiver's counsel, full of apologies, asks that the Receivership remain open to complete the license-transfer documentation.

    After the Sale Order, the buyer, LTS Systems LLC ("LTS"), sold and assigned its rights to a third-party, Athena-5 Systems Corp., a subsidiary of Emtech Global International, LLC ("Emtech").  "The Receiver and his regulatory counsel worked with both parties to prepare

and submit the FCC License and NOAA License transfer requests." (ECF 434.) That was the state of play one year ago and remains the case today.

The text of the Sale Order contained a routine provision requiring execution of documents to assist in the consummation of transfers:

> From time to time, as and when requested, all parties to the Sale Transaction shall execute and deliver, or cause to be executed and delivered, all such documents and instruments, and shall take, or cause to be taken, all such further or other actions as the requesting party may reasonably deem necessary or desirable to consummate the Sale Transaction, including such actions as may be necessary to vest, perfect, or confirm or record or otherwise in the Buyer its right, title, and interest in and to the Acquired Assets.

(ECF 411 at ¶ 10.)

The time for LTS's assignee to identify any documents or instruments it reasonably deems necessary or desirable has passed. Unless the Receiver is able to cite to a provision of the Sale Order that conditions the sale of assets upon the actual grant of FCC and NOAA Licenses to LTS's assignee, the Court sees no reason to continue the Receivership beyond July 31, 2025. If the assignee of LTS is unable to meet the regulatory requirements of the FCC or NOAA for reasons unique to the assignee, the Receiver should explain how this becomes the problem of the Receivership Estate and what would be the Receiver's remedies in that event.

Unless otherwise ordered, the Receivership terminates on July 31, 2025.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 5, 2025