# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309

Tel: +1 404 572 4600
Fax: +1 404 572 5100
kslaw.com

Thaddeus D. Wilson (Thad)
Partner
Direct Dial: +1 404 572 4842
thadwilson@kslaw.com

July 17, 2025

**BY ECF**

Hon P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *FCS Advisors, LLC v. Theia Group, Inc. et al*; Case No. 1:21-cv-06995-PKC

Dear Judge Castel:

  We represent Michael Fuqua, the receiver (the "Receiver") for Theia Group, Inc. ("TGI"), Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities") in this case. We write pursuant to Rule 3(A) of Your Honor's Individual Rules respectfully requesting a pre-motion conference regarding a proposed motion to enforce the Sale Order and the APA (each, as defined below) and to compel performance by the Buyer (as defined below) thereunder.

  As your Honor is aware, the Court entered an order (ECF 411, the "Sale Order") approving the sale of the Receivership Entities' assets (the "Sale") to LTS Systems, LLC, together with its designees and/or assignees (the "Buyer"), pursuant to an Asset Purchase Agreement (ECF 365-1, the "APA"), dated August 12, 2023, between the Buyer and the Receivership Entities. The Buyer is a special purpose entity that is an affiliate of the lender to the Receivership Entities, FCS Advisors, LLC ("FCS" or "Lender"), which requested appointment of the Receiver and is an affiliate of Brevet Capital ("Brevet").

July 17, 2025
Page 2

  The Sale Order and the APA require the Buyer to pay the Assumed Liabilities, which include, among other things, the costs and expenses of the Receivership Estate such as the professional fees of the Receiver and his advisors (legal, accounting, and financial) that were necessary for the administration of this case and the Receivership Entities.  Specifically, Section 2.02 of the APA provides that the "Buyer will assume and agree to pay, perform, be responsible for and discharge when due the Assumed Liabilities," certain of which are listed on Schedule 1.01(i) of the APA.  *See* ECF 365-1, at Section 2.02, Schedule 1.01(i).  Similarly, Paragraph 8(b) the Sale Order provides that the Buyer "shall assume the Assumed Liabilities set forth in the [APA]"—including certain costs and expenses of the Receivership Estate—and such costs and expenses "shall be paid in accordance with the terms set forth in the [APA]." *See* ECF 411, at ¶ 8(b).

  Although the Receiver and the Buyer already closed on certain assets pursuant to the APA on May 31, 2024, including certain aircraft owned by the Receivership Entities, the Assumed Liabilities were not paid by the Buyer at that time.

  In order to close on the remainder of the assets being sold under the APA, certain license transfer approvals are needed from the Federal Communications Corporation (the "FCC").  On April 29, 2025, we sent a letter (ECF 493, the "Letter") to the Court seeking an extension of time for the receivership to obtain the FCC license transfer approvals and effectuate the final closing under the APA.  In response to the Letter, the Court entered an order (ECF 496, the "Termination Order") to terminate the receivership on July 31, 2025 (the "Termination Date").

  Accordingly, on July 3, 2025, the Receiver sent a letter (the "Demand Letter") to the Buyer, the Lender, and Brevet, demanding payment of the Assumed Liabilities on or before July 8, 2025 to ensure that the Receiver can comply with the Termination Order by the Termination Date.

  Through the Demand Letter and prior communications with the Buyer, the Receiver has attempted to resolve this matter without Court intervention.  Despite these efforts, the Receiver has not received payment of the Assumed Liabilities or any formal response from Buyer regarding the Demand Letter.  Rather, the Buyer has suggested in phone calls with the Receiver that it may not pay the Assumed Liabilities.

  The APA is clear that the Buyer is obligated to pay the Assumed Liabilities, and to the extent that the Buyer does not have assets to pay the Assumed Liabilities, the Court should hold the Lender and Brevet—the parties that requested the appointment of a Receiver in the first instance–responsible for paying the Assumed Liabilities.

  For the foregoing reasons, the Receiver respectfully requests permission to file a motion to enforce the Sale Order and the APA and compel performance by the Buyer (i.e., payment of the Assumed Liabilities for the costs and expenses of the Receivership Estate). Because of the upcoming Termination Date, the Receiver requests that the Court order an expedited schedule for the motion—motion on July 21; response on July 24; and reply on July 25—or, alternatively, decide the

issue on the parties' pre-motion letters.  If the Court wishes to hold a conference or hearing, we can be available at the Court's convenience.

                                                Sincerely,

                                                /s/ *Thad Wilson*

                                                Thad Wilson

cc: All Counsel of Record (via ECF)