UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                             Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                             Defendants. | 21 Civ. 6995 (PKC) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RECEIVER FOR ENTRY AN ORDER (I) ENFORCING THE SALE ORDER AND ASSET PURCHASE AGREEMENT AND (II) COMPELLING PERFORMANCE BY LTS SYSTEMS, LLC**

Kevin J. O'Brien
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
E-mail: kobrien@kslaw.com

- and -

Thaddeus D. Wilson
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (312) 572-5100
E-mail: thadwilson@kslaw.com

*Counsel for Michael Fuqua, in his capacity as Receiver of*
*Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc*

# TABLE OF CONTENTS

**Page**

BACKGROUND .................................................................................................................. 1

RELIEF REQUESTED ........................................................................................................ 3

BASIS FOR RELIEF REQUESTED.................................................................................... 3

CONCLUSION..................................................................................................................... 4

Michael Fuqua, Court-appointed receiver (the "Receiver") for Theia Group, Inc. ("TGI"), Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), respectfully submits this memorandum of law (the "Memorandum of Law") in support of the *Notice of Motion of Receiver for Entry of an Order (I) Enforcing the Sale Order and Asset Purchase Agreement and (II) Compelling Performance by LTS Systems, LLC* (the "Motion")[1]. In support of the Motion, the Receiver states as follows:

## BACKGROUND

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") appointed the Receiver as a federal receiver for the assets of the Receivership Entities pursuant to the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order").

2. The appointment of the Receiver was made at the request of the lender to the Receivership Entities, FCS Advisors, LLC ("FCS" or "Lender"), which is an affiliate of Brevet Capital ("Brevet").

3. On October 26, 2023, the Court entered an order (the "Sale Order") (Doc. 411), in which the Court approved the sale of the Receivership Entities' assets (the "Sale") to a special purposes entity that is an affiliate of the Lender, LTS Systems, LLC, together with its designees and/or assignees (the "Buyer"), pursuant to that certain Asset Purchase Agreement, dated as of August 12, 2023, by and among Buyer and the Receivership Entities (the "APA") (Doc. 365-1).

4. The Sale Order and APA require the Buyer to pay the Assumed Liabilities, which include, among other things, the costs and expenses of the Receivership Estate. *See* Dkt. No. 411, at ¶ 8(b), & *See* Dkt. No. 365-1, at Section 2.02, Schedule 1.01(i) of the APA. The Assumed

---

[1] Capitalized terms not defined herein will have the meanings ascribed to such terms in the Motion.

Liabilities include the professional fees of the Receiver and his advisors (legal, accounting and financial) that were necessary for the administration of this case and the Receivership Entities, including legal advice and appearances in this case, fees/expenses related to negotiating and executing the APA.

5. The Receiver and the Buyer closed the purchase of certain assets, including certain aircraft owned by the Receivership Entities, pursuant to the APA on May 31, 2024.

6. On April 29, 2025, the Receiver filed his Eighth Interim Status Report (Doc. 494) (the "Status Report"), which outlines the status of the Receivership, including the Receiver's efforts to close the remainder of the assets being sold under the APA, which include certain license transfer approvals needed from the Federal Communications Corporation ("FCC"). On the same day, counsel for the Receiver sent a letter to the Court seeking an extension of time for the receivership in order to effectuate the final closing under the APA.

7. On May 5, 2025, the Court entered an order (the "Termination Order") (Doc. 496) to terminate the receivership on July 31, 2025 (the "Termination Date").

8. Accordingly, on July 3, 2025, the Receiver sent a letter (the "Demand Letter") to the Buyer, the Lender and Brevet, demanding payment of the Assumed Liabilities on or before July 8, 2025 to ensure that the Receiver can comply with the Termination Order by the Termination Date. *See* O'Brien Decl. Exh. A.

9. On July 17, 2025, (i) the Receiver filed a pre-motion letter (Doc. 498) requesting an expedited schedule for the Motion and (ii) the Court entered an order (Doc. 499) approving and adopting the requested expedited schedule.

10. As of the date hereof, the Receiver has not received a formal response from the Buyer, Lender or Brevet, and he has not received payment of the Assumed Liabilities.

**RELIEF REQUESTED**

11. The Receiver respectfully requests that the Court enter an order substantially in the form attached hereto (the "Proposed Order"): (i) enforcing the Sale Order and APA and (ii) compelling performance by the Buyer (i.e., payment of the Assumed Liabilities for the costs and expenses of the Receivership Estate).

**BASIS FOR RELIEF REQUESTED**

12. Section 2.02 of the APA provides that the "Buyer will assume and agree to pay, perform, be responsible for and discharge when due the Assumed Liabilities," certain of which are listed on Schedule 1.01(i) of the APA. *See* Dkt. No. 365-1, at Section 2.02, Schedule 1.01(i) of the APA.

13. Similarly, Paragraph 8(b) the Sale Order provides that the Buyer "shall assume the Assumed Liabilities set forth in the [APA]"—including certain costs and expenses of the Receivership Estate—and such costs and expenses "shall be paid in accordance with the terms set forth in the [APA]." *See* Dkt. No. 411, at ¶ 8(b).

14. The Receiver and the Buyer (and its owner, Brevet—the lender who sought the appointment of a Receiver in the first instance) have already closed on the purchase of certain of the assets pursuant to the APA, and the Buyer did not pay the Assumed Liabilities at that time. Nor has the Buyer paid since, even while the Buyer and the Receiver wait for the FCC to approve the transfer of certain licenses to the Buyer's assignee.

15. Through the Demand Letter and prior communications with the Buyer, the Receiver has attempted to resolve this matter without court involvement. Despite these efforts, as of the date hereof, the Receiver has not received payment of the Assumed Liabilities or any formal response from the Buyer regarding the Demand Letter. The Receiver has had some informal

discussions with the Buyer, but the Buyer has not actually paid the Assumed Liabilities. Thus, the Receiver was forced to file this Motion to ensure that this issue could be resolved before the Termination Date.

16. The APA is clear that the Buyer is obligated to pay the Assumed Liabilities, and to the extent that the Buyer does not have assets to pay the Assumed Liabilities, the Court should hold FCS and Brevet responsible for paying the Assumed Liabilities. After all, they are the parties that requested the appointment of a Receiver in the first instance and should be required to pay the costs and expenses reasonably incurred by the Receiver in the course of administering the Receivership Entities.

## **CONCLUSION**

17. Considering the circumstances and relevant facts detailed above, the Receiver believes there is ample justification to this Motion and enter the Proposed Order.

WHEREFORE, the Receiver, by and through his undersigned counsel, respectfully requests that the Court grant this Motion and enter the Proposed Order attached hereto (i) enforcing the Sale Order and APA and (ii) compelling performance by the Buyer.

*[Remainder of page intentionally left blank.]*

- 5 -

Dated: July 21, 2025
    New York, New York

Respectfully submitted,

KING & SPALDING LLP

By:   */s/ Kevin J. O'Brien*
    Kevin J. O'Brien (SBN 5983713)
    KING & SPALDING LLP
    1185 Avenue of the Americas, 34th Floor
    New York, New York 10036
    Telephone: (212) 556-2100
    Facsimile: (212) 556-2222
    E-mail: kobrien@kslaw.com

-and-

Thaddeus D. Wilson
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (312) 572-5100
Email: thadwilson@kslaw.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The foregoing memorandum of law, excluding the caption, tables of contents and authorities, and signature block, contains 1,080 words and complies with Rule 7.1(c) of the Court's Local Rules.

Dated: July 21, 2025                    */s/ Kevin J. O'Brien*
       New York, New York                    Kevin J. O'Brien