**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>            Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN";<br><br>THEIA AVIATION, LLC; and<br><br>THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>            Defendants. | 21 Civ. 6995 (KPC) |

**PLAINTIFF FCS ADVISORS, LLC'S AND BUYER LTS SYSTEMS, LLC'S
OPPOSITION TO THE RECEIVER'S MOTION FOR ENTRY AN ORDER
(I) ENFORCING THE SALE ORDER AND ASSET PURCHASE AGREEMENT AND
(II) COMPELLING PERFORMANCE BY LTS SYSTEMS, LLC**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT.........................................................................................................................3

    I.      The Receiver Has Not Shown An Entitlement to Any Assumed Liabilities .......... 3

    II.     Neither FCS Nor "Brevet Capital" Is Responsible For Assumed Liabilities ......... 4

    III.    The Court Should Defer the Motion, and Extend the Receivership 90 Days, For the Limited Purpose of Allowing Time for a Practical Resolution of This Motion and Disposition of the Remaining Assets ............................................................... 4

CONCLUSION......................................................................................................................5

## INTRODUCTION

LTS Systems, LLC ("LTS") agreed to pay at a "Closing" certain, specified expenses of the Receivership to the extent they were "reasonable," and subject to certain caps (*e.g.*, the Receiver's primary law firm was capped at $200,000). The Receiver has rashly moved for payment within three business days of all "Assumed Liabilities," but without (i) specifying what amounts are owing for what expenses, (ii) providing any proof the claimed expenses are reasonable, or (iii) making any effort to ensure the amounts sought are within the caps—and (iv) well knowing that the "Closing" on the primary asset, the satellite license, has yet to occur. Worse, the Receiver seeks to hold Plaintiff FCS Advisors, LLC ("FCS") and an affiliate referred to only as "Brevet Capital" responsible, too, even though neither agreed to cover the Assumed Liabilities. The Receiver's motion should be denied because of the clear, facial infirmities—the motion does not bother to substantiate what, if any, expenses qualify as Assumed Liabilities or are presently due—and because there is no basis to bind FCS or "Brevet Capital" to contractual obligations to which they never agreed.

The Receiver expresses a concern for being unpaid given the impending termination of the Receivership, but LTS respectfully submits that there is better course than having the Court, based on a wholly inadequate evidentiary showing, enter the hopelessly indeterminate Order the Receiver proposes, with payment of unquantified and unspecified "Assumed Liabilities" due in three business days. ECF 503 ¶ 2. Instead, LTS respectfully urges the Court to extend the receivership for 90 days to allow the parties breathing room to achieve a practical solution with respect to the receivership expenses, and, further, to potentially bring closure to the satellite license transfer so that the receivership can be terminated in an orderly fashion.

## BACKGROUND

FCS filed this case because it was owed over $200 million for funds loaned to the now-defunct satellite firm operating as "Theia." In November 2021, the Court appointed Michael Fuqua as "Receiver" of the three Theia defendants (the "Receivership Entities"). ECF 105.

FCS has funded the receivership ever since, under the Court's authorization for loans of up to $6.8 million. ECF 209, 329. FCS did not agree to fund anything beyond the loan amount.

In October 2023, the Court entered the "Sale Order," approving an Asset Purchase Agreement ("APA") whereby LTS (an affiliate of FCS) would buy the Receivership Entities' assets for a combination of a "credit bid" of certain of the FCS debt and assuming certain liabilities. ECF 411 (approving ECF 365-1, Ex. 1 (APA)).

The APA provides that "[a]t the Closing, Buyer"—LTS— "will assume and agree to pay, perform, be responsible for and discharge when due the Assumed Liabilities." APA § 2.02. The Assumed Liabilities include "those items set forth on Schedule 1.01(i)," *id*. Art. I(i), which are the eight items below—most relevant here, the six categories of "reasonable" professional expenses, each subject to cap beyond which the liabilities are "not to exceed," *id*. Sch. 1.01(i):

1. Reasonable fees and expenses of Reed Smith LLP not to exceed $750,000.
2. Reasonable fees and expenses of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services not to exceed $100,000.
3. Reasonable fees and expenses of Akin Gump Strauss Hauer & Feld not to exceed $100,000.
4. Reasonable fees and expenses of Frank Bonini, Esquire not to exceed $200,000.
5. Reasonable fees and expenses of Michael Fuqua in his capacity as Receiver with respect to administration of the Receivership Estate not to exceed $200,000.
6. Reasonable fees and expenses of King & Spalding LLP not to exceed $200,000.
7. $40 million of secured debt pursuant to the FCS Loan, *less* the total amount of other Assumed Liabilities.
8. $150,000, as secured by a mechanic's or possessory lien on any of the Aircraft; and any additional amounts accrued prior to Closing.

