**P&B PROVENZANO GRANNE & BADER LLP**

1330 Avenue of the Americas, Suite 23A
New York, New York, 10019
+1.212.653.0388 www.pgbfirm.com

**Partners**

S. Christopher Provenzano
Michael A. Granne
Jennifer Bader

S. Christopher Provenzano
chris.provenzano@pgbfirm.com
+1 917 690 8764

*Application Granted.*
*SO ORDERED*
*[signature] P. Kevin Castel, USDJ*
*7-29-25*

Date: July 16, 2025

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
CastelNYSDChambers@nysd.uscourts.gov

**By Email & NYSCEF**

Re: *FCS Advisors, LLC et al. v. Theia Group Inc. et al.*, 21-cv-06995-PKC

Dear Judge Castel:

We represent Stephen Buscher, who appeared in this action in 2022 as an interested party. Mr. Buscher's counsel subsequently withdrew after the denial of his motion seeking a modification of the receivership stay to permit an arbitration against Mr. Buscher's former employer, Theia Group, Inc. *See* Dkt. No. 270 (denial of motion), Dkt. Nos. 289 – 290 (withdrawal).

Earlier this year, several people involved with Theia were indicted for wire fraud and other crimes in the District of Columbia District Court. *See* Dkt No. 25-cr-00069-RCL (D.D.C.). As he detailed at some length in his declaration in this matter, it was Mr. Buscher who informed the board of directors of the serious financial irregularities that underlie both

the criminal case and the failure of Theia. *See* Dkt. No. 253. For reasons known only to the Department of Justice, Mr. Buscher was charged along with those executives despite having been the one to bring the conduct to light.

Mr. Buscher intends to fight these charges in their entirety.

The government's allegations in its indictment are, to put it generously, at serious variance from the actual facts. However ludicrous that case may be, Mr. Buscher still needs access to the evidence demonstrating its falsity. Mr. Buscher has received some *Brady* material from the government, but much relevant material likely remains in the books and records (both electronic and physical) of Theia.

We have noted the Court's order dated May 5, 2025, which will likely terminate the receivership on July 31. *See* Dkt. No. 496. In that order (and a prior order) the Court identified a number of grave concerns about the conduct of the receivership. *See id.*, Dkt. No. 410. Mr. Buscher emphatically shares these concerns, and may in fact be in possession of information further substantiating them. One surprising fact is that, despite working closely with Erlend Olson and other former Theia executives (and, now, criminal defendants), the receiver never once contacted Mr. Buscher—Theia's former CFO and whistleblower—in connection with his management of Theia's finances.

In addition to his criminal defense, once the receivership has terminated Mr. Buscher expects to pursue his claims against Theia, including possible claims against subsequent transferees of Theia's property. There are also other pending civil actions in connection with this matter that will likely proceed once the receivership stay has terminated.

We are concerned that, if the receiver's appointment expires on July 31, he will immediately destroy (or "fail to preserve") the property of Theia that has been in his custody since his appointment. This would have grave repercussions for Mr. Buscher by depriving him of the ability to present a defense, and also frustrate the ability of Mr. Buscher and

others to pursue civil actions against Theia, its officers and directors, and other responsible parties.

We expect a subpoena will shortly issue to the receiver from the District of Columbia District in connection with the criminal matter. We therefore write to request that the Court make an order directing the receiver to preserve all books and records (including emails and other electronic records) until further order of the Court. Further, in light of the concerns the Court has expressed with respect to the conduct of the receivership, we request that the receiver be ordered to preserve all documents and communications related to his receivership (including potentially privileged communications with counsel). [granted]

We note the Court's rules generally require a pre-motion letter. Should this be a matter the Court believes should be brought on by motion, we request that the Court treat this as a pre-motion letter. We further request that, should the Court wish to set a briefing schedule, the Court grant our request on a preliminary basis until the motion is resolved to ensure that crucial evidence is not destroyed.

Respectfully submitted,

S. Christopher Provenzano
PROVENZANO GRANNE & BADER LLP
1330 Avenue of the Americas, 23A
New York, NY 10019
chris.provenzano@pgbfirm.com

Copies:     All counsel by ECF