Charles Michael
212 378 7604
cmichael@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

July 30, 2025

**By ECF**

*[handwritten note: At the September 4, 11 am hearing, the Court will hear any other open matters related to the receivership that have heretofore been raised with the Court. SO ORDERED. [signature] USDJ 8-6-25]*

Hon. P. Kevin Castel
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:    *FSC Advisors, LLC v. Theia Group, Inc., et al.*, 21 Civ. 6995 (S.D.N.Y.)

Dear Judge Castel:

I write on behalf of plaintiff FCS Advisors, LLC ("FCS"), as well as LTS Systems, LLC ("LTS"), the "Buyer" under the Court's "Sale Order" pertaining to the receivership assets, ECF 411, and non-party Brevet Capital Management, LLC ("Brevet"), to respectfully urge the Court to *not* enter the Proposed Order, ECF 512, that the Receiver filed with his Final Report, ECF 511, relating to the termination of the receivership. The problems with the Proposed Order are myriad.

To start, the Proposed Order is entirely unnecessary because the Court has already ordered: "Unless otherwise ordered, the Receivership terminates on July 31, 2025." ECF 496, at 2. Nothing more is required to terminate the receivership. Among other unnecessary provisions, the Receiver proposes to help himself to a broad exculpation of liability, ECF 512 ¶ 6, without any explanation for why there should be an exculpation beyond the protections by common law. And the Receiver proposes to deem unspecified property "abandoned," *id.* ¶ 5, even though all receivership property has been transferred.

A further, more fundamental problem is that the Proposed Order reflects an improper effort for the Receiver to effectively have the Court grant reconsideration of yesterday's Order, relating to the Receiver's motion to be paid the "Assumed Liabilities" referenced in the Sale Order. ECF 509.

In yesterday's Order, the Court stated: "The Buyer"—LTS—"is hereby ordered to pay the Receiver, within three (3) business days of the date hereof, the Assumed Liabilities for the costs and expenses of the Receivership Estate." *Id.* ¶ 2. This has two important limitations.

*First*, the responsible party is LTS only, not FCS or Brevet, which had argued that there was no basis to hold them responsible for Assumed Liabilities to which they never agreed to assume. Only LTS agreed to the Assumed Liabilities, ECF 505, at 4. These are independent entities with their own constituents.

Hon. P. Kevin Castel
July 30, 2025
Page 2

**Steptoe**

*Second*, the liability amount is fixed at the "Assumed Liabilities," which have specified caps under the Sale Order (for present purposes, the aggregate amount is $250,000, as the Receiver acknowledges, *see* ECF 511-2).

Notwithstanding those limitations, the Receiver's new Proposed Order would have the Court hold *each* of LTS, FCS and Brevet jointly for all receivership expenses "***exceed[ing]*** the Assumed Liabilities that the Buyer has been ordered to pay under" yesterday's Order, ECF 512 ¶ 3, which are estimated to a further $356,953 (above the $250,000 in Assumed Liabilities), ECF 511-2 (emphasis added). But LTS negotiated for *specific caps* as to the Receiver's expenses that would count as Assumed Liabilities, not for an open-ended obligation to cover whatever the Receiver spent. *See* ECF 411 (approving APA); ECF 365-1 (APA), at Art. I(i) (defining Assumed Liabilities), Sch. 1.1(i) (expense caps). If the Receiver wanted higher expense caps, it should have bargained for them or sought Court approval ahead of time.

Similarly, if other parties were to be liable, those parties were entitled to notice and an opportunity to be heard rather than an after-the-fact alter ego determination, which is effectively what the Receiver seeks. Additionally, the Receiver (or his counsel) may have forgotten that the net proceeds from the sale of the plane were paid not to LTS, but to the plane's senior secured lender, FCS, and the receivership's investment banker. For the Receiver to take priority now over the first-priority lienholder would have required consent. That did not happen even though the sale was conducted by the receivership.[1]

In short, neither FCS—which has lost hundreds of millions loaning against the underlying assets—nor Brevet is a party to the Asset Purchase Agreement, and neither agreed to bear these expenses *at all*, much less in amounts exceeding the Assumed Liabilities caps. The Court should not effect a drastic change to the parties' liabilities—or effectuate any of the other proposed relief—that the Receiver has improperly tried to achieve by its Proposed Order.

---

[1] LTS, FCS and Brevet do not take call into question that the Receiver incurred expenses and, like the Receiver, would have preferred the receivership to have generated sufficient revenue to pay them. That does not change the fact that the Receiver should not be permitted to foist liabilities onto parties that did not agree to undertake them.

Hon. P. Kevin Castel
July 30, 2025
Page 3

**Steptoe**

Respectfully,

Charles Michael

cc: All Counsel of Record (via ECF)