UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FCS ADVISORS, LLC,

                              Plaintiff,

            —against—

THEIA GROUP, INC., d/b/a "THORIAN
GROUP" and/or "CYPHERIAN"; THEIA
AVIATION, LLC; and THEIA HOLDINGS
A, INC., d/b/a "THORIAN HOLDINGS,"

                              Defendants.

21 Civ. 6995 (PKC)

## DECLARATION OF MICHAEL FUQUA

I, MICHAEL FUQUA, hereby declare as follows:

1.      On November 8, 2021, the Court appointed me as the federal receiver (the

"Receiver") for the assets of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc.

(collectively, the "Receivership Entities") in the above-captioned action pursuant to the *Order*

*Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order").

2.      I submit this declaration in support of the *Memorandum of Law in Support of Order*

*to Show Cause and Motion of Receiver for Contempt and Sanctions Against LTS Systems, LLC*

(the "Motion")[1] filed contemporaneously herewith.

3.      On October 26, 2023, the Court entered an order (Doc. 411) (the "Sale Order"), in

which the Court approved the sale of the Receivership Entities' assets (the "Sale") to FCS

Advisors, LLC's (the "Lender") affiliate assignee, LTS Systems, LLC ("LTS" or the "Buyer"),

pursuant to an Asset Purchase Agreement, dated August 12, 2023 (Doc. 365-1) (the "APA").[2]

---

[1] Capitalized terms not defined herein will have the meanings ascribed to such terms in the Motion.
[2] The Lender assigned certain amounts of its debt to the Buyer, which allowed the Buyer to "credit bid" for the

4.      As part of the Sale, the Buyer purchased a fully operational aircraft owned by the Receivership Entities, which had previously been leased to an unrelated third party, and subsequently sold this aircraft (the "Aircraft Transfer").  The Aircraft Transfer generated $9.5 million in cash proceeds (the "Aircraft Proceeds"), which were paid directly to the Buyer and are currently held by the Buyer, the Lender, or Brevet Capital Management, LLC ("Brevet").  At the time of the Aircraft Transfer, because the Lender was a creditor of the Receivership Entities, I agreed to accept partial payment of the Assumed Liabilities and allowed the Buyer, the Lender, and Brevet to temporarily retain the Aircraft Proceeds with the expectation and promise from the Buyer, the Lender, and Brevet that future funds—from the sale of other assets including, but not limited to, an FCC license—would cover my fees/expenses (including the remaining $250,000 owed for the Assumed Liabilities).  However, the transfer of that license has since been denied and I understand that certain other assets have been sold but the remaining Assumed Liabilities have not been paid.  As such, I believe these Aircraft Proceeds should be considered as property of the Receivership Estate and/or funds received by the Receivership Entities that should be returned to the Receivership Estate in the amount exceeding the Assumed Liabilities that is needed to pay the myself and my professionals.

5.      On July 29, 2025, the Court entered an order (Doc. 509) (the "Assumed Liabilities Order") granting the Motion to Enforce and requiring the Buyer to pay the Assumed Liabilities to me within three (3) business days of entry of the Assumed Liabilities Order (i.e.. August 1, 2025).

6.      In my Final Report of Receiver (Doc. 511) (the "Final Report"), I indicated that I had transferred substantially all of the Receivership Estates' assets to the Buyer, but indicated that

---

Receivership Entities' assets.

the Buyer had not fully paid the Assumed Liabilities and that, even if the full amount of the Assumed Liabilities had been paid, I had insufficient funds to pay myself and my professionals.

7.    The Buyer failed to make the payment for the remaining Assumed Liabilities on August 1, 2025 as required under the Assumed Liabilities Order.

8.    Following the Buyer's failure to pay, I emailed the Buyer and its counsel (as well as the business team at Brevet and the Lender with whom I have interacted with during this Receivership) on August 2, 2025 to confirm the wire instructions and seek payment by noon ET on Monday, August 4, 2025.

9.    Despite this extension, no payment was received.

10.    As of the date hereof, I still have not received payment of the remaining Assumed Liabilities from the Buyer.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August 2025.
Atlanta, Georgia

Michael Fuqua