UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                                      Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                                      Defendants. | 21 Civ. 6995 (PKC) |

## DECLARATION OF MICHAEL FUQUA

I, MICHAEL FUQUA, hereby declare as follows:

1. On November 8, 2021, the Court appointed me as the federal receiver (the "Receiver") for the assets of Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities") in the above-captioned action pursuant to the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) (the "Receivership Order").

2. I submit this declaration in support of the *Reply in Further Support of the Receiver's Contempt Motion* (the "Reply")[1] filed contemporaneously herewith.

3. I entered into the APA with the expectation (and assurances from LTS, FCS, and Brevet) that these Assumed Liabilities for the professional expenses—at a minimum—would be paid in full by LTS, FCS, and/or Brevet.

4. In December 2023, the Aircraft Transfer closed in connection with the APA. LTS is the seller party listed in the agreement for the Aircraft Transfer and, pursuant to the agreement,

---

[1] Capitalized terms not defined herein will have the meanings ascribed to such terms in the Reply.

received the $9.5 million purchase price (i.e., the Aircraft Proceeds) for the sale of the aircraft belonging to the Receivership Entities. A true and correct copy of the agreement is attached hereto as **Exhibit A**.

5. At the time of the Aircraft Transfer, I agreed to accept partial payment of the Assumed Liabilities for the professional expenses in the amount of $1,300,000 and allowed LTS, FCS, and Brevet to retain the Aircraft Proceeds with the expectation and promise from LTS, FCS, and Brevet that future funds—whether from the sale of other assets including, but not limited to, an FCC license or otherwise—would cover the fees and expenses of myself and my professionals (including the remaining $250,000 owed for the Assumed Liabilities for the professional expenses).

6. It has been clear that LTS did not intend to/want to directly own the FCC license. Consequently, I worked diligently with LTS, FCS, and Brevet throughout the remainder of the Receivership to assist them and their proposed buyer with the efforts to obtain the approvals needed to transfer the FCC license I did this at the at the request of LTS, FCS, and Brevet and in hopes that I could provide a pathway that would be beneficial to all creditors. My counsel and I spent significant hours assisting LTS, FCS, Brevet and the third-party buyer to prepare and submit the necessary applications and other paperwork with the FCC. This, of course, resulted in additional fees and expenses in excess of the Assumed Liabilities being incurred by myself and my professionals, which LTS, FCS, and Brevet were fully aware of. I discussed the continuing incurrence of fees and expenses with Brevet, FCS and LTS as the process unfolded, and based on those discussions, I had every expectation that Brevet, FCS and LTS would fund those additional fees and expenses.

7. Throughout the Receivership and, particularly, following entry of the Termination Order, myself, LTS, FCS, and Brevet continuously discussed payment of the remaining $250,000 owed for the Assumed Liabilities for the professional expenses (in addition to the additional fees and expenses of myself and my professionals required to consummate the sale transactions and close the Receivership).

8. On July 16, 2025—several days prior to filing the motion to enforce the provision of the Sale Order requiring LTS to pay the Assumed Liabilities [Dkt. 500-503] (the "Motion to Enforce"), I provided LTS, FCS, and Brevet with the spreadsheet clearly listing the remaining $250,000 owed for the Assumed Liabilities.[2] This is the *same* spreadsheet that was attached to my reply papers for the Motion to Enforce. *See* 507-1; Opposition at 9. Additionally, an updated version of the spreadsheet was attached—again, clearly listing the remaining $250,000 owed for the Assumed Liabilities—to my Final Report. *See* 511-2.

9. Throughout the course of the Receivership, all of my communications with LTS have been with representatives of Brevet and FCS. LTS, FCS, and Brevet even share the same counsel.

10. LTS entered into the APA to purchase the assets of the Receivership Entities and pay the Assumed Liabilities. As previously discussed, LTS was the contracting party to receive the Aircraft Proceeds from the Aircraft Transfer, which were sufficient to pay the Assumed Liabilities. But LTS, FCS, and Brevet retained the Aircraft Proceeds and led myself to believe that the remaining $250,000 of the Assumed Liabilities would be paid at a later date. It is irrelevant that LTS claims that FCS actually received the Aircraft Proceeds since LTS, FCS, and Brevet have been acting as one in the same entity throughout the entirety of this Receivership case.

---

[2] I previously sent similar versions of the spreadsheet that also included the remaining $250,000 owed for the Assumed Liabilities to LTS, FCS, and Brevet on April 15, 2025 and May 29, 2025.

- 4 -

11.     Following the Aircraft Transfer, I transferred all other assets of the Receivership Entities to LTS in accordance with the APA, with the effective date of those transfers occurring on July 29, 2025.

12.     I also became aware of LTS's retention of two additional law firms to file a petition for reconsideration before the FCC on August 25, 2025 with respect to the denial of the waiver of the surety bond requirement for the FCC license. A true and correct copy of the petition is attached hereto as **Exhibit B**.

*[Remainder of page intentionally left blank.]*

- 5 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of August 2025.
Atlanta, Georgia

_____
Michael Fuqua