UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC, <br><br>          Plaintiff, <br><br> —against— <br><br> THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS," <br><br>          Defendants. | 21 Civ. 6995 (PKC) |

**NOTICE OF MOTION FOR APPROVAL OF THIRD APPLICATION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF KING & SPALDING LLP, AS COUNSEL TO RECEIVER**

  **PLEASE TAKE NOTICE** that, upon the *Third Application for Allowance of Compensation and Reimbursement of Expenses of King & Spalding LLP, Counsel to the Receiver* (the "Application"), Michael Fuqua, as receiver for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc., by and through his undersigned counsel, will move the Court, before the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York (the "Court"), at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for an Order, in substantially the form attached to the Application as **Exhibit A**, allowing and approving compensation to King &Spalding LLP in the amount of $516,314.00 for legal services and reimbursement of expenses in the amount of $2,174.79, for a total of $518,488.79 for the period of December 1, 2023 through August 31, 2025.

  **PLEASE TAKE FURTHER NOTICE** that copies of the Application can be obtained (i) for a fee through the Court's website at https://www.nysb.uscourts.gov/ referencing Case No. 21 Civ. 6995 (PKC) or (ii) for free upon request directed to counsel for the Receiver,

King & Spalding LLP, 1180 Peachtree Street NE, Atlanta 30309, Attn: Thaddeus D. Wilson, Esq. (thadwilson@kslaw.com).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 6(d) and Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any opposing affidavits and answering memoranda must be filed within seventeen (17) days of the date of this Notice.

Dated: September 22, 2025
New York, New York

Respectfully submitted,

KING & SPALDING LLP

By:  /s/ Kevin J. O'Brien
Kevin J. O'Brien
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor,
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kobrien@kslaw.com

-and-

Thaddeus D. Wilson
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (312) 572-5100
Email: thadwilson@kslaw.com

*Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FCS ADVISORS, LLC,<br><br>                              Plaintiff,<br><br>—against—<br><br>THEIA GROUP, INC., d/b/a "THORIAN GROUP" and/or "CYPHERIAN"; THEIA AVIATION, LLC; and THEIA HOLDINGS A, INC., d/b/a "THORIAN HOLDINGS,"<br><br>                              Defendants. | 21 Civ. 6995 (PKC) |

**THIRD APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF KING & SPALDING LLP, AS COUNSEL TO RECEIVER**

King & Spalding LLP ("King & Spalding" or the "Firm"), counsel to Michael Fuqua, as receiver (the "Receiver") for Theia Group, Inc., Theia Aviation LLC, and Theia Holdings A, Inc. (collectively, the "Receivership Entities"), respectfully submits this application (this "Application"), pursuant to the *Order Appointing Michael Fuqua as Receiver* (Doc. 117) signed on November 8, 2021 (the "Receivership Order") for an allowance of compensation in the amount of $516,314.00 for legal services and reimbursement of expenses in the amount of $2,174.79, for a total of $518,488.79 in the above-captioned matter (this "Case") for the period of December 1, 2023 through August 31, 2025 (the "Application Period"). In support of the Application, King & Spalding contemporaneously has filed the *Declaration of Thaddeus D. Wilson, Esq., in Support of Third Application for Allowance of Compensation and Reimbursement of Expenses of King & Spalding LLP, as Counsel to Receiver* (the "Wilson Decl."). In further support of the Application, King & Spalding respectfully represents as follows:

**BACKGROUND**

1. On November 8, 2021, the United States District Court for the Southern District of New York (this "Court") appointed the Receiver as a federal receiver for the assets of the Receivership Entities pursuant to the Receivership Order.