As the Court will recall, the most valuable asset of the receivership is a satellite license that LTS anticipates transferring, but which is pending review with the FCC.

On May 5, 2025, the Court ordered that "[u]nless otherwise ordered, the Receivership terminates on July 31, 2025." ECF 496, at 2.

On July 3, 2025—nearly two months later—the Receiver issued a demand letter for payment within five days of "Assumed Liabilities" that are neither quantified, described nor justified in the letter itself. ECF 501-1.

On July 21, 2025, the Receiver brought this motion, seeking payment of unspecified Assumed Liabilities in the ten days before the receivership terminates. ECF 500. As with the prior demand letter, the motion does not quantify the Assumed Liabilities, or bother justifying why they qualify under the APA as due. The motion audaciously seeks to hold responsible FCS and "Brevet Capital," too, simply because the Receiver asserts that "they are the parties that requested the appointment of a Receiver." ECF 502 ¶ 16.

Attached to the motion is two-sentence proposed Order that, echoing the hopeless indeterminacy of the motion itself, gives no clarity as to what is supposedly due, ECF 503:

> 1. The Motion is GRANTED.
> 2. The Buyer is hereby ordered to pay the Receiver, within three (3) business days of the date hereof, the Assumed Liabilities for the costs and expenses of the Receivership Estate.

## ARGUMENT

### I. THE RECEIVER HAS NOT SHOWN AN ENTITLEMENT TO ANY ASSUMED LIABILITIES

The plain text of the APA is clear that Assumed Liabilities are due if and only if (i) they are "reasonable," (ii) they are within the specified caps, and (iii) there is a "Closing." APA § 2.02 & Sch. 1.01(i). The Receiver fails to meet his burden of proof as to *any* of these elements.

3

The motion does not attach invoices or explain what work was done, much less set forth why the amounts charged for that work are "reasonable." It does not even quantify what amounts are due, or indicate that it is seeking amounts within the negotiated caps. And, while the Receiver points out that the parties "have already closed on the purchase of certain of the assets pursuant to the APA," ECF 502 ¶ 14, the Receiver is well aware that closing on the FCC license, the most valuable asset, has yet to occur.

**II.     NEITHER FCS NOR "BREVET CAPITAL" IS RESPONSIBLE FOR ASSUMED LIABILITIES**

The Receiver's motion includes a half-hearted, two-sentence argument that FCS and an undefined "Brevet Capital" entity should likewise be on the hook for the Assumed Liabilities because "they are the parties that requested the appointment of a Receiver." ECF 502 ¶ 16. The Receiver cites no authority for the remarkable proposition that a contract can bind nonparties that did not agree to its terms. If the Receiver wanted a guarantee from FCS, "Brevet Capital," or anyone else then the Receiver—represented by a global law firm—should have negotiated for that. It is not appropriate to use litigation to rewrite the terms of the APA.

**III.    THE COURT SHOULD DEFER THE MOTION, AND EXTEND THE RECEIVERSHIP 90 DAYS, FOR THE LIMITED PURPOSE OF ALLOWING TIME FOR A PRACTICAL RESOLUTION OF THIS MOTION AND DISPOSITION OF THE REMAINING ASSETS**

This motion was entirely unnecessary. LTS is willing to work with the Receiver to resolve the issues presented, which the parties have not had sufficient time to discuss. To do so, LTS respectfully urges the Court to extend the receivership for 90 days for two limited purposes: (i) to resolve the Assumed Liabilities and (i) to properly wind up the final step of the receivership, which is to complete the license transfer process. LTS expects that the license issues can be resolved in that time, and that a practical solution as to the receivership expenses can be reached, as well, especially given the parties' history of working together. LTS can represent that, absent a consensual resolution, it is willing to give the Receiver a first-priority

4

lien on any license proceeds, once the amounts of the Assumed Liabilities are fixed. This will ensure no possible prejudice to the Receiver in deferring resolution of this motion.

## CONCLUSION

For the stated reasons, FCS and LTS respectfully request that the Court defer and/or deny the Receiver's motion on the terms described above.

| | |
|---|---|
| Dated:  New York, NY<br>July 24, 2025 | Respectfully Submitted,<br><br>STEPTOE LLP<br><br>*/s/ Charles Michael*<br>Charles Michael<br>1114 Avenue of the Americas<br>New York, NY<br>(212) 506-3900<br>cmichael@steptoe.com<br><br>Jeffrey M. Reisner<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA 90071<br>Telephone: (213) 439-9452<br>E-mail: jreisner@steptoe.com<br><br>*Counsel for Plaintiff FCS Advisors, LLC and Buyer LTS Systems, LLC* |