2. The Court authorized the Receiver to retain professionals (the "Retained Personnel") to assist him in carrying out the duties and responsibilities in the Receivership Order "on terms the Receiver determines to be reasonable in his discretion." *See* Receivership Order, ¶ 11. Pursuant to the Receivership Order, the Receiver and any Retained Personnel are entitled to (i) reasonable compensation for the performance of duties under the Receivership Order and (ii) the cost of actual and reasonable out-of-pocket expenses incurred by the Receiver and any Retained Personnel for those services authorized by the Receivership Order that were (i) reasonably likely to benefit the receivership estate or (ii) necessary to the administration of the estate. *Id.*

3. Prior to the entry of the Receivership Order, on October 12, 2021, the Receivership Entities filed counterclaims (Doc. 79) in the above-referenced civil action (the "Counterclaims") against FCS Advisors, LLC ("FCS"); Brevet Capital Management, LLC ("BCM"); Mark Callahan; Robert Leeds; Leeds Holdings, LLC; and Strongbow Holdings, LLC (collectively, the "Defendants").

4. On January 26, 2022, the Court entered an Order (the "Order to Show Cause") (Doc. 178) in which the Court concluded that "the counterclaim [against the Defendants] remains pending and the Receiver, who now stands in the shoes of Theia, is responsible for prosecuting or otherwise resolving this claim against Callahan. The Receiver is also responsible for negotiating the terms of the Brevet financing. The Receiver ought to be able to rely on conflict-free lawyers for advice on these subjects."

5.  In response to the Order to Show Cause, the Receiver retained King & Spalding to represent the Receiver with respect to (i) the investigation of claims by and against the Defendants and (ii) the proposed receivership financing from FCS.  The Receiver also filed a notice (Doc. 186) on February 2, 2022 to inform the Court and parties in interest of King & Spalding's retention. *See* Wilson Decl., ¶ 8.  The King & Spalding professionals engaged to represent the Receiver constitute "Retained Personnel" under the terms of the Receivership Order.

6.  On May 26, 2023, King & Spalding filed its first fee application for compensation (Doc. 355).  On October 29, 2023, the Court entered an order allowing payment to King & Spalding in the total amount of $446,285.91 for the applicable period, consisting of (i) $343,631.00 for legal services provided to the Receiver; (ii) reimbursement of expenses in the amount of $2,654.91; and (iii) a security retainer in the amount of $100,000.00 (Doc. 412).  *See* Wilson Decl., ¶ 9.

7.  On October 26, 2023, the Court entered an order (the "Sale Order") (Doc. 411), in which the Court approved the sale of the Receivership's assets to an affiliate of FCS, LTS Systems, LLC ("LTS").  Due to concerns raised by the Court at a hearing related to the sale, the Receiver requested that King & Spalding take over from Reed Smith LLP ("Reed Smith") as his counsel in negotiating the final documentation and closing of the transaction with LTS.  Thus, King & Spalding has been representing the Receiver in connection with the closing of the sale transaction with LTS.  *See* Wilson Decl., ¶¶ 10–11.

8.  On December 18, 2023, King & Spalding filed its second fee application for compensation (Doc. 420).  On January 5, 2024, the Court entered an order allowing payment to King & Spalding in the total amount of $150,348.20 for the applicable period, consisting of (i) $148,600.00 for legal services provided to the Receiver and (ii) reimbursement of expenses in the amount of $1,748.20 (Doc. 426).  *See* Wilson Decl., ¶ 12.

9. The Receiver filed interim status reports in April 2024 (Doc. 434) (the "Seventh Interim Status Report") and April 2025 (Doc. 494) (the "Eighth Interim Status Report"; together with the Seventh Interim Status Report, the "Interim Status Reports") which *inter alia*, outlined the Receiver's efforts to close the sale for the remainder of the assets being sold under the APA and noted that the Receiver was not yet able to convey a license issued to the Receivership Entities (the "FCC License") by the Federal Communications Commission (the "FCC") as its transfer could not occur without obtaining necessary approvals from the FCC. *See* Wilson Decl., ¶ 13.

10. On May 5, 2025, the Court entered an order (the "Termination Order") (Doc. 496) to terminate the receivership on July 31, 2025 (the "Termination Date"). *See* Wilson Decl., ¶ 14.

11. On July 21, 2025, the Receiver filed a motion to enforce the Sale Order and APA and compel payment from LTS of the remaining Assumed Liabilities (Doc. 500) (the "Motion to Enforce"). *See* Wilson Decl., ¶ 15.

12. On July 25, 2025, the Receiver received notice of an order issued by the FCC in which the FCC denied the request for a waiver of milestones and surety bond requirements and affirmed the termination of the FCC License held by the Receivership Entities as of May 16, 2024 (Doc. 508, Exh. C) (the "FCC Order"). The Receiver's actions regarding his request to the FCC to permit transfer of the FCC License is detailed in the FCC Order. As a result of the FCC Order the Receiver was unable to transfer the FCC License to LTS and its designee. *See* Wilson Decl., ¶ 16.

13. On July 29, 2025, the Court entered an order (Doc. 509) (the "Assumed Liabilities Order") granting the Motion to Enforce and requiring LTS to pay the Assumed Liabilities to the Receiver within three (3) business days of entry of the Assumed Liabilities Order (i.e., August 1, 2025). *See* Wilson Decl., ¶ 17.

14. On July 30, 2025, the Receiver filed his *Final Report of Receiver* (Doc. 511) (the "Final Report") which indicated, among other things, that the Receiver had transferred substantially all of the Receivership Estates' assets to LTS (other than the FCC License), but that LTS had not fully paid the Assumed Liabilities and that, even if the remaining Assumed Liabilities had been paid, the Receiver had insufficient funds to pay himself and the Receiver's professionals. *See* Wilson Decl., ¶ 18.

15. On August 8, 2025, the Receiver filed the *Order to Show Cause and Motion of Receiver for Contempt and Sanctions against LTS Systems, LLC* (Doc. 511) (the "Contempt Motion") to force LTS to make the payment for the remaining Assumed Liabilities as required under the Assumption Liabilities Order. On August 27, 2025, the Receiver filed a reply in further support of the Contempt Motion (Doc. 528) (the "Reply"). *See* Wilson Decl., ¶ 19.

16. During the Application Period, King & Spalding assisted the Receiver, as agent of the Court, in connection with the Court's directives that the Receiver (i) "preserve, hold, and manage all receivership assets, and perform all acts necessary to preserve the value of the receivership assets" and (ii) "seek a bona fide purchaser of the Receivership Entities' Federal Communications Commission ('FCC') License Assets." *See* Receivership Order, ¶¶ 7–8; *see also* Wilson Decl., ¶ 20.

## KING & SPALDING'S APPLICATION FOR COMPENSATION

### Compensation Paid and Its Source

17. All services and costs for which King & Spalding seeks compensation were performed for, or on behalf of, the Receiver and the Receivership Entities during the Application Period. *See* Wilson Decl., ¶ 24.

**Fee Statement**

18.    The fee statement for King & Spalding for the Application Period is attached to this Application as **Exhibit B**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Application Period as well as itemization of expenses. *See* Wilson Decl., ¶ 22.

19.    The billing rates for King & Spalding's professional services provided in this Case, as set forth in **Exhibit B**, are based upon the time, nature, extent and value of such services and the cost of comparable services that King & Spalding customarily charges to other clients of the Firm. *See* Wilson Decl., ¶ 23.

**Cumulative Compensation Summary By King & Spalding Professional**

| Professional | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | 2023 Rate | 2024 Rate | 2025 Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|---|
| Thaddeus Wilson | Partner; Member of the Georgia Bar since 2008; Joined the Firm in 2008. | $1,340.00 | $1,475.00 | $1,620.00 | 112.1 | $171,365.50 |
| Kevin O'Brien | Counsel; Member of the Virginia Bar since 2009, the Georgia Bar since 2015 and the New York Bar since 2022; Joined the Firm in 2015. | | $1,435.00 | $1,435.00 | 23.4 | $33,579.00 |
| Matthew Dixon | Senior Associate; Member of the Illinois Bar since 2016; Joined the Firm in 2022. | $1,145.00 | | | 1.1 | $1,259.50 |
| Britney Baker | Senior Associate; Member of the Georgia Bar since 2018; Joined the Firm in 2018. | $1,020.00 | $1,155.00 | | 226.9 | $287,707.00 |
| Eric Nyman | Associate; Member of the California Bar since 2019 and the Florida Bar since 2021; Joined the Firm in 2022. | | $1,135.00 | | 4.0 | $4,540.00 |
| Taeyeong Kim | Associate; Member of the Georgia Bar since 2022; Joined the Firm in 2023. | $670.00 | | | 14.3 | $9,581.00 |
| Christian Adams | Associate; Member of the Georgia Bar since 2023; Joined the Firm in 2024. | | | $805.00 | 6.8 | $5,474.00 |
| Aldo Paredes | Paralegal | | | $720.00 | 3.9 | $2,808.00 |

| Total: | 392.5 | $516,314.00 |
|---|---|---|

|  |  |
|---|---|
| **Grand Total:** | **$516,314.00** |
| **Attorney Compensation:** | **$513,506.00** |
| **Total Attorney Hours:** | **388.6** |
| **Non-Attorney Compensation:** | **$2,808.00** |
| **Total Non-Attorney Hours:** | **3.9** |
| **Blended Rate (All Timekeepers):** | **$1,315.45** |

### Summary of Services Rendered

20.     King & Spalding worked expeditiously and efficiently with the Receiver and his team to provide legal services to the Receiver. *See* Wilson Decl., ¶ 24. As set forth in the invoices attached as **Exhibit B**, the activities performed and services provided by King & Spalding during the Application Period include, without limitation, the following:

   a. **Post-Sale Closing and Asset Transfers**. Following entry of the Sale Order, King & Spalding led the negotiations and documentation necessary to close the sale of the Receivership Entities' assets to LTS under the APA. This included advising on and documenting the transfer and sale of aircraft-related assets. The Firm also worked closely with the Receivership's FCC regulatory counsel, Akin Gump Strauss Hauer & Feld LLP, and coordinated with LTS, its counsel and LTS's prospective assignee (Athena-5) and its counsel, on matters related to the transfer of the FCC License, including but not limited to reviewing, commenting on, and strategizing over transfer applications, waiver requests, and communications with the FCC.

   b. **Receivership Reports**. Throughout the Application Period, King & Spalding prepared and filed the Interim Status Reports, as well as a contemporaneous extension letter that led to the entry of the Termination Order setting a July 31, 2025 termination date. The Firm also prepared and filed the Final Report and proposed order and coordinated with the Receiver on the Preservation Order (as defined in the Final Report) concerning books and records.

   c. **Enforcement of the Sale Order and APA**. To enforce the Sale Order and APA, King & Spalding prepared a demand letter to LTS, FCS, and Brevet for payment of the remaining Assumed Liabilities, including professional fees. The Firm prepared and filed the Motion to Enforce, prepared and filed related reply papers and declarations, and ultimately obtained entry of the Assumed Liabilities Order. When LTS failed to comply with the Assumed Liabilities Order, the Firm prepared and filed a letter motion, the Contempt Motion, and the Reply.

   d. **Post-Sale Strategic Planning Process**. King & Spalding also held numerous discussions regarding post-sale strategic planning for the Receivership Entities and assets with the Receiver, his team at Glass Ratner, his advisors, and LTS's

advisors regarding the asset transfers, alternatives for transferring the FCC License, enforcement of LTS's obligations, and the orderly wind-down and termination of the receivership.

*Id*.

## Actual and Necessary Expenses

21. King & Spalding incurred $2,174.79 in reasonable and necessary expenses during the Application Period. *See* Wilson Decl., ¶ 25. Such expenses were actual and necessary in connection with the services rendered by the Firm on behalf of the Receivership Entities. *Id*. A summary of the actual and necessary expenses incurred by King & Spalding during the Application Period is attached as **Exhibit C**.

22. King & Spalding believes the foregoing rates are at or below the market rates that similar law firms charge clients for such services. *Id*. In addition, King & Spalding believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges. *Id*.

## Charges for Legal Services

23. Attorneys and paraprofessionals of King & Spalding have expended a total of 392.5 hours in connection with this matter during the Application Period, as follows:

| PROFESSIONALS | HOURS | FEES |
|---|---:|---:|
| Thaddeus Wilson | 112.1 | $171,365.50 |
| Kevin O'Brien | 23.4 | $33,579.00 |
| Matthew Dixon | 1.1 | $1,259.50 |
| Britney Baker | 226.9 | $287,707.00 |
| Eric Nyman | 4.0 | $4,540.00 |
| Taeyeong Kim | 14.3 | $9,581.00 |
| Christian Adams | 6.8 | $5,474.00 |
| Aldo Paredes | 3.9 | $2,808.00 |

24. The nature of the work performed by these professionals is set forth in the attached **Exhibit B**. The charges for the services rendered by King & Spalding to the Receiver and the

- 8 -

Receivership Entities during the Application Period are $516,314.00. A monthly breakdown of the compensation sought for and the number of hours worked by each King & Spalding professional in connection with this Case is set forth in **Exhibit D**.

25.  King & Spalding respectfully submits that the amounts requested are reasonable given (a) the complexity of this Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the value of property of the estate enhanced, preserved and protected, and (f) the costs of comparable services (including in cases other than a receivership case). *See* Wilson Decl., ¶ 26.

26.  This Application covers the period from December 1, 2023, through August 31, 2025. Although every effort was made to include all fees and expenses from the Application Period in this Application, some fees and/or expenses from the Application Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant Application subsequent to the Application Period. Accordingly, King & Spalding reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

## REQUESTED RELIEF

27.  By this Application, the Receiver respectfully requests entry of an Order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), allowing and approving compensation to King & Spalding in the amount of $516,314.00 for legal services and reimbursement of expenses in the amount of $2,174.79, for a total of $518,488.79 for the Application Period and (ii) granting such further relief as is appropriate.

## BASIS FOR RELIEF

28.  The professionals retained by a court-appointed receiver should receive reasonable compensation for services rendered and expenses incurred. *SEC v. Byers*, 590 F. Supp. 2d 637,

644 (S.D.N.Y. 2008). When granting fee awards, district courts are given "broad discretion" in determining what is reasonable under the circumstances. *See Baron v. Vullo*, 699 F. App'x 102, 103 (2d Cir. 2017) (Court has broad discretion in setting and approving the fees of receivers and professionals); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *SEC v. Northshore Asset Mgmt.*, 2009 U.S. Dist. LEXIS 89947, *3 (S.D.N.Y. Sept. 29, 2009).

29. In determining what constitutes reasonable compensation for a receiver's professionals, the Court considers all of the factors involved in a particular receivership, such as (1) "the complexity of problems faced," (2) "the benefit to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented." *SEC v. Qin*, 2021 U.S. Dist. LEXIS 195124, *2 (S.D.N.Y. Oct. 4, 2021) (citing *Byers*, 590 F. Supp. at 644); *see also SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) (same). *Accord SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (approving request for compensation where the issues were complex; the efforts of the receiver and his professionals resulted in significant benefits to the receivership estate; the services performed were satisfactory; the receiver submitted detailed, contemporaneous time records reflecting his work and that of other professionals; and the rates were reasonable and consistent with those previously approved by the court.); see also 6 A.L.R. Fed. 817, at §§ 7-12 (discussing factors).

30. In addition to fees, the Receiver's professionals are "entitled to be reimbursed for the actual and necessary expenses" that were "incurred in the performance of [their] duties." *Fed. Trade Comm'n v. Direct Benefits Grp., LLC*, 2013 U.S. Dist. LEXIS 172430, *3 (M.D. Fla. Dec. 6, 2013). King & Spalding supports its claims for reimbursement of expenses with "information for the Court to determine that the expenses are actual and necessary costs of preserving the estate." *SEC v. Kirkland*, 2007 U.S. Dist. LEXIS 9858, *2 (M.D. Fla. Feb. 13, 2007) (citing *In re Se. Banking Corp.*, 314 B.R. 250, 271 (Bankr. S.D. Fla. 2004)).

31. Further, "[t]he general rule regarding payment of receivership expenses is that '[c]osts and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by [the receiver] in the discharge of [the receiver's] duties, constitute a first charge against the property or funds in the receivership.'" *Gaskill v. Gordon*, 1993 U.S. Dist. LEXIS 2888, *6 (N.D. Ill. Mar. 5, 1993) (quoting 66 AM. JUR.2D RECEIVERS § 281). As such, payment of costs and fees to a court-appointed and approved receiver and the receiver's professional team have been given top priority by the courts. *See, e.g., SEC v. Rex Venture Grp. LLC*, 2014 U.S. Dist. LEXIS 45078, *9-10 (W.D.N.C. Mar. 26, 2014).

32. Applying these standards, and as detailed above and in the narrative descriptions in the invoices attached as **Exhibit B**, King & Spalding respectfully submits that payment of the requested fees and expenses is appropriate. King & Spalding respectfully submits that it has provided extensive legal services for the benefit of the Receivership Entities and their estates. *See, e.g.*, **Exhibit B**; Wilson Decl., ¶ 15. Moreover, the issues involved in this Case are highly complex and cover a wide range of subject matters. The invoices submitted contemporaneously with this Application indicate that King & Spalding worked diligently in performing services on behalf of the Receiver and the Receivership Entities. *See* **Exhibit B**. Accordingly, King & Spalding respectfully submits that the amounts requested by this Application are fair and reasonable.

33. The amount of compensation requested is consistent with similar requests approved by courts in this District and the Second Circuit. *See., e.g.*, *SEC v. Qin*, 2021 U.S. Dist. LEXIS 195124, *1-2 (awarding receiver's counsel $671,973.70 in compensation for a thirty (30) day period); *Byers*, 590 F. Supp. 2d at 644-45 (awarding and deeming as reasonable, for a twenty (20) day period, $1,718,144.40 in compensation and expenses in the amount of $85,840.10); *Mishcon De Reya N.Y. LLP v. Grail Semiconductor, Inc.*, 2014 U.S. Dist. LEXIS 22168, *5-6 (S.D.N.Y. Feb. 20, 2014) (awarding receiver's counsel $224,135.75 in fees and $2,318.20 in expenses).

- 12 -

**WHEREFORE**, King & Spalding respectfully requests that the Court enter the Proposed Order, in substantially the form attached as **Exhibit A**, (i) allowing and approving compensation to King & Spalding in the amount of $516,314.00 for legal services and reimbursement of expenses in the amount of $2,174.79, for a total of $518,488.79 for the Application Period and (ii) granting such further relief to King & Spalding as is appropriate.

[*Remainder of page intentionally left blank.*]

Dated: September 22, 2023
      New York, New York

                                  Respectfully submitted,

                                  KING & SPALDING LLP

By:   */s/ Kevin J. O. Brien*
       Kevin J. O'Brien
       KING & SPALDING LLP
       1185 Avenue of the Americas, 34th Floor,
       New York, New York 10036
       Telephone: (212) 556-2100
       Facsimile: (212) 556-2222
       Email: kobrien@kslaw.com

       -and-

       Thaddeus D. Wilson
       KING & SPALDING LLP
       1180 Peachtree Street NE
       Atlanta, Georgia 30309
       Telephone: (404) 572-4600
       Facsimile: (312) 572-5100
       Email: thadwilson@kslaw.com

       *Counsel for Michael Fuqua, in his capacity as Receiver of Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.